**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| COMVERSE, INC., | ) Case No. 07 CV 11121 |
| Petitioner, | ) ECF CASE |
| -v- | ) **DECLARATION OF DEBORAH A. SKAKEL IN SUPPORT OF PETITIONER'S APPLICATION FOR ORDER FOR ALTERNATIVE METHOD OF SERVICE OF PROCESS PURSUANT TO RULE 4(h)(2) OF THE FEDERAL RULES OF CIVIL PROCEDURE** |
| AMERICAN TELECOMMUNICATION, INC. CHILE S.A., AMERICAN TELECOMMUNICATION INC. BOLIVIA S.A., AMERICAN TELECOMMUNICATION DO BRASIL LTDA., AMERICAN TELECOMMUNICATION INC. ECUADOR ATIECUADOR S.A., and AMERICAN TELECOMMUNICATION PERU S.A., | ) |
| Respondents. | ) |

Deborah A. Skakel states as follows:

1.      I am a member of Dickstein Shapiro LLP, attorneys for Petitioner Comverse, Inc. ("Comverse"), and respectfully submit this Declaration in support of Comverse's motion for an order providing for an alternative method of service of process on Respondents American Telecommunication, Inc. Chile S.A., American Telecommunication Inc. Bolivia S.A., American Telecommunication do Brasil Ltda., American Telecommunication Inc. Ecuador ATIECUADOR S.A., and American Telecommunication Peru S.A. (collectively, "ATI").

2.      On or around July 22, 2004, Comverse and American Telecommunication, Inc. Chile S.A. ("ATI Chile") entered into a Value Added Reseller Agreement (the "VAR Agreement") whereby Comverse approved ATI Chile as the exclusive reseller of Comverse's telecommunications Systems (as defined in the Agreement) in certain countries and as a non-exclusive reseller in certain other countries, granting ATI Chile the rights to market and

distribute Comverse's Systems in these countries.  A copy of the VAR Agreement is attached hereto as Exhibit A.

3.    The VAR Agreement, on its face, was entered into between Comverse, Inc., on behalf of itself and its named subsidiaries, and ATI Chile.  However, during the course of the arbitration hearings, because claims against Comverse were being asserted by both ATI Chile and ATI Chile's sister companies, the issue of the involvement of ATI Chile's sister companies was clarified by ATI's counsel in a letter to the Arbitral Tribunal dated March 22, 2007.  The letter clarified that "American Telecommunication Inc. Bolivia S.A., American Telecommunication do Brasil Ltda., American Telecommunication Inc. Ecuador ATIECUADOR S.A. and American Telecommunication Peru S.A.," all agreed: (1) "to be bound by the arbitration agreement set forth in Section 23.8 of the Value Added Reseller Agreement between Comverse, Inc. and its subsidiaries, on the one hand, and American Telecommunication, Inc. Chile S.A., on the other, executed on or about July 22, 2004"; and (2) to be "subject to the jurisdiction of the Tribunal appointed in the above-referenced arbitration." A copy of the March 22, 2007 letter from ATI's counsel is attached hereto as Exhibit B.

4.    An arbitration hearing was held at the offices of Dorsey and Whitney LLP, ATI's New York counsel, from March 19-29, 2007.  The various ATI entities were represented during the entire arbitration proceeding by its New York counsel, Dorsey and Whitney LLP, as well as Chilean counsel, Montt y Cia S.A.  ATI's New York and Chilean counsel submitted post-hearing briefs on behalf of ATI.  The ICDR, immediately before issuance of an award, confirmed the "short list of all Counsel representing each party."  Thus, ATI's New York and Chilean counsel continued to represent ATI through the time that the Arbitral Panel rendered an award.

5.    On November 29, 2007, the Arbitral Tribunal rendered an final award (the "Award").  The Award was a sixty-five page document that fully analyzes the claims of the

parties and was decided on the basis of ATI's agreement that it was subject to the jurisdiction of the Arbitral Tribunal.  The Award is a "Final Award" pursuant to ICDR Procedures as well as for the purposes of Article 1 of the New York Convention of 1958, on the Recognition and Enforcement of Arbitral Awards.  Pursuant to the terms of the Award, ATI owes Comverse approximately $17 million.  To date, ATI has not paid any money to Comverse; nor has it indicated that it intends to do so.

6.      In order to enforce the Award and collect the money from ATI, Comverse has to confirm the Award and obtain a judgment from this Court.  On December 7, 2007, Comverse filed its petition to confirm the Award (the "Petition").  A copy of the Petition (without exhibits) is attached hereto as Exhibit C.

7.      On December 11, 2007, counsel for Comverse sent an e-mail to Neil McDonell of Dorsey and Whitney LLP, ATI's New York counsel, to ask whether he would accept service of the Petition on behalf of the ATI entities.  Mr. McDonell responded that he "was not authorized to accept service on behalf of any of the ATI entities."  A copy of Mr. McDonell's e-mail is attached to the Skakel Decl. as Exhibit D.

8.      While simultaneously not accepting service, Mr. McDonell asserted ATI's position that the Petition, or portions thereof, should have been filed under seal. While it is Comverse's position that the Petition (or portions thereof) does not meet the criteria for filing under seal, Comverse has had the Award (Exhibit E to the Petition) temporarily filed under seal pending the resolution of this issue.  Comverse has informed ATI of its position and asked that, to the extent ATI believes that the Petition (or portions thereof) should be filed under seal, that ATI promptly make an application to this Court seeking to show "countervailing considerations" that overcome the presumption that judicial documents should be publicly available.

DOCSNY-282911v01

9.     Counsel for Comverse asked Mr. McDonell for clarification, in light of his apparent refusal to accept service for his clients – all of whom have consented to the jurisdiction of this Court for purposes of the Award – whether he still represented the ATI entities.  Mr. McDonell responded:

> "I simply stated that I am not authorized to accept service of the petition on behalf of any of the ATI respondents.  One has to have authority to act, in order to refuse to act."

Ex. D.

10.     Despite attempting to avoid accepting service on behalf on his clients, Mr. McDonell continues to assert ATI's position with regard to filing under seal.  A copy of Mr. McDonell's e-mail asserting such position is attached hereto as Exhibit E.  Thus, Mr. McDonell has not accepted service on behalf of ATI, notwithstanding his continued representation of the ATI entities and assertion of positions with regard to the sealing of the Petition (or portions thereof).

11.     In a related action in this Court, Comverse v. American Telecommunication, Inc. Chile S.A., 06 Civ. 6825 (PKL), Comverse made two applications for injunctive relief in aid of arbitration prior to the constitution of the Arbitral Panel.  As part of the initial injunction application, Comverse requested that the Court order service upon ATI Chile (the other ATI entities were not involved in the prior applications, as they had not yet consented to jurisdiction), "by means of: (1) service upon ATI [Chile]'s attorneys in Chile via international courier; (2) personal service upon ATI [Chile]'s attorneys in New York; and (3) service upon ATI [Chile] by international courier, facsimile and e-mail…"   The Court granted Comverse's request and ordered that service by such methods be deemed good and sufficient service.  A copy of the Order is attached hereto as Exhibit F.  Such prior service by virtually the same alternative

methods of service sought herein was sufficient to provide notice to ATI Chile as counsel for ATI appeared on behalf of and defended ATI Chile in both of the prior injunction applications.

12.    After receiving the e-mail from ATI's counsel stating that they would not accept service on behalf of ATI, my colleague sent an e-mail to Mr. McDonell stating that: "[w]e will inform the Court in our application for alternative method of service that you have refused to accept service on behalf of the ATI entities, despite your continuing representation of such entities." See Ex. D.

13.    Today at approximately 3:25p.m., I emailed Mr. McDonell to inform him that we were going to Court this afternoon to make this application.

14.    No previous application for the relief requested herein has been made in this action.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: New York, New York
        December 12, 2007


                                    s/Deborah A. Skakel
                                    Deborah A. Skakel

DOCSNY-282911v01

**EXHIBIT A**

COMVERSE , INC.
AND
AMERICAN TELECOMMUNICATION, INC. CHILE S.A.

VALUE ADDED RESELLER AGREEMENT



# Table of Contents

PARTIES AND UNDERSTANDING.............................................................................1

A. INTRODUCTION

   1.    DEFINITIONS ......................................................................1

   2.    TERM ....................................................................................2

   3.    SCOPE OF AGREEMENT .....................................................2

B. GENERAL OBLIGATIONS OF THE PARTIES

   4.    LICENSES...............................................................................3

   5.    TITLE ....................................................................................5

   6.    COMVERSE'S WARRANTIES...............................................5

   7.    ATI'S WARRANTIES ............................................................6

   8.    INDEMNIFICATION .............................................................6

   9.    LIMITATION OF LIABILITY ................................................7

  10.    DEFAULT AND OPPORTUNITY TO CURE .........................7

  11.    TERMINATION .....................................................................8

C. SALES

  12.    ORDERS................................................................................9

  13.    ACCEPTANCE OF AND SHIPMENT OF ORDERS .............9

  14.    CUSTOMER'S CANCELLATION OF A PURCHASE ORDER ...................................10

  15.    DELIVERY ...........................................................................10

  16.    ACCEPTANCE OF SYSTEMS .............................................10

  17.    PRICE AND PAYMENT TERMS.........................................10

D. SPECIFIC OBLIGATIONS OF THE PARTIES

  18.    TRAINING AND OTHER COMVERSE OBLIGATIONS........................................13

  19.    OTHER ATI OBLIGATIONS .............................................13

  20.    SERVICE LEVEL AGREEMENT/SUPPORT SERVICES........................................13



**E. PRODUCT MODIFICATIONS**

20.    CATEGORIES, COSTS AND OWNERSHIP RIGHTS ..................................................11

**F. LAWS AND REGULATIONS**

21.    COUNTRY/INTERNATIONAL ..................................................................................11

**G. MISCELLANEOUS**

22.    GENERAL PROVISIONS .............................................................................................13

## SCHEDULES

| Schedule | Title |
|---|---|
| A | Description of the Licensed Software, Equipment and Documentation |
| B | Designated Territories |
| C | End-User Software Sub-License Agreement |
| D | Technical Activity Matrix and Description |
| E | Comverse's Trademarks |
| F | Service Level Agreement/Support Services |
| G | Non-Disclosure Agreement for Distributor's Personnel and Agents |
| H | Installation Hardware Functionality Test Plan |



## PARTIES AND UNDERSTANDING

This Value Added Reseller Agreement (the "Agreement") is made by and between Comverse, Inc., on behalf of itself and its subsidiaries, with its corporate offices at 100 Quannapowitt Parkway, Wakefield, MA 01880, USA, (hereinafter referred to as "Comverse"), and American Telecommunication, Inc. Chile S.A., with its primary place of business at La Concepción 177, Providencia, Santiago de Chile (hereinafter referred to as "ATI").

**WHEREAS**, ATI desires to become a Value Added Reseller of Comverse and thereby obtain certain purchasing/licensing and distribution rights to certain of Comverse's enhanced voice messaging and information processing systems; and

**WHEREAS**, Comverse wishes to grant such rights to ATI upon the terms and conditions set forth herein.

**NOW, THEREFORE**, in consideration of the mutual covenants contained herein and other good and valuable consideration, the receipt and adequacy of which are hereby acknowledged, the parties agree as follows:

## A.    INTRODUCTION

**1.    DEFINITIONS**

1.1    For the purpose of this Agreement, the terms below shall have the following definitions as indicated:

1.1.1    "Effective Date" -- the earliest date that a duly authorized officer of both parties sign this Agreement.

1.1.2    "Equipment" -- certain enhanced voice messaging and information processing equipment of Comverse as more fully described in Schedule A attached hereto.

1.1.3    "Software" -- means the executable (object code) version of Comverse's proprietary computer software as further described in Schedule A attached hereto.

1.1.4    "System(s)" -- means collectively the Equipment and Software as those terms are defined above.

1.1.5    "Documentation" -- all existing written user manuals, reference manuals, training manuals, release notes and/or other relevant materials as may be further described in Schedule A attached hereto and that are produced by Comverse to assist ATI in instructing the end-user customers on how to use the System, and all such new manuals, release notes and other materials developed during the term of this Agreement by Comverse and/or provided hereunder.

1.1.6    "Collateral Material" -- means all marketing documents used to describe the System(s).

1.1.7    "Designated Territories" -- unless otherwise specified herein, only those geographic locations as more fully described in Schedule B attached hereto.

1.1.8    "Services" -- means the activities for which ATI has primary or support responsibility as described in Schedule D attached hereto.

Release 1.5

1.1.9    "Non-Disclosure Agreement" -- means the Non-Disclosure Confidentiality Agreement dated October 16, 2003 between the parties and attached hereto as Schedule G.

## 2.    TERM

2.1    The initial term of this Agreement shall commence on the Effective Date and unless otherwise terminated as provided herein, shall continue in full force and effect for two (2) years.

2.2    Upon and after the end of the initial term of this Agreement, this Agreement shall continue in full force and effect, for successive one year terms provided that (a) either party may terminate this Agreement for convenience upon ninety (90) days prior written notice to the other party or (b) this Agreement is not otherwise terminated as provided herein.

## 3.    SCOPE OF AGREEMENT

3.1    Comverse hereby appoints ATI and ATI hereby accepts such appointment, to be a reseller of the Systems, subject to the provisions set forth below. With respect to the accounts located within Chile, Bolivia, Ecuador, and Peru, and for TIM Brazil in Brazil and Telefonica Celular del Paraguay S.A. in Paraguay, ATI shall be Comverse's exclusive reseller. With respect to the accounts located within Colombia, Uruguay, and Mexico, and for all other accounts located within Brazil and Paraguay, ATI shall be Comverse's non-exclusive reseller. Accounts located within other countries will be handled on a case-by-case basis. In making such appointment, Comverse hereby grants to ATI the rights to market and distribute the Systems in the Designated Territories only, by providing the Services. Comverse agrees to sell and license to ATI, and ATI may purchase and license from Comverse, the System(s) for the purposes of reselling and sublicensing the System(s).

3.1.1    ATI and Comverse shall work together to develop a business plan and market analysis (including sales forecasts) for each account.

3.1.2    ATI and Comverse shall update each business plan and market analysis described above on a yearly basis and one quarter prior to the termination of the current term. Such plan shall include a support implementation plan with respect to each account (including manpower, procedures and processes). Comverse shall have the right not to pursue any prospective accounts. ATI agrees that the business plan forms the basis for evaluating the success of the business plan developed and agreed upon by the parties.

3.1.3    Comverse shall have the right to distribute Systems in the Designated Territories directly or indirectly to multi-national accounts with facilities in the Designated Territories and to any potential customer who states its refusal to deal directly with ATI. In the event of such distribution by Comverse, compensation for ATI shall be decided on a case by case basis.

3.1.4    ATI agrees that it shall not, directly or indirectly, market, sell, license, lease, distribute and/or otherwise transfer any products similar to, or competitive with, the Systems within the Designated Territories or outside of the Designated Territories during the term of this Agreement and for a period of one year following any termination of this Agreement. The products listed in the attached Schedule I shall be excluded from this non-competition prohibition. The parties agree that this list may change from time to time with any such changes to be put in writing and mutually agreed upon by the parties.

2
Release 1.5

3.2    In performing its obligations hereunder, ATI shall employ its own personnel and shall be responsible for them and their acts. Comverse shall in no way be liable for ATI, its employees or its agents for any losses, injuries, or damages caused by or attributed to the acts and/or omissions of ATI, its employees, or its agents.

## B.    GENERAL OBLIGATIONS OF THE PARTIES

### 4.    LICENSES

4.1    <u>Software and Documentation</u> – Subject to the provisions of Section 3.1 above, Comverse hereby grants ATI a non-exclusive, license to distribute and sublicense the Software and the Documentation in the Designated Territories only, for use only on the Equipment on which or with which it was shipped. ATI is granted no rights (a) to the source code version of Software or (b) to translations or derivative works of the Software or the Documentation.

    4.1.1    ATI shall hold the Software and Documentation in confidence and agrees not to modify or copy, in whole or in part, the Software and/or Documentation except as described in Section 4.1.4 below. ATI further agrees to take all steps necessary to insure that the Software and Documentation, in whole or in part, are not disclosed to or duplicated for, any unauthorized third parties, including but not limited to those steps ATI would take to protect information, data or other property of its own that it regards as proprietary or confidential.

    Except as may be otherwise explicitly authorized in writing by Comverse, ATI agrees it shall not inspect, decompile, disassemble or reverse engineer the Software, or tamper with, bypass or alter the security features of same.

    4.1.2    ATI may sublicense the Software in object code form only and the Documentation in the Designated Territories only, without any right of further distribution or sublicensing.

    4.1.3    Sublicenses to Software shall be granted by ATI to each end-user customer only pursuant to written sublicense agreements with provisions that substantially conform to the end-user software sublicense set forth in Schedule C attached hereto. All copies of the Software licensed by ATI shall have reproduced on them all copyright and other proprietary notices specified by Comverse. ATI agrees to enforce all such sublicense agreements.

    4.1.4    Comverse grants ATI the right to produce copies of translated Documentation and Collateral Material only to the extent required to market to and support the accounts.

4.2    <u>Trademarks</u> -- Subject to the provisions of Section 3.1 above, Comverse hereby grants ATI a non-exclusive, non-transferable license to use, in the distribution of the Systems, certain designated trademarks of Comverse as set forth in Schedule E attached hereto.

    4.2.1    Except as may be otherwise explicitly authorized in writing by Comverse, ATI shall not remove or alter, nor permit the removal or alteration of, any designated Comverse trademarks, tags, labels or other identifying markings placed by Comverse on any Systems products, packages or containers provided hereunder without the prior written consent of Comverse. In no event shall ATI have the right to market, sell, lease, license or otherwise distribute, directly or indirectly, the Systems under the name of any third party.

2

Release 1.5

FISCALIA

AMERICAN TELECOMMUNICATION INC.

4.2.2    Comverse may, at any time, unilaterally add to or delete from the list of trademarks set forth in Schedule E.

## 5.     TITLE

5.1    Title to and all risks of loss or of damage to the Equipment shall be transferred from Comverse to ATI upon shipment of the Equipment to ATI.

5.2    Title to all Software and Documentation furnished to ATI hereunder, and all intellectual property rights therein, including without limitation all rights in any patents and copyrights, shall remain vested in Comverse and its licensors at all times. ATI agrees that the Software, Documentation and any related materials provided hereunder are entitled to protection under the patent and copyright laws of the United States and the Designated Territories, and ATI shall not remove any patent, copyright or other proprietary notices of Comverse or its licensors from same.

## 6.     COMVERSE'S WARRANTIES

6.1    Comverse hereby represents and warrants that it has full right, interest and authority to enter into and perform its obligations under this Agreement.

6.2    Comverse warrants that the Equipment delivered hereunder will be free from material defects in workmanship and materials for a period of one (1) year starting forty-five (45) days after the date of initial shipment of the Equipment to ATI (the "Warranty Period"). If any item of Equipment shall require repair or replacement by Comverse in accordance with such warranty, Comverse will effect replacement or repair as soon as possible but not later than thirty (30) days. Comverse also warrants that the repaired or replacement item will be free from material defects in workmanship and materials for the balance of the Warranty Period of the replaced item, or for ninety (90) days, whichever is longer. Comverse warrants all spare parts will be free from material defects in workmanship and materials for a period of ninety (90) days from the date of installation. Any changes to the Warranty Period ATI may negotiate with end-user customers must be approved in advance by Comverse.

6.3    Comverse warrants that during the Warranty Period, all Software licensed hereunder will substantially conform to Comverse's applicable then current published specifications when delivered. ATI must notify Comverse in writing of any defect in the Software, and if the Software is found to be substantially defective, Comverse's sole obligation under this warranty is to correct such defect in a reasonable manner determined by Comverse. Comverse does not warrant that the Software will meet all requirements of ATI or its end-user customers, or that the operation of the Software will be completely error free, or that all Software defects will be corrected. Comverse will correct any and all service affecting Software deficiencies or provide an adequate work-around(s) for same.

6.4    The foregoing warranties above are contingent upon proper use and maintenance of the System by ATI and/or its end-user customers, and are Comverse's sole responsibility hereunder. In addition, however, the foregoing warranties shall not apply to defects or failures in the System due, without limitation, to the following: (i) accident, neglect or misuse; (ii) failure or defect of electrical power, electrical static discharges, external electrical circuitry, air-conditioning or humidity control; (iii) the use of items not provided by Comverse; (iv) unusual stress; or (v) any party other than Comverse or a customer representative trained and certified by Comverse or ATI modifying, adjusting, repairing, servicing or installing the System.

6.5    If Comverse is unable, after reasonable efforts, to repair or replace the Equipment or to correct the Software, ATI's sole remedy shall be the refund of the purchase price paid by it.

Release 1.5

6.6    Upon the expiration of the Warranty Period for each System, Comverse will provide the support services described in the attached Schedule F so long as the end-user customers have signed the Comverse form of support agreement with ATI.

6.7    SUBJECT TO THE FOREGOING WARRANTIES, COMVERSE MAKES NO OTHER WARRANTIES HEREUNDER, WHETHER EXPRESS, IMPLIED, WRITTEN OR ORAL, INCLUDING, BUT NOT LIMITED TO, THE IMPLIED WARRANTIES OF MERCHANTABILITY AND FITNESS FOR A PARTICULAR PURPOSE.

## 7.    ATI'S WARRANTIES

7.1    ATI represents and warrants that it has the full power and authority to enter this Agreement, has obtained all applicable government approvals to enter and to perform this Agreement, will keep such approvals in force, and shall obtain such additional government approvals as may from time to time be required.

7.2    ATI warrants that all ATI personnel and agents who provide services on behalf of ATI hereunder will be fully qualified to provide such services under the laws of the country where such services are provided and trained and approved by Comverse.

7.3    ATI warrants that it shall at all times promote the Systems and Comverse's goodwill and reputation, at its own expense, and shall conduct its business in a highly ethical manner and in accordance with its obligations under this Agreement.

7.4    ATI warrants that, at the request of Comverse, ATI's personnel and agents shall sign non-disclosure agreements with Comverse in the form attached hereto as Exhibit G.

## 8.0    INDEMNIFICATION

8.1    Comverse agrees to defend, indemnify and hold ATI harmless from and against any and all loss, damage, liability or expense (including reasonable attorneys' fees) assessed against ATI or incurred by ATI, arising out of any claim, suit or proceeding brought against ATI asserting or alleging that the System in the form furnished hereunder constitutes an infringement of any United States patent, trademark or copyright, provided ATI notifies Comverse promptly in writing of any such claim, suit or proceeding and gives full and complete authority, information, and assistance to Comverse in the defense of such claim, suit or proceeding, and provided further that Comverse shall have sole control of the defense of any such claim, suit or proceeding and of all negotiations for its settlement or compromise.

8.2    If the System is held to be infringing and its use is enjoined, Comverse shall be discharged from its prospective liabilities if, at its own expense and election, it does one of the following: (1) procure for ATI the right to continue using the System; (2) modify the System so it becomes non-infringing; or (3) remove the System and refund the purchase price paid by ATI for such infringing System(s) the use of which is prevented using an amortization schedule of three (3) years.  Comverse shall not have any liability to ATI under this Agreement if any allegation of infringement is based upon the interconnection and/or modification and/or use of the System in combination with other devices not furnished by Comverse where the System would not by itself be infringing, or upon any use of the System for which the System was not designed, or if the infringement arises out of compliance with ATI's specifications or designs or out of modifications made to the System unless such modifications are made by Comverse.

8.3    The foregoing states Comverse's entire liability with respect to infringement of patents, trademarks or copyrights by the System hereunder.

8.4    ATI agrees to defend, indemnify and hold Comverse harmless from and against any and all loss, damage, liability or expenses (including reasonable attorneys' fees) assessed against Comverse or incurred by Comverse, arising out of any claim, suit or proceeding brought against Comverse relating to or arising from (a) ATI's breach of warranties as set forth in Section 7. above and (b) any personal injury (including without limitation death) or property damage caused by or attributed to the acts and/or omissions of ATI, its employees or its agents.

Release 1.5

9.    LIMITATION OF LIABILITY

9.1    IN NO EVENT SHALL COMVERSE BE LIABLE HEREUNDER FOR ANY INDIRECT, SPECIAL, INCIDENTAL, PUNITIVE OR CONSEQUENTIAL DAMAGES WHETHER BASED ON CONTRACT, TORT OR ANY OTHER LEGAL THEORY, EVEN IF COMVERSE HAS BEEN ADVISED OF THE POSSIBILITY OF SUCH DAMAGES.

9.2    IN NO EVENT SHALL COMVERSE'S LIABILITY HEREUNDER EXCEED THE AMOUNT RECEIVED FROM ATI BY COMVERSE FOR THE PURCHASE ORDER TO WHICH THE LIABILITY PERTAINS.

10.    DEFAULT AND OPPORTUNITY TO CURE

10.1    Subject to the provisions of Section 11.1 below, neither party shall be deemed to be in default under the terms of this Agreement unless the party alleging the default sends a written notice setting forth the nature of the alleged default, and the defaulting party shall fail to substantially cure such default within thirty (30) days following the receipt of such notice.

11.    TERMINATION

11.1    For Cause – This Agreement may be terminated by either party upon the failure of the other party to cure any material default following the notice and opportunity to cure set forth in Section 10. above, provided, however, that:

11.1.1    Only twenty (20) days prior written notice by Comverse shall be required and this Agreement shall terminate after said twenty (20) day period if ATI fails to make any payments due hereunder and ATI fails to cure said violation to Comverse's satisfaction within said twenty (20) day period; and

11.1.2    Either Comverse or ATI will have the right to terminate this Agreement immediately without notice to the other party if the other party intentionally or negligently violates any of its obligations under the Non-Disclosure Agreement or Sections 4. or 7 above or in the event that any of ATI's personnel or agents violate any of their obligations set forth in their non-disclosure agreements with Comverse; and

11.1.3    Sixty (60) days prior written notice shall be required and this Agreement shall terminate after said sixty (60) day period if any of the following remain uncured: (i) if the other party becomes insolvent or unable to pay its debts in the ordinary course of its business; (ii) if a voluntary or involuntary petition under applicable bankruptcy laws is filed by or against the other party; (iii) if a receiver is appointed for the business affairs of the other party or the other party makes an assignment for the benefit of creditors; (iv) if the other party liquidates or ceases doing business as a going concern; or (v) if there is a change in the control or majority ownership of ATI not otherwise expressly assented to by Comverse.

11.1.4    Comverse shall have the right to terminate this Agreement immediately in the event that ATI is acquired by a competitor of Comverse.

11.2    For Convenience -- This Agreement may be terminated by either party with the appropriate prior written notice pursuant to the provisions of Section 2.2 herein.

7

Release 1.5

11.3 <u>Remedies</u> – In the event this Agreement is not renewed by ATI or Comverse pursuant to Section 11.2 above or is terminated by Comverse pursuant to Section 11.1 above, then the following shall occur:

11.3.1 Comverse shall fill any pending purchase orders from ATI;

11.3.2 the licenses provided to ATI hereunder shall terminate on the effective date of termination;

11.3.3 all sublicenses granted to the Registered Accounts prior to the effective date of termination shall continue in full force and effect;

11.3.4 any purchase orders received by ATI prior to the effective date of termination must be delivered to Comverse. No commissions will be payable to ATI after termination;

11.3.5 ATI shall notify promptly its accounts in writing that it is no longer an authorized Comverse ATI;

11.3.6 Final plans to transition the accounts to another source of distribution and support shall be determined by Comverse after consultation with ATI; and

11.3.7 Comverse shall have no liability to ATI for damages of any kind, including incidental or consequential damages, on account of such termination or expiration of this Agreement. Without limiting the generality of the foregoing, Comverse shall not be liable to ATI on account of such termination or expiration for reimbursement or damages for the loss of goodwill, prospective profits or anticipated sales, or on account of any expenditures, investment, leases or commitments made by ATI or for any reason whatsoever based upon or growing out of such termination or expiration.

12. **ORDERS**

12.1 Unless otherwise agreed, the prices for the Systems on all orders placed by ATI hereunder must be stated in U.S. dollars.

12.2 ATI may purchase and license each System for accounts by submitting purchase orders for same by hard copy or facsimile, provided however, that all such orders are subject to acceptance by Comverse's corporate office. Under no circumstances will Comverse accept, or be obligated to accept, purchase orders hereunder directly from any of accounts without the prior written consent of Comverse.

12.3 Except as otherwise provided, ATI will place firm purchase orders for Systems, meaning an end-user customer has issued a purchase order to ATI such that Comverse has at least sixty (60) days lead time before any scheduled shipment of Systems is required. At the time of its placement of an order with Comverse, ATI shall provide Comverse with a letter certifying its receipt of a firm purchase order from an end-user customer. All shipments are subject to availability. Comverse will use reasonable efforts to fill orders with shorter shipping date schedules, provided that Comverse may charge ATI, after consultation, its then current expedite charge for filling such an order as requested. Unless Comverse expressly agrees in writing, no additional or different provisions appearing anywhere on ATI's purchase order shall become part of such order.

13. **ACCEPTANCE AND SHIPMENT OF ORDERS**



Release 1.5

13.1    Comverse agrees to notify ATI promptly regarding a) whether Comverse accepts or rejects each of ATI's purchase orders, b) shipping details associated with each order, and c) any subsequent changes in Comverse's delivery schedule and/or shipping plans.

## 15.    DELIVERY

15.1    Comverse shall deliver each System to ATI F.O.B. Comverse's principal plant of manufacture. In the absence of specific shipping instructions from ATI, Comverse will select a common and/or freight forwarder carrier, but shall not thereby assume any liability in connection with the shipment of any System delivered hereunder.

15.2    Insurance coverage for in-transit goods, beyond such coverage provided by the common carrier/freight forwarder, is the sole responsibility of the ATI.

## 16.    ACCEPTANCE OF SYSTEMS

16.1    Upon delivery to ATI of each System, ATI and Comverse shall work jointly to obtain acceptance from the customer in accordance with mutually agreed upon Acceptance Test Procedures ("ATP"). After complete delivery of a System to the end-user customer, acceptance of a System shall occur on completion of ATP or commercial deployment, whichever occurs first.

## 17.    PRICE AND PAYMENT TERMS

17.1    Comverse and ATI will discuss and agree upon the margins, and delivery schedules for each purchase hereunder. ATI agrees that the terms it provides to an end-user customer will be consistent with the terms agreed upon with Comverse.

17.2    Comverse may modify the prices presented to ATI upon sixty (60) days prior written notice to ATI. No such modification shall apply to any items for which Comverse has accepted a purchase order prior to the effective date of such modification.

17.3    All products sold to ATI will be invoiced upon shipment by Comverse. All payments to Comverse shall be made in U.S. dollars. In the event of any default in payment by ATI, Comverse may decline to make further shipments.

17.4    Prices do not include any customs, duties, value added tax, income tax or any other tax or assessment which may be levied by local authorities. Any such amounts levied, whether withheld at source or otherwise, will be added to the prices.

17.5    Without first obtaining Comverse's approval, ATI shall have no right of offset with respect to any payment owed to Comverse due to issues ATI is experiencing with an end-user customer paying ATI in accordance with the agreed upon payment terms between ATI and such end-user customer.

## D.    SPECIFIC OBLIGATIONS OF THE PARTIES

## 18.    TRAINING AND OTHER COMVERSE OBLIGATIONS

18.1    Comverse agrees to comply with its requirements as set forth in Schedules D and F including without limitation, the requirements to provide to ATI certain technical training, certification and re-certification services, and to perform certain general localization and sales promotion activities.

Release 1.5

19.   OTHER ATI OBLIGATIONS

19.1   ATI agrees to comply with its requirements as set forth in the attached Schedules D, F and G.

20.   SERVICE LEVEL AGREEMENT/SUPPORT SERVICES

20.1   The parties agree to comply with each of its respective requirements under the terms of the Service Level Agreement and consistent with the description of support services provided in Schedule F attached hereto.

# E.   PRODUCT MODIFICATIONS

21.   CATEGORIES, COST AND OWNERSHIP RIGHTS

21.1   The parties agree that from time to time during the term of this Agreement, Comverse may change the System(s) offered hereunder in the form of product modifications and that Comverse may charge ATI for such modifications.

# F.   LAWS AND REGULATIONS

22.   COUNTRY/INTERNATIONAL

22.1   ATI shall at all times cooperate promptly with Comverse to enable Comverse to comply with the provisions of any United States Export Administration Act, War Powers Act, and any other law or Executive Order relating to control of exports or transfer of technology, and the regulations of the United States Departments of State, Commerce and Defense relating thereto (in present form or as amended in the future) as they may apply to ATI's activities. ATI shall also comply with the requirements of the United States Foreign Corrupt Practices Act and United States Anti-Boycott Regulations (in present form or as amended in the future) as they may apply to ATI's activities hereunder.  In particular, with respect to the United States Foreign Corrupt Practices Act, ATI agrees that it and its owners, officers, directors, employees, or agents thereof have not and will not pay, offer, promise, or authorize the payment, directly or indirectly, of any monies or anything of value to any government official or employee, or any political party or candidate for political office for the purpose of influencing such official's acts or decisions to obtain or retain business as contemplated under this Agreement.

22.2   This Agreement and ATI's performance hereunder is specifically made subject to any and all laws, regulations, orders or other restrictions on the export from the United States of America of computer software, hardware, telecommunications equipment and technical knowledge or know-how relating thereto, which may be imposed from time to time by the Government of the United States of America. ATI agrees that Systems purchased/licensed hereunder will not be exported or otherwise transferred, directly or indirectly, in whole or in part, without ATI first obtaining Comverse's written consent and a license from the U.S. Department of Commerce and/or any other appropriate agency of the U.S. Government, as required.  ATI further agrees that it will obtain the written assurance of each of its Registered Accounts to which each System is distributed such that each Registered Account will comply with said export control laws, regulations, orders and restrictions.

Release 1.5

FISCALIA

22.3    ATI shall immediately advise Comverse of any new import or export law, regulation, order or other restriction in the Designated Territories which might affect the implementation of this Agreement and ATI agrees to comply with all each law, regulation, order or restriction.

## G.    MISCELLANEOUS

## 23.    GENERAL PROVISIONS

23.1    All notices required to be given hereunder shall be in writing and shall be deemed given if delivered personally, or if sent by facsimile (whereby the receiving party shall acknowledge receipt of same by facsimile within two (2) business days from receipt of the initial facsimile) with a copy of such notice sent by air mail, to the person identified below at the address as set forth at the beginning of this Agreement, or such other person or address as may be specified in a written notice delivered in accordance with this Section 23.1:

If to COMVERSE:                           Attention:
                                          Legal Department
                                          100 Quannapowitt Parkway
                                          Wakefield, MA  01880

If to ATI:                    Attention:
                              _____

23.2    ATI may not assign its rights or obligations hereunder without the prior written consent of Comverse.

23.3 ATI and Comverse agree that during the term of this Agreement and for a period of twelve (12) months thereafter, neither party shall, directly or indirectly, solicit, induce, attempt to induce any employees of the other to its employ.

23.4    This Agreement shall be governed by, and construed in accordance with, the laws of the state of New York, USA, without reference to the conflict of laws provisions thereof and not including the United Nations Convention on Contracts for the International Sale of Goods.

23.5    If any provision of this Agreement is held to be invalid under any applicable law, such provision shall, to the extent of such invalidity, be deemed to be omitted here from, and all other provisions of this Agreement shall continue in full force and effect.

23.6    In the event that any provision of the Schedules to this Agreement are deemed to be in conflict with the provisions of this Agreement, the provisions of this Agreement shall control.

23.7    Any failure by either party to enforce strict performance by the other party of any provision herein shall not constitute a waiver of the right to subsequently enforce such provision or any other provision of this Agreement.

23.8    Any controversy or claim arising out of or related to this Agreement shall be submitted to binding arbitration in New York, New York in accordance with the then prevailing Rules of the American Arbitration Association.  Any such arbitration shall be held in English.  Any arbitrator(s) used shall be knowledgeable in telecommunications and data processing systems.  The parties consent to the jurisdiction of the Courts of New York, New York in connection with respect to any award made by the arbitrator(s).  Each party shall bear its own costs, expenses and fees (including attorneys' fees) incurred in connection with this Section 23.8. The

Release 1.5

parties hereby acknowledge that monetary damages may not be a sufficient remedy for breaches of the Non-Disclosure Agreement or Sections 4 and 5 above and that either party, as appropriate, may be entitled to such injunctive or equitable relief for actions or claims arising solely under the Non-Disclosure Agreement or Sections 4 or 5, as may be deemed proper by a court of competent jurisdiction.

23.9    Neither party shall liable to the other party for any failure to perform hereunder due to contingencies beyond its reasonable control, including but not limited to, strikes, riots, wars, fires, Acts of God, or acts required to comply with any governmental regulations.

23.10   This Agreement and the Non-Disclosure Agreement constitute the entire agreement between Comverse and ATI with respect to the subject matter of this Agreement and supercede all statements, representations, and understandings which have been made by either party or their agents or representatives prior to the execution of this Agreement. No modification of this Agreement shall be binding upon either party unless made in writing and executed on behalf of that party by its duly authorized representative.

IN WITNESS WHEREOF, the parties hereto have set their hands and seals by a duly authorized representative as of the date(s) written below.

COMVERSE, INC.

_Brian E. Heffernan_ (signature)
Signature

_Brian E. Heffernan_
Print Name

_Assistant General Counsel_
Title

_July 23, 2004_
Date

AMERICAN TELECOMMUNICATIONS, INC. CHILE S.A.

_(signature)_
Signature

_Luis A. Werner_
Print Name

_CEO_
Title

_22 / 07 / 04_
Date

13

Release 1.5

## SCHEDULE A
Description of Licensed Software, Equipment and Documentation



## SCHEDULE B

## DESIGNATED TERRITORIES

Designated Territories

Exclusive Reseller in:

Chile
Peru
Bolivia
Ecuador
TIM Brazil in Brazil
Telefonica Celular del Paraguay S.A. in Paraguay

Non- Exclusive Reseller in:

Brazil
Paraguay
Uruguay
Colombia
Mexico

Case-by-Case Reseller in:

To be determined



## SCHEDULE C

## END-USER SOFTWARE SUBLICENSE AGREEMENT

1.  ATI hereby grants CUSTOMER a non-exclusive, non-transferable sublicense to use the Software and the Documentation for operation only on the Equipment on which or with which they were shipped. CUSTOMER further agrees that it shall not transfer the Equipment, Software and Documentation from its site where the Equipment was originally installed (as indicated on CUSTOMER's purchase order for same) without the prior written consent of ATI.

2.  CUSTOMER agrees not to modify or copy, in whole or in part, the Software and the Documentation, provided however, that CUSTOMER may duplicate the Software for back-up and restore purposes in the event of a System malfunction.

3.  CUSTOMER shall hold the Software and the Documentation in confidence and agrees to take all reasonable steps necessary to insure that the Software and Documentation are not disclosed or duplicated in whole or in part for the use of others, including but not limited to, at a minimum, those steps CUSTOMER would take to protect information, data or other property of its own that it regards as proprietary or confidential. CUSTOMER further agrees to make available the Software and Documentation only to those of its employees who are directly involved with CUSTOMER's use of the Equipment, Software and/or Documentation. CUSTOMER shall not inspect, disassemble or reverse engineer the Software, nor tamper with, bypass or alter the security features of same.

4.  Title to all Software and Documentation furnished to CUSTOMER hereunder, and all rights therein, including all rights in any patents and copyrights, shall remain vested in Comverse Network Systems, Inc. ("Comverse") and its licensors at all times. CUSTOMER agrees that the Software and the Documentation provided hereunder are entitled to protection under the copyright and patent laws, and CUSTOMER shall not remove any copyright, patent or other proprietary notices of Comverse or its licensors from same.

5.  ATI shall have the right to terminate any license or right granted in this Software Sublicense in the event that CUSTOMER fails to pay any applicable license fees or if CUSTOMER fails to comply with the provisions of this Software Sublicense. Upon notice of such termination, CUSTOMER agrees to immediately return or destroy, at ATI's sole discretion, the Software and the Documentation and all portions and copies thereof, if any, and to certify in writing to ATI that it has complied in full with such requirements.

6.  In no event shall Comverse or its licensors be liable to CUSTOMER hereunder for any direct, indirect, incidental or consequential damages arising from the use of the Software and Documentation or from Comverse's licensors' software and related documentation.

7.  CUSTOMER hereby agrees to comply fully with all relevant export laws and regulations of the United States to assure that the Software and Documentation, or any direct product or derivative work of the Software and Documentation, are not exported, directly or indirectly, in violation of any United States law or regulation.

## SCHEDULE D

ACTIVITY MATRIX AND DESCRIPTION

Activity Matrix

| ACTIVITY | ATI | Comverse |
|---|---|---|
| **A. GENERAL LOCALIZATION** | | |
| 1.   Translate documents | P | S |
| 2.   Translate Collateral Material | S | P |
| 3.   Perform customer technical training | S | P |
| 4.   Record prompts | P | S |
| 5.   Manage local standards certification process | P | S |
| | | |
| **B.  MARKETING** | | |
| Advertising and Promotion | P | S |
| Trade Show and Events | P | S |
| Customer Seminars | P | S |
| | | |
| **B. SALES PLAN** | | |
| 1.   Account Qualification | | |
| a. Prospecting | P | S |
| b. Perform qualification process: | S | P |
| 2.   Requirements Analysis | | |
| a. Identify system requirements | S | P |
| b. Manage product modification requests | S | P |
| c. Identify interface requirements | S | P |
| d. Examine financing options | S | P |
| 3.   Solution Development/Presentation | | |
| a. Develop system configuration/sizing | S | P |
| b. Develop performance/deployment scenarios | S | P |
| c. Generate discussion papers | S | P |
| d. Conduct demos / site visits | P | S |
| 4.   Proposal Preparation | | |
| a. Perform competitive analysis | P | S |
| b. Influence RFP | P | S |

|  |  |  |
|---|---|---|
| c. Prepare proposal | S | P |
| 5.    Contract Closure | | |
| a. Review / negotiate contract terms | P | P |
| b. Prepare order paperwork | P | S |
| c. Closing | P | S |

P = Primary Responsibility

S = Shared (input of assistance)

NA = not applicable



| ACTIVITY | ATI | Comverse |
|---|---|---|
| **6. Finance** | | |
| a. Letter of Credits | P | S |
| b. Performance Bond | S | S |
| c. Collection | P | S |
| d. Financing Capabilities | S | S |
| e. Customs/Duties/Taxes | P | NA |
| | | |
| **7. Program Implementation** | | |
| a. Facilitate customer liaison | P | S |
| b. Perform site planning | P | S |
| c. Manage delivery process | S | P |
| d. Perform installation project management | S | P |
| e. Install hardware/software | P | S |
| f. Conduct acceptance test | S | P |
| g. Obtain customer acceptance/sign-off | P | S |
| h. Ensure customer spares stocking | S | P |
| i. Manage technical problem resolution | S | P |
| **8. Account Growth** | | |
| a. Install System Upgrades / Add-ons | P | S |
| a. Maintain knowledge base/relationships | S | P |
| b. Develop ongoing sales | P | P |

---

P = Primary Responsibility

S = Shared (input or assistance)

NA = not applicable



## SCHEDULE E

## COMVERSE TRADEMARKS

A.    Comverse's trademarks to be used by ATI are as follows:

1.  CO ACCESS®
2.  COMVERSE®
3.  MEDALIST®
4.  ACCESS NP®
5.  SERVICEMAX®
6.  GHOSTWRITER®
7.  PROGENY®
8.  TRILOGUE INFINITY™

> Note: ® means that the mark is a registered trademark of Comverse in the United States.

B.    Terms and Conditions for Licensing of Trademarks

1.    In the event that ATI elects to use Comverse's trademarks as set forth above, it is agreed that:

a.  ATI will use such designated trademark in good taste and in a manner that preserves the value of same and Comverse's rights in and to same, and in accordance with any other standards provided by Comverse.

b.  ATI will change or discontinue any use of such trademarks immediately upon written notice from Comverse.

c.  ATI has no title or interest in or to such trademarks and is not authorized to use any other trademarks of Comverse.

Comverse may, at any time, modify the above list.



SCHEDULE F
SERVICE LEVEL AGREEMENT/SUPPORT SERVICES
[Currently in negotiation between the parties]



SCHEDULE G
NON-DISCLOSURE AGREEMENT



SCHEDULE H
INSTALLATION HARDWARE FUNCTIONALITY TEST PLAN



## SCHEDULE I

### ATI PRODUCTS TO BE EXCLUDED FROM PROVISIONS OF SECTION 3.1.4

| PRODUCT | DESCRIPTION |
|---|---|
| **ATI EIR** | GSM Network Node. It's main function is to provide the mechanism to block handsets, previously provisioned into the databases of the platform. |
| **REPORT MANAGER** | Data Warehouse platform to provide reports and information about traffic, use and performance of Voice Mail Platform, SMSC among others Value Added platforms. ATI can offer this product in those accounts it represents. For accounts beyond the scope of this Agreement, ATI must first obtain Comverse's prior written consent. |
| **SMS ACCESS** | Mediation device Platform to provide SMS user Profiles, SMS plans and SMS rating functionalities. |
| **BUY & GO** | Micropayment platform. It´s main function is to provide the connection to different platforms in the network (SMSC, prepaid among other) and vending machines, to allow transaction over SMS, dialing or USSD codes. Competing product that may be sold on a case-by-case basis with Comverse's prior written consent. |
| **ATI USSD GATEWAY** | USSD Gateway is a mediation device platform, interacts between the GSM HLR and external platforms to provide services, transactions, balance queries among other subscribers transactions through USSD codes. |
| **MISSED CALL HUNTER** | Stand Alone Platform to allow the captures of a missing call using IS41, MAP or ISUP SS7 interfaces. Can be integrated to voice mail platforms.<br><br>The use of IS41 or GSM MAP messages implies that the not response call can not be routed to a Missed Call Platform, even can be delivered an announce from de switch while the call is captured.<br><br>The Qty of missed calls, CLI, date and hour are informed through SMS, at the same time the platform can inform to a subscriber when other get in coverage and is available in the network. Competing product that may be sold on a case-by-case basis with Comverse's prior written consent. |
| **SM GATEWAY** | SMS interconnection platform to allow the interconnection and translation between SMSC protocols, routing SMS and ESMES connection to the messaging network. Competing product that may be sold on a case-by-case basis with Comverse's prior |

| | written consent. |
|---|---|
| **SMSCONNECTION** | SMSC platform, provide Store & Forward mechanism to dispatch a short message in a conventional wireline networks. |
| **SMS FOR RECHARGE** | Mediation Device between SMSC and prepaid systems to allow recharges, Call histories Queries among other prepaid's subscriber transactions through SMS. |
| **ONE TIME SMS** | Stand Alone Platform to dispatch SM to a Mobile Signaling Network, performing the first attempt of a SM delivery. Can be incorporated as SMSC off loader device, and allows some function as SMS broadcasting, web to sms, among others.<br><br>This platform could be integrated to SMS Gateway Platform and SMS Access Platform. Competing product that may be sold on a case-by-case basis with Comverse's prior written consent. |

| PRODUCT | DESCRIPTION |
|---|---|
| **MOBILE MANAGER** | This platform allows that each corporative costumer can Administrate a set of mobile prepaid lines and assigns to each line a user profile.<br><br>The administration is done through web interfaces, adding and extracting mobiles lines, adding time for each line, allowing access to value added services (profile), among others. |
| **VIRTUAL HLR** | IS41 Platform, The platform allows the registration of a visitor (roamers) in the network and assigns a temporary prepaid account. |
| **ATI RING BACK TONES** | Stand alone platform to allow the delivery of customized sounds in replace of the traditional busy and wait call tones. Is specially designed for low traffic and allow the provisioning of subscribers and customized tones through web interfaces. Competing product that may be sold on a case-by-case basis with Comverse's prior written consent. |

| ATI OVER-THE-AIR-FUNCTIONALITIES | CDMA and TDMA network platform, full comply with IS683A standard, to load over the air handset parameters and activate it. |
|---|---|
| DIAL SMS | CDMA/TDMA network platform to emulate USSD functionalities. Allows connectivity of SMS services or VAS activation through code dialing. |



**EXHIBIT B**

M O N T T y C I A. S. A.

ABOGADOS
www.monttcia.cl

SANTIAGO MONTT VICUÑA
DANIEL IBAÑEZ GAMBOGI
GERMAN RIVALLE MADRID
PATRICIA METZ RAFF
JOSE MANUEL JORDAN BARAHONA
MARIA PILAR CHICADO GARRIDO
PAXON GARRETON EDWARDS
ALVARO LETELIER PALMA
JUAN MANUEL ROJAS ESPINOZA
CHRISTIAN ARTIAGA PUENTES
ELENA VUSERIO GONÇALVES
MARTINA BENEWERTE MARTÍNEZ
FRANCISCO MONTT MATTE
DIEGO LOPEZ-MOTT DE LA GUARDIA
GLORIA PERRET ORTIZ
MACARENA MOVILLO MATTA
ALFONSO DOMEYKO LETELIER
ALEJANDRO GONZALEZ DEL RIEGO GARCIA
MARTA SANTA MARIA ROJAS
MARCELA SALAZAR FLORES
DANILO CANALES LIRA
FELIPE DONOSO BALMACEDA
PABLO ARRIAGADA PEREZ
TOMAS LANDGERG GODOY
PAUL SULLIVAN
BEATRIZ LYNCH DEL FIERRO
EMILIA CERDA ARMIJO
EDITH GUERRA SALINAS
CLAUDIO HURTADO ROJAS
RODOLFO BRICAR LARA
PERCY HOFFMANN
LILIANA BORDE
DANIELA JUNIS
MARIA LUZ RENE ACQUISTO
CRISTIAN SALES ORTIZ
MACARENA MUÑOZ LOPEZ
CAROLINA RIBEIRO DE SOUSA PINHEIRO
CATALINA VERGARA WALDEIN
REINALDO VIDAL MONZINI
VERONICA BUSIA PIOTTI
MONICA IBAÑEZ MENDIZCA
JUAN PABLO FERNANDEZ AZURADIO
EUGENIO VERGARA MARSHALL

OFICINA PRINCIPAL
Edificio Centro Santa Maria
Avda. Los Cinquentadores 1700, piso 11
FONO (56-2) - 2338266
FAX (56-2) - 2315891 - 2310244
E-MAIL monteria@monttcia.cl
SANTIAGO - CHILE

DIVISION JUDICIAL
Agustinas 972, Ofic. 900
FONO (56-2) 6883037
FAX (56-2) - 6712059
E-MAIL litiga@monttcia.cl
SANTIAGO - CHILE

DIVISION PENAL
Av. Pedro Montt 1771, Ofic 12
FONO (56-2) - 3313172 3310263-3341531
FAX (56-2) - 5510908
E-MAIL penal@monttcia.cl
SANTIAGO - CHILE

OFICINA VALPARAISO
Blanco 1199, Ofic. 83-A
FONO (56-32) - 220057
FAX (56-32) - 221628
E-MAIL valpo@monttcia.cl
VALPARAISO - CHILE

OFICINA PUERTO MONTT
O'Higgins 167, Ofic. 705
FONO (56-65) - 263760
FAX (56-65) - 263761
E-MAIL pmontt@monttcia.cl
PUERTO MONTT - CHILE

OFICINA LA SERENA
Cordovez, 388, Ofic 204
FONO (56-51) - 214985
FAX (56-51) - 211070
E-MAIL lserena@monttcia.cl
LA SERENA - CHILE

OFICINA CONCEPCION
O. Pedro Aguirre Cerda 1167
FONO (56-41) - 215191
FAX (56-41) - 320949
E-MAIL concepcion@monttcia.cl
CONCEPCION - CHILE

March 22, 2007

Dr. David J. A. Cairns, Presiding Arbitrator
B. Cremades y Asociados
Goya, 18 - 2 - 28001 Madrid
Spain

Dr. Leonel Pereznieto-Castro
Bufete Davalos y Asociados S.A. De C.V.
Insurgentes Sure 1766
Colonia Florida
Delgacion Alvaro Obrego
Esico DF CP 01030
Mexico

Professor Alejandro M. Garro
Columbia Law School
435 West 116th Street
New York, New York 10027

Re:     Comverse Inc. v. American Telecommunication, Inc. Chile S.A.
        Case No. 50 494 T 00319 06

Dear Arbitral Tribunal:

I am authorized on behalf of the entities listed in Attachment A hereto to represent that each
entity: (1) agrees to be bound by the arbitration agreement set forth in Section 23.8 of the Value
Added Reseller Agreement between Comverse. Inc. and its subsidiaries, on the one hand, and
American Telecommunication, Inc. Chile S.A., on the other, executed on or about July 22, 2004;
and (2) is subject to the jurisdiction of the Tribunal appointed in the above-referenced
arbitration. Each entity otherwise reserves all its rights. The representations made herein are not
intended in any way to create or accept any joint and several liability on the part of the entities
listed in Attachment A for any award that might be made against the respondent in this
arbitration.

Sincerely yours,

Santiago Montt Vicuna

Attachment A

American Telecommunication Inc. Bolivia S.A.

American Telecommunication do Brasil Ltda.

American Telecommunication Inc. Ecuador ATIECUADOR S.A.

American Telecommunication Peru S.A.

**EXHIBIT C**

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| COMVERSE, INC., <br><br> Petitioner, <br><br> -against- <br><br><br> AMERICAN TELECOMMUNICATION, INC. CHILE S.A., AMERICAN TELECOMMUNICATION INC. BOLIVIA S.A., AMERICAN TELECOMMUNICATION DO BRASIL LTDA., AMERICAN TELECOMMUNICATION INC. ECUADOR ATIECUADOR S.A., and AMERICAN TELECOMMUNICATION PERU S.A., <br><br><br> Respondents. | Case No. 07 CV 11121 <br><br> ECF CASE <br><br><br> **PETITION TO CONFIRM ARBITRATION AWARD** |

Petitioner Comverse, Inc. ("Comverse" or "Petitioner"), as and for its petition against respondents American Telecommunication, Inc. Chile S.A. ("ATI Chile"), American Telecommunication Inc. Bolivia S.A., American Telecommunication do Brasil Ltda., American Telecommunication Inc. Ecuador ATIECUADOR S.A., and American Telecommunication Peru S.A. (collectively, "ATI" or "Respondents"), alleges as follows:

## NATURE OF THE CASE

1.     This is a proceeding to confirm a final arbitration award rendered on November 29, 2007 (the "Arbitration Award"), by a duly convened arbitral tribunal of the International Centre For Dispute Resolution of the American Arbitration Association (the "ICDR").

DOCSNY-281938v01

2.     The underlying agreement to arbitrate is set forth in the Value Added Reseller Agreement (the "VAR Agreement"), entered into on or about July 22, 2004, between Comverse and ATI Chile whereby Comverse approved ATI Chile as the exclusive reseller of Comverse's telecommunications Systems (as defined in the VAR Agreement) in certain countries and as a non-exclusive reseller in certain other countries, granting ATI Chile the rights to market and distribute Comverse's Systems in these countries.  A copy of the VAR Agreement is annexed hereto as Exhibit "A."

3.     The VAR Agreement contains a broad arbitration clause (the "Arbitration Agreement") that provides:

> Any controversy or claim arising out of or related to this Agreement shall be submitted to binding arbitration in New York, New York in accordance with the then prevailing Rules of the American Arbitration Association.  Any such arbitration shall be held in English.  Any arbitrator(s) used shall be knowledgeable in telecommunications and data processing systems.  The parties consent to the jurisdiction of the Courts of New York, New York in connection with respect to [sic] any award made by the arbitrator(s).  Each party shall bear its own costs, expenses and fees (including attorneys' fees) incurred in connection with this Section 23.8.

Ex. A § 23.8.

## PARTIES

4.     Comverse, Inc. is a leading provider of software and telecommunications systems. Comverse is a corporation duly organized and existing under the laws of the State of Delaware, and has its principal place of business at 200 Quannapowitt Parkway, Wakefield, Massachusetts, 01880.

5.     ATI consists of a group of affiliated companies that have functioned as distributors of products for the telecommunications industry.

2

DOCSNY-281938

6.     Upon information and belief, ATI Chile is a Chilean corporation with offices at La Concepión 177, Providencia, Santiago, Chile.

7.     Upon information and belief, American Telecommunication Inc. Bolivia S.A. is a Bolivian corporation with offices at Calle Reyes Ortiz 73, Piso 17, Of. 1702, Edificio Torres Gundalch, Torre Oeste, La Paz, Bolivia.

8.     Upon information and belief, American Telecommunication do Brasil Ltda. is a Brazilian corporation with offices at Bloco 2, Sala 302, Barra da Tijuca, Rio de Janeiro, RJ, CEP 22631-370, Brasil.

9.     Upon information and belief, American Telecommunication Inc. Ecuador ATIECUADOR S.A. is a Ecuadorian corporation with offices at Av. 6 de Diciembre 2816, Piso 3, Of. 301, Edificio Josueth González, Quito, Ecuador.

10.    Upon information and belief, American Telecommunication Peru S.A. is a Peruvian corporation with offices at Av. Ricardo Rivera Navarrete 525, Piso 6, San Isidro, Lima 27, Peru.

## JURISDICTION AND VENUE

11.    This Court has jurisdiction over the action under 28 U.S.C. § 1332, as Petitioner and Respondents are residents of different states and the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

12.    Jurisdiction over ATI Chile is proper by virtue of the Arbitration Agreement, pursuant to which any arbitration related to the VAR Agreement shall take place in New York, New York and the parties "consent to the jurisdiction of the Courts of New York, New York in connection with respect to [sic] any award made by the arbitrator(s)." Ex. A § 23.8.

13.    The VAR Agreement, on its face, was entered into between Comverse, Inc., on behalf of itself and its subsidiaries, and ATI Chile. *See* Ex. A.  However, during the course of

3

the arbitration hearings, because claims against Comverse were being asserted by both ATI Chile and ATI Chile's sister companies, the issue of the involvement of ATI Chile's sister companies was clarified by ATI's counsel in a letter to the Arbitral Tribunal dated March 22, 2007. The letter clarified that "American Telecommunication Inc. Bolivia S.A.[,] American Telecommunication do Brasil Ltda.[,] American Telecommunication Inc. Ecuador ATIECUADOR S.A. [and] American Telecommunication Peru S.A.," all agreed: (1) "to be bound by the arbitration agreement set forth in Section 23.8 of the Value Added Reseller Agreement between Comverse, Inc. and its subsidiaries, on the one hand, and American Telecommunication, Inc. Chile S.A., on the other, executed on or about July 22, 2004"; and (2) to be "subject to the jurisdiction of the Tribunal appointed in the above-referenced arbitration." A copy of the March 22, 2007 letter from ATI's counsel is attached hereto as Exhibit "B."

14.     Venue is proper in this district pursuant to 28 U.S.C. § 1391(a) and (c), because the ICDR arbitration, which forms the basis of this proceeding, was conducted in this district and because Respondents are subject to personal jurisdiction in this district.

## BACKGROUND

### Comverse Institutes Arbitration

15.     On July 26, 2006, as a result of ATI's failure to perform its obligations under the Agreement, Comverse filed a Demand for Arbitration and a Statement of Claim with the ICDR (collectively, the "Arbitration Demand"). A copy of the Arbitration Demand (without its exhibits) is attached hereto as Exhibit "C."

16.     As described in the Arbitration Demand, Comverse terminated the Agreement and ATI's appointment as a Comverse reseller thereunder, effective July 22, 2006. Ex. C ¶ 9. Two types of post-termination claims were set forth in the Arbitration Demand: (1) a claim concerning Comverse's effort to collect over $20 million that was due and owing from ATI, and

4

(2) the enforcement of ongoing obligations under the Agreement designed to protect Comverse's goodwill and proprietary information (*i.e.*, non-competition and non-disclosure provisions). *See generally* Ex. C.

17.     On September 7, 2006, ATI submitted a Statement of Defense and Counterclaims, and on January 16, 2007, ATI submitted an Amended Statement of Defense and Counterclaims. A copy of ATI's Amended Statement of Defense and Counterclaims is attached hereto as Exhibit "D."

18.     ATI asserted nine counterclaims against Comverse, totaling approximately $75 million in an effort to offset the substantial amounts owed to Comverse, including: (1) breach of warranty obligations; (2) breach of the VAR Agreement by failing to fulfill pending purchase orders or to consult with ATI on termination of the VAR Agreement; (3) breach of the VAR Agreement by failure to pay ATI for supplied technology and services, and certain commissions; (4) breach of the VAR Agreement by failing to provide necessary support services and spare parts to ATI customers; (5) breach of the VAR Agreement by contacting ATI customers within exclusive territories; (6) breach of the VAR Agreement by directly or indirectly inducing or attempting to induce ATI's employees into its employ; (7) breach of the VAR Agreement's implied covenant of good faith and fair dealing; (8) seeking a declaration that the non-competition clause in the VAR Agreement was invalid and unenforceable; and (9) unjust enrichment by Comverse's failure to re-purchase inventory and its refusal to fill certain purchase orders and provide support for long-term support and supply contracts. *See generally* Ex. D.

**The Arbitration Hearing**

19.     The parties agreed to the appointment of a panel of three arbitrators, and on September 11, 2006, October 13, 2006, and October 16, 2006, the three arbitrators were appointed by the ICDR (the "Arbitral Tribunal"). The parties engaged in document discovery

5

and submitted fact and expert witness statements, as well as pre-hearing briefs prior to the hearing.

20.    The hearing was held in New York City on March 19, 20, 21, 22, 23, 26, 27, 28 and 29, 2007 (the "Arbitration Hearing") and was conducted in accordance with the ICDR Procedures, the procedural orders issued by the Arbitral Tribunal, the joint proposal of the parties regarding the hearing procedure, and the IBA Rules on the Taking of Evidence in International Commercial Arbitration.  During the Arbitration Hearing, the Arbitral Tribunal heard oral testimony from the witnesses presented by the parties and one additional witness (whose testimony was requested by the Arbitral Tribunal).

21.    Following the Arbitration Hearing, the parties submitted post-hearing briefs on May 18, 2007.  On September 14, 2007, the Arbitral Tribunal requested further briefs from the parties on the issue of damages on one of ATI's counterclaims.  Both parties submitted such briefs on September 29, 2007.

**The Arbitration Award**

22.    The Arbitration Hearing was declared closed on October 29, 2007, and on November 29, 2007, the Arbitral Tribunal after "having duly heard the proofs and allegations of the Parties" issued the Arbitration Award.  A copy of the Arbitration Award is attached hereto as Exhibit "E."

23.    The Arbitration Award is a sixty-five page document that fully analyzes the claims of the parties and was decided on the basis of ATI's agreement that it was subject to the jurisdiction of the Arbitral Tribunal.  Ex. E at 6.  The Arbitration Award is a "Final Award" pursuant to the ICDR Procedures (Ex. E at 1) as well as for the purposes of Article 1 of the New York Convention of 1958, on the Recognition and Enforcement of Arbitral Awards (*id.* at 64).

6

24. The Arbitral Tribunal awarded Comverse the following sums:

(i) US$5,884,799.60 against ATI Chile;

(ii) US$12,296,346.00 against American Telecommunication do Brasil Ltda;

(iii) US$3,218,714.00 against American Telecommunication Peru S.A.;

(iv) US$16,438.00 against American Telecommunication Inc. Bolivia S.A.; and

(v) US$878,978.00 against American Telecommunication Inc. Ecuador ATIECUADOR S.A.

*Id.* at 62.

25. The Arbitral Tribunal awarded ATI Chile the total sum of US$4,562,193.77 in connection with its third, fifth and sixth counterclaims; found in favor of ATI on liability for its fourth counterclaim, but held that ATI failed to prove any resulting damages; and dismissed ATI's remaining counterclaims. *Id.* at 62-63.

26. The Arbitral Tribunal awarded simple interest to all parties at the applicable rate for judgments in New York State from the date of the Arbitration Award until the date of payment of all sums. *Id.* at 63. The Arbitral Tribunal further held that all fees and expenses of the arbitration shall be borne equally by Comverse and ATI Chile, and the parties shall bear their own legal costs. *Id.*

## PRAYER FOR RELIEF

WHEREFORE, for the reasons set forth above, Comverse prays for relief as follows:

(1) An order confirming the final Arbitration Award rendered on November 29, 2007, by a duly convened Arbitral Tribunal of the International Centre For Dispute Resolution of the American Arbitration Association, in its entirety;

(2) The issuance of judgments against Respondents in the following amounts:

(i) US$5,884,799.60 against ATI Chile;

DOCSNY-281938

(ii) US$12,296,346.00 against American Telecommunication do Brasil Ltda;

(iii) US$3,218,714.00 against American Telecommunication Peru S.A.;

(iv) US$16,438.00 against American Telecommunication Inc. Bolivia S.A.; and

(v) US$878,978.00 against American Telecommunication Inc. Ecuador
ATIECUADOR S.A.; and

(3) For such other and further relief as this Court deems just and proper.

Dated: New York, New York
December 7, 2007

Respectfully submitted,

DICKSTEIN SHAPIRO LLP

By: __s/Deborah A. Skakel_____
Howard Graff (HG7057)
Deborah A. Skakel (DS8599)
Lindsay A. Bush (LB0391)
1177 Avenue of the Americas
New York, New York 10036
(212) 277-6500
Attorneys for Petitioner Comverse, Inc.

To: Neil E. McDonell, Esq.
Dorsey & Whitney LLP
250 Park Avenue
New York, New York 10177-1500
(212) 415-9200
Attorneys for Respondents

DOCSNY-281938v01

**EXHIBIT D**

## Bush, Lindsay

| | |
|---|---|
| **From:** | McDonell, Neil [mcdonell.neil@dorsey.com] |
| **Sent:** | Wednesday, December 12, 2007 9:40 AM |
| **To:** | Bush, Lindsay |
| **Cc:** | Pietrzak, Brooke; Graff, Howard; Skakel, Deborah; Scher, Elizabeth |
| **Subject:** | RE: Comverse v. ATI: petition to confirm arbitration award |

Lindsay,

You mischaracterize my response. I simply stated that I am not authorized to accept service of the petition on behalf of any of the ATI respondents. One has to have authority to act, in order to refuse to act.

Sincerely,
Neil

**Neil E. McDonell**
Partner
. . . . . . . . . . . . . . . . . . . . . . . . . . .
**D O R S E Y & W H I T N E Y   LLP**
250 Park Avenue
New York, NY 10177-1500
**P:** 212.415.9344  **F:** 212.953.7201  **C:** 914.907.6772
*USA CANADA EUROPE ASIA*
. . . . . . . . . . . . . . . . . . . . . . . . . . .
CONFIDENTIAL COMMUNICATION
*E-mails from this firm normally contain confidential and privileged material, and are for the sole use of the intended recipient.
Use or distribution by an unintended recipient is prohibited, and may be a violation of law. If you believe that you received
this e-mail in error, please do not read this e-mail or any attached items. Please delete the e-mail and all attachments,
including any copies thereof, and inform the sender that you have deleted the e-mail, all attachments and any copies thereof.*

*Thank you.*


-----Original Message-----
**From:** Bush, Lindsay [mailto:BushL@dicksteinshapiro.com]
**Sent:** Tuesday, December 11, 2007 6:14 PM
**To:** McDonell, Neil
**Cc:** Pietrzak, Brooke; Graff, Howard; Skakel, Deborah; Scher, Elizabeth
**Subject:** RE: Comverse v. ATI: petition to confirm arbitration award

Neil,

Based on your refusal to accept service on behalf of any of the ATI entities, it is not clear whether you still represent any or all of the ATI companies. Please let us know so that we can proceed accordingly.

Regards,
Lindsay

Lindsay A. Bush
Associate, Business Litigation Group
Dickstein Shapiro LLP
1177 Avenue of the Americas | New York, NY 10036
Tel: 212.277.6676 | Fax: 917.591.1303
bushl@dicksteinshapiro.com

12/12/2007

**From:** McDonell, Neil [mailto:mcdonell.neil@dorsey.com]
**Sent:** Tuesday, December 11, 2007 1:23 PM
**To:** Bush, Lindsay
**Cc:** Pietrzak, Brooke; Graff, Howard; Skakel, Deborah; Scher, Elizabeth
**Subject:** RE: Comverse v. ATI: petition to confirm arbitration award
**Importance:** High

Lindsay,

I am not authorized to accept service on behalf of any of the ATI entities.

Was Comverse's petition and exhibits filed with the Court under seal?  I note that Article 27(4) of the AAA's International Dispute Resolution Procedures provides that "[a]n award may be made public only with the consent of all parties or as required by law."  I also refer to the Stipulated Protective Order issued in the arbitration and Comverse's obligations thereunder.


Sincerely,
Neil


**Neil E. McDonell**
Partner

. . . . . . . . . . . . . . . . . . . . . . . . . . . . .
**D O R S E Y  &  W H I T N E Y  LLP**
250 Park Avenue
New York, NY 10177-1500
**P:** 212.415.9344  **F:** 212.953.7201  **C:** 914.907.6772
*USA CANADA EUROPE ASIA*
. . . . . . . . . . . . . . . . . . . . . . . . . . . . .
CONFIDENTIAL COMMUNICATION
E-mails from this firm normally contain confidential and privileged material, and are for the sole use of the intended recipient. Use or distribution by an unintended recipient is prohibited, and may be a violation of law. If you believe that you received this e-mail in error, please do not read this e-mail or any attached items.  Please delete the e-mail and all attachments, including any copies thereof, and inform the sender that you have deleted  the e-mail, all attachments and any copies thereof.

Thank you.

-----Original Message-----
**From:** Bush, Lindsay [mailto:BushL@dicksteinshapiro.com]
**Sent:** Tuesday, December 11, 2007 12:08 PM
**To:** McDonell, Neil
**Cc:** Pietrzak, Brooke; Graff, Howard; Skakel, Deborah; Scher, Elizabeth
**Subject:** Comverse v. ATI: petition to confirm arbitration award

Neil,

Attached please find a courtesy copy of the petition to confirm the arbitration award (with exhibits) that was filed with the court on Friday.  Please note that we have filed this as a related case to the case presently pending before Judge Leisure, so no judge has been assigned to date.  Please let us know whether you will accept service on behalf of the various ATI entities.


Regards,
Lindsay


Lindsay A. Bush
Associate, Business Litigation Group
Dickstein Shapiro LLP
1177 Avenue of the Americas | New York, NY 10036
Tel: 212.277.6676 | Fax: 917.591.1303
bushl@dicksteinshapiro.com

12/12/2007

--------------------------------------------------------
This e-mail message and any attached files are confidential
and are intended solely for the use of the addressee(s)
named above. This communication may contain material
protected by attorney-client, work product, or other
privileges. If you are not the intended recipient or person
responsible for delivering this confidential communication
to the intended recipient, you have received this
communication in error, and any review, use, dissemination,
forwarding, printing, copying, or other distribution of
this e-mail message and any attached files is strictly
prohibited. Dickstein Shapiro reserves the right to monitor
any communication that is created, received, or sent on its
network.  If you have received this confidential
communication in error, please notify the sender
immediately by reply e-mail message and permanently delete
the original message.

To reply to our email administrator directly, send an email
to postmaster@dicksteinshapiro.com

Dickstein Shapiro LLP
http://www.DicksteinShapiro.com
====================================================================

--------------------------------------------------------
This e-mail message and any attached files are confidential
and are intended solely for the use of the addressee(s)
named above. This communication may contain material
protected by attorney-client, work product, or other
privileges. If you are not the intended recipient or person
responsible for delivering this confidential communication
to the intended recipient, you have received this
communication in error, and any review, use, dissemination,
forwarding, printing, copying, or other distribution of
this e-mail message and any attached files is strictly
prohibited. Dickstein Shapiro reserves the right to monitor
any communication that is created, received, or sent on its
network.  If you have received this confidential
communication in error, please notify the sender
immediately by reply e-mail message and permanently delete
the original message.

To reply to our email administrator directly, send an email
to postmaster@dicksteinshapiro.com

Dickstein Shapiro LLP
http://www.DicksteinShapiro.com
====================================================================

12/12/2007

**EXHIBIT E**

**Bush, Lindsay**

| | |
|---|---|
| **From:** | McDonell, Neil [mcdonell.neil@dorsey.com] |
| **Sent:** | Wednesday, December 12, 2007 10:32 AM |
| **To:** | Bush, Lindsay |
| **Cc:** | Pietrzak, Brooke; Graff, Howard; Skakel, Deborah; Scher, Elizabeth |
| **Subject:** | RE: Comverse v. ATI: petition to confirm arbitration award |
| **Importance:** | High |

Lindsay,

As I previously advised you, I am simply not authorized to accept service of the petition on behalf of any of the ATI companies. As you know, Dorsey & Whitney LLP represented the ATI respondents in the arbitration proceedings, but that does not give us authority to accept service of the petition on their behalf.

Article 27(4) of the AAA's International Dispute Resolution Procedures is incorporated into the arbitration agreement and, thus, represents a contractual obligation of Comverse, Inc. The Stipulated Protective Order also imposes obligations on Comverse, which it cannot disregard. Comverse is not relieved of its obligations by your unfounded suggestion that nothing in the award is "so highly confidential." Article 27(4) of the IDRP, and the obligations it imposes on Comverse, are not conditioned on any such assessment, and information designated confidential under the Stipulated Protective Order remains protected until the arbitral tribunal rules otherwise. As you know, the tribunal retains jurisdiction to enforce the terms of their order.

It is therefore Comverse's own obligation to have the award (and any document revealing details of the award) filed under seal, since it is petitioning to have the award confirmed. It is also Comverse's obligation to bring these considerations and confidentiality obligations to the attention of the Court, in order to fulfill its own obligations. Normally courts respect the confidentiality of arbitration proceedings and permit the award (and any document revealing details of the award) to be filed under seal, in connection with a petition to confirm an award. Thus, public disclosure of the award is not "required by law." Of course, if a judgment is entered on an award, the judgment would reveal the amounts awarded, but not normally the other details of the award.

It is evident now that Comverse breached its arbitration agreement (and violated the Stipulated Protective Order) by originally filing the award in the public record and not under seal. To the extent the petition reveals details of the award (particularly details beyond the amounts awarded), its filing in the public record also breaches Comverse's arbitration agreement. In fact, the petition does evidently reveal details not previously made public in Comverse's prior, unsuccessful injunction applications.

I urge Comverse to comply with its obligations and to immediately rectify all prior breaches.

Sincerely,
Neil

**Neil E. McDonell**
Partner
. . . . . . . . . . . . . . . . . . . . . . . . . . . . . .
**D O R S E Y  &  W H I T N E Y  LLP**
250 Park Avenue
New York, NY 10177-1500
**P:** 212.415.9344  **F:** 212.953.7201  **C:** 914.907.6772
*USA CANADA EUROPE ASIA*
. . . . . . . . . . . . . . . . . . . . . . . . . . . . . .
CONFIDENTIAL COMMUNICATION
E-mails from this firm normally contain confidential and privileged material, and are for the sole use of the intended recipient. Use or distribution by an unintended recipient is prohibited, and may be a violation of law. If you believe that you received this e-mail in error, please do not read this e-mail or any attached items. Please delete the e-mail and all attachments.

12/12/2007

*including any copies thereof, and inform the sender that you have deleted the e-mail, all attachments and any copies thereof.*
*Thank you.*

-----Original Message-----
**From:** Bush, Lindsay [mailto:BushL@dicksteinshapiro.com]
**Sent:** Tuesday, December 11, 2007 6:46 PM
**To:** McDonell, Neil
**Cc:** Pietrzak, Brooke; Graff, Howard; Skakel, Deborah; Scher, Elizabeth
**Subject:** RE: Comverse v. ATI: petition to confirm arbitration award

Neil,

Based on the assumption that you still represent ATI (and since we have not heard otherwise in response to our prior email), and in the interest of time, please be advised of the following.

We will inform the Court in our application for alternative method of service that you have refused to accept service on behalf of the ATI entities, despite your continuing representation of such entities.

Comverse's petition was not filed under seal in its entirety. While we do not believe that any part of the petition meets the legal criteria for filing under seal, we have had the award (exhibit E to the petition) temporarily filed under seal, pending the resolution of this issue. As you know, Comverse's statement of claim, ATI's statement of defense and the VAR Agreement have all been previously publicly filed and filing them under seal at this point is unnecessary and inappropriate. There is nothing confidential in either the March 22, 2007 letter from Santiago Montt Vicuna to the arbitrators (which was not marked as "Confidential") or the petition itself.

We note that ICDR Article 27 applies only to awards, not the petition or the other documents attached thereto. We further note that an award may be made public as required by law. Since Comverse now has to convert the arbitration award into a judgment, it is required to file the award with the Court in order to do so. As you may know, the law in this Court is that judicial documents are presumptively available to the public unless countervailing considerations overcome that presumption. Should the ATI entities wish to file a motion to seal based upon such "countervailing considerations," they are free to do so. It is Comverse's position that nothing in the award is so "highly confidential" (particularly given the prior injunction applications and the public documents filed in connection therewith) so as to require filing the award under seal.

Regards,
Lindsay

Lindsay A. Bush
Associate, Business Litigation Group
Dickstein Shapiro LLP
1177 Avenue of the Americas | New York, NY 10036
Tel: 212.277.6676 | Fax: 917.591.1303
bushl@dicksteinshapiro.com

From: McDonell, Neil [mailto:mcdonell.neil@dorsey.com]
Sent: Tuesday, December 11, 2007 1:23 PM
To: Bush, Lindsay
Cc: Pietrzak, Brooke; Graff, Howard; Skakel, Deborah; Scher, Elizabeth

12/12/2007

**Subject:** RE: Comverse v. ATI: petition to confirm arbitration award
**Importance:** High

Lindsay,

I am not authorized to accept service on behalf of any of the ATI entities.

Was Comverse's petition and exhibits filed with the Court under seal? I note that Article 27(4) of the AAA's International Dispute Resolution Procedures provides that "[a]n award may be made public only with the consent of all parties or as required by law." I also refer to the Stipulated Protective Order issued in the arbitration and Comverse's obligations thereunder.

Sincerely,
Neil

**Neil E. McDonell**
Partner
. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .
**D O R S E Y & W H I T N E Y   LLP**
250 Park Avenue
New York, NY 10177-1500
**P:** 212.415.9344  **F:** 212.953.7201  **C:** 914.907.6772
*USA CANADA EUROPE ASIA*
. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .
CONFIDENTIAL COMMUNICATION
*E-mails from this firm normally contain confidential and privileged material, and are for the sole use of the intended recipient. Use or distribution by an unintended recipient is prohibited, and may be a violation of law. If you believe that you received this e-mail in error, please do not read this e-mail or any attached items. Please delete the e-mail and all attachments, including any copies thereof, and inform the sender that you have deleted the e-mail, all attachments and any copies thereof.*

*Thank you.*

-----Original Message-----
**From:** Bush, Lindsay [mailto:BushL@dicksteinshapiro.com]
**Sent:** Tuesday, December 11, 2007 12:08 PM
**To:** McDonell, Neil
**Cc:** Pietrzak, Brooke; Graff, Howard; Skakel, Deborah; Scher, Elizabeth
**Subject:** Comverse v. ATI: petition to confirm arbitration award

Neil,

Attached please find a courtesy copy of the petition to confirm the arbitration award (with exhibits) that was filed with the court on Friday. Please note that we have filed this as a related case to the case presently pending before Judge Leisure, so no judge has been assigned to date. Please let us know whether you will accept service on behalf of the various ATI entities.

Regards,
Lindsay

Lindsay A. Bush
Associate, Business Litigation Group
Dickstein Shapiro LLP
1177 Avenue of the Americas | New York, NY 10036
Tel: 212.277.6676 | Fax: 917.591.1303
bushl@dicksteinshapiro.com

--------------------------------------------------------
This e-mail message and any attached files are confidential
and are intended solely for the use of the addressee(s)

named above. This communication may contain material
protected by attorney-client, work product, or other
privileges. If you are not the intended recipient or person
responsible for delivering this confidential communication
to the intended recipient, you have received this
communication in error, and any review, use, dissemination,
forwarding, printing, copying, or other distribution of
this e-mail message and any attached files is strictly
prohibited. Dickstein Shapiro reserves the right to monitor
any communication that is created, received, or sent on its
network.  If you have received this confidential
communication in error, please notify the sender
immediately by reply e-mail message and permanently delete
the original message.

To reply to our email administrator directly, send an email
to postmaster@dicksteinshapiro.com

Dickstein Shapiro LLP
http://www.DicksteinShapiro.com
=====================================================================

---------------------------------------------------------
This e-mail message and any attached files are confidential
and are intended solely for the use of the addressee(s)
named above. This communication may contain material
protected by attorney-client, work product, or other
privileges. If you are not the intended recipient or person
responsible for delivering this confidential communication
to the intended recipient, you have received this
communication in error, and any review, use, dissemination,
forwarding, printing, copying, or other distribution of
this e-mail message and any attached files is strictly
prohibited. Dickstein Shapiro reserves the right to monitor
any communication that is created, received, or sent on its
network.  If you have received this confidential
communication in error, please notify the sender
immediately by reply e-mail message and permanently delete
the original message.

To reply to our email administrator directly, send an email
to postmaster@dicksteinshapiro.com

Dickstein Shapiro LLP
http://www.DicksteinShapiro.com
=====================================================================

**EXHIBIT F**

*CROTTY, J PART*

**ORIGINAL**

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| COMVERSE, INC., | Case No. O6Civ 6825 *PKL* |
| Plaintiff, | ECF CASE |
| vs. | **ORDER TO SHOW CAUSE FOR PRELIMINARY INJUNCTION** |
| AMERICAN TELECOMMUNICATION, INC. CHILE S.A., |  |
| Defendant. |  |

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/8/2006

Upon the annexed declarations of Deborah A. Skakel, Javier Jimenez and Brian E. Heffernan, dated September 5, 2006, and the exhibits annexed thereto, the declarations of Esteban Alejandro Bianco, dated September 1, 2006, the accompanying memorandum of law and the copy of the Complaint hereto annexed, it is ORDERED, that the above named defendant show cause before this Court, at Room 18B, United States Courthouse, 500 Pearl Street, in the City, County and State of New York, on September 13th, 2006, at 2 o'clock in the after noon thereof, or as soon thereafter as counsel may be heard, why an order should not be issued pursuant to Rule 65 of the Federal Rules of Civil Procedure enjoining the defendant during the pendency of this action from violating the restrictive covenant and non-disclosure provisions in the Value Added Reseller Agreement, dated July 22, 2004, between the parties; and it is further

~~ORDERED that security in the amount of $ _____ be posted by the plaintiff prior to _____, 2006 at _____ o'clock in the _____ noon of that day, and it is further~~

ORDERED that that service by means of: (1) service upon ATI's attorneys in Chile via international courier; (2) personal service upon ATI's attorneys in New York; and (3) service

DOCSNY-207031v01

upon ATI by international courier, facsimile and e-mail, of a copy of this order and annexed

declarations, memorandum of law and complaint on the defendant and its counsel on or before

2 o'clock in the afternoon, on September 7th, 2006 shall be deemed good and sufficient

service thereof.

DATED:      New York, New York

ISSUED:     September 6, 2006

_____
United States District Judge

PART I

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/8/2006

2