UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| COMVERSE, INC., <br><br>            Petitioner, <br><br> -against- <br><br> AMERICAN TELECOMMUNICATION, INC., CHILE S.A., AMERICAN TELECOMMUNICATION INC. BOLIVIA S.A., AMERICAN TELECOMMUNICATION DO BRASIL LTDA., AMERICAN TELECOMMUNICATION INC. ECUADOR, ATIECUADOR S.A., and AMERICAN TELECOMMUNICATION PERU S.A., <br><br>            Respondents. | Case No. 07 CV 11121 <br><br> ECF CASE |

**MEMORANDUM OF LAW IN SUPPORT OF PETITIONER'S APPLICATION
FOR ORDER FOR ALTERNATIVE METHOD OF SERVICE OF PROCESS
<u>PURSUANT TO RULE 4(h)(2) OF THE FEDERAL RULES OF CIVIL PROCEDURE</u>**

Petitioner Comverse, Inc. ("Comverse" or "Petitioner"), by its attorneys Dickstein Shapiro LLP, respectfully submits this memorandum of law, together with the Declaration of Deborah A. Skakel, dated December 12, 2007 (the "Skakel Decl."), in support of its Motion For An Alternative Method Of Service Pursuant To F.R.C.P. 4(h)(2), seeking an order directing that the Petition To Confirm Arbitration Award and supporting papers in this action be served on Respondents American Telecommunication, Inc. Chile S.A. ("ATI Chile"), American Telecommunication Inc. Bolivia S.A., American Telecommunication do Brasil Ltda., American Telecommunication Inc. Ecuador ATIECUADOR S.A. and American Telecommunication Peru S.A. (together with ATI Chile, "ATI"), whose offices are in various countries in South America,

by means of: (1) service upon ATI's counsel in New York by hand delivery; (2) service upon ATI's counsel in Chile by international courier and email; and (3) service upon each of the Respondents by international courier.

## BACKGROUND

### A. ATI Chile Signed The Agreement To Arbitrate In The Underlying VAR Agreement And Consented To The Jurisdiction Of This Court

On or around July 22, 2004, Comverse and American Telecommunication, Inc. Chile S.A. ("ATI Chile") entered into a Value Added Reseller Agreement (the "VAR Agreement") whereby Comverse approved ATI Chile as the exclusive reseller of Comverse's telecommunications Systems (as defined in the Agreement) in certain countries and as a non-exclusive reseller in certain other countries, granting ATI Chile the rights to market and distribute Comverse's Systems in these countries. Skakel Decl. ¶ 2. A copy of the VAR Agreement is annexed to the Skakel Decl. as Exhibit A.

The VAR Agreement contains a broad arbitration clause that provides:

> Any controversy or claim arising out of or related to this Agreement shall be submitted to binding arbitration in New York, New York in accordance with the then prevailing Rules of the American Arbitration Association. Any such arbitration shall be held in English. Any arbitrator(s) used shall be knowledgeable in telecommunications and data processing systems. <u>The parties consent to the jurisdiction of the Courts of New York, New York in connection with respect to [sic] any award made by the arbitrator(s).</u> Each party shall bear its own costs, expenses and fees (including attorneys' fees) incurred in connection with this Section 23.8.

Skakel Decl., Ex. A, § 23.8 (emphasis added).

### B. ATI's "Sister" Companies Also Consented To The Jurisdiction Of This Court

The VAR Agreement, on its face, was entered into between Comverse, Inc., on behalf of itself and its named subsidiaries, and ATI Chile. See Skakel Decl., Ex. A. However, during the

2

course of the arbitration hearings, because claims against Comverse were being asserted by both ATI Chile and ATI Chile's sister companies, the issue of the involvement of ATI Chile's sister companies was clarified by ATI's counsel in a letter to the Arbitral Tribunal dated March 22, 2007. Skakel Decl. ¶ 3. The letter clarified that "American Telecommunication Inc. Bolivia S.A., American Telecommunication do Brasil Ltda., American Telecommunication Inc. Ecuador ATIECUADOR S.A. and American Telecommunication Peru S.A.," all agreed: (1) "to be bound by the arbitration agreement set forth in Section 23.8 of the Value Added Reseller Agreement between Comverse, Inc. and its subsidiaries, on the one hand, and American Telecommunication, Inc. Chile S.A., on the other, executed on or about July 22, 2004"; and (2) to be "subject to the jurisdiction of the Tribunal appointed in the above-referenced arbitration." A copy of the March 22, 2007 letter from ATI's counsel is attached to the Skakel Decl. as Exhibit B. ATI Chile and its four sister companies identified in the March 22, 2007 letter are collectively referred to hereinafter as "ATI." Thus, ATI Chile's four "sister companies," likewise agreed to be bound by the arbitration clause, and specifically, the jurisdiction of this Court in connection with any arbitration award. Id.

### C. ATI Participated In An Arbitration In New York

An arbitration hearing was held at the offices of Dorsey and Whitney LLP, ATI's New York counsel, from March 19-29, 2007. Skakel Decl. ¶ 4. The various ATI entities were represented during the entire arbitration proceeding by its New York counsel, Dorsey and Whitney LLP, as well as Chilean counsel, Montt y Cia S.A. Id. ATI's New York and Chilean counsel submitted post-hearing briefs on behalf of ATI. Id. The ICDR, before rendering the award, sought "a short list of all Counsel representing each party." Id. Thus, ATI's New York and Chilean counsel continued to represent ATI through the time that the Arbitral Panel rendered the Award. Id.

3

### D. The Arbitral Panel Renders An Award

On November 29, 2007, the Arbitral Tribunal rendered an final award (the "Award"). Id. ¶ 5. The Award was a sixty-five page document that fully analyzes the claims of the parties and was decided on the basis of ATI's agreement that it was subject to the jurisdiction of the Arbitral Tribunal. Id. The Award is a "Final Award" pursuant to ICDR Procedures as well as for the purposes of Article 1 of the New York Convention of 1958, on the Recognition and Enforcement of Arbitral Awards. Id. Pursuant to the terms of the Award, ATI owes Comverse approximately $17 million. Id. To date, ATI has not paid any money to Comverse; nor has it indicated that it intends to do so. Id. In order to enforce the Award and collect the money from ATI, Comverse has to confirm the Award and obtain a judgment from this Court. Id. ¶ 6. On December 7, 2007, Comverse filed its petition to confirm the Award (the "Petition"). A copy of the Petition (without exhibits) is attached to the Skakel Decl. as Exhibit C.

### E. ATI's New York Counsel Does Not Accept Service While Simultaneously Representing ATI

On December 11, 2007, counsel for Comverse sent an e-mail to Neil McDonell of Dorsey and Whitney LLP, ATI's New York counsel, to ask whether he would accept service of the Petition on behalf of the ATI entities. Skakel Decl. ¶ 7. Mr. McDonell responded that he "was not authorized to accept service on behalf of any of the ATI entities." A copy of Mr. McDonell's e-mail is attached to the Skakel Decl. as Exhibit D. While simultaneously not accepting service, Mr. McDonell asserted ATI's position that the Petition, or portions thereof, should have been filed under seal.[1] Skakel Decl. ¶ 8. Counsel for Comverse asked Mr. McDonell for clarification,

---

[1]  While it is Comverse's position that the Petition (or portions thereof) does not meet the criteria for filing under seal, Comverse has had the Award (Exhibit E to the Petition) temporarily filed under seal pending the resolution of this issue. Skakel Decl. ¶ 8. Comverse has informed ATI of its position and asked that, to the extent ATI believes that the Petition (or portions thereof) should be filed under seal, that ATI promptly make an application to this Court seeking to show "countervailing considerations" that

in light of his refusal to accept service for his clients – all of whom have consented to the jurisdiction of this Court for purposes of the Award – whether he still represented the ATI entities. Id. ¶ 9. Mr. McDonell responded:

> "I simply stated that I am not authorized to accept service of the petition on behalf of any of the ATI respondents. One has to have authority to act, in order to refuse to act."

Id. Ex. D. Despite attempting to avoid accepting service on behalf on his clients, Mr. McDonell continues to assert ATI's position with regard to filing under seal. Skakel Decl. Ex. E. Thus, Mr. McDonell has not accepted service on behalf of ATI, notwithstanding his continued representation of the ATI entities and assertion of positions with regard to the sealing of the Petition (or portions thereof). Id. ¶ 10. Such conduct should not be well received by this Court.[2]

## ARGUMENT

**I. This Court Should Enter An Order Permitting Respondents To Be Served With Papers In This Action By Service On Counsel For Respondents And Service On Respondents By International Courier, Facsimile and E-mail**

Pursuant to Rule 4(h)(2) of the Federal Rules of Civil Procedure, service upon a foreign corporation in a foreign country may be effected in any manner prescribed for individuals by subdivision (f), except for personal delivery under Rule 4(f)(2)(C)(i). Since Respondents are located in various countries in South America and do not have a presence in the United States, Rule 4(h)(2) of the Federal Rule of Civil Procedure provides the appropriate methods to effectuate service of process on Respondents. Given the fact that Respondents have consented to the "jurisdiction of the Courts of New York, New York in connection with respect to [sic] any

---

overcome the presumption that judicial documents should be publicly available. Id. Because this issue has not been resolved, the copy of the Petition attached to this application does not include a copy of the Award or the other exhibits.

[2]   This is particularly so in light of the fact that this Court previously granted Comverse's application for an alternative method of service in connection with its application for injunctive relief in aid of arbitration. See discussion in Part I(B) below.

award made by the arbitrator(s)" (Skakel Decl. Ex. A § 23.8; Ex. B), we respectfully request that this Court direct an appropriate alternative method of service pursuant to Rule 4(f)(3) of the Federal Rules of Civil Procedure.

### A. This Court Should Direct An Appropriate Method Of Service Pursuant To Rule 4(f)(3) Of The Federal Rules Of Civil Procedure

Rule 4(f)(3) of the Federal Rules of Civil Procedure permits the Court to direct an alternative method of service, provided such method is not prohibited by international agreement. Fed. R. Civ. P. 4(f)(3). The only applicable international agreement between Chile, Bolivia, Brazil, Ecuador, Peru, and the United States is the Inter-American Convention on Letters Rogatory (the "Convention"), which merely provides that letters rogatory are one possible method of service, but it is neither mandatory nor exclusive.[3] Mayatextil, S.A. v. Liztex U.S.A., Inc., No. 92 Civ. 4528 (SS), 1994 U.S. Dist. LEXIS 6663, at *14-15 (S.D.N.Y. May 18, 1994) (permitting service in accordance with court order on Guatemalan corporation); Hein v. Cuprum, S.A. de CV., 136 F. Supp. 2d 63, 70 (N.D.N.Y. 2001).

Rule 4(f)(3) was "adopted in order to provide flexibility and discretion to the federal courts in dealing with questions of alternative methods of service of process in foreign countries." Smith v. Islamic Emirate of Afghanistan, Nos. 01 Civ. 10132 (HB), 01 Civ. 10144 (HB), 2001 WL 1658211, at *2 (S.D.N.Y. Dec. 26, 2001) (internal quotation marks omitted). "Among the alternative methods of service that courts have countenanced are: service by mail to the defendant's last known address, publication, delivery to the defendant's attorney-agent, telex, ordinary mail and e-mail to a consistently used address." Id. Further, "as long as court-directed and not prohibited by an international agreement, service of process ordered under Rule 4(f)(3)

---

[3] Service of process by formal letter rogatory in accordance with the Convention could take up to a year for such service to be effectuated. See http://travel.state.gov/law/info/judicial/judicial_683.html.

may be accomplished in contravention of the laws of the foreign country." Export-Import Bank of U.S. v. Asia Pulp & Paper Co., No. 03 Civ. 8554 (LTS) (JCF), 2005 WL 1123755, at *4 (S.D.N.Y. May 11, 2005) (granting leave to serve complaint by DHL international courier on Indonesian companies).

Notably, "[s]ervice of process under Rule 4(f)(3) is neither a last resort nor extraordinary relief. It is merely one means among several which enables service of process on an international defendant." Ehrenfeld v. Salim a Bin Mahfouz, No. 04 Civ. 9641 (RCC), 2005 WL 696769, at *1 (S.D.N.Y. Mar. 23, 2005) (granting motion to serve defendant with summons and complaint by certified mail on defendant's U.S. attorneys, Federal Express on defendant's U.K. attorneys, and mail to defendant's post office box in Saudi Arabia pursuant to Rule 4(f)(3)) (internal quotation marks omitted). Where, as here, the only internationally agreed-upon method of service would be lengthy and costly, this Court should utilize its discretion under Rule 4(f)(3) of the Federal Rules of Civil Procedure to prescribe an alternative method of service upon ATI. Export-Import Bank, 2005 WL 1123755, at *4.

**B.    This Court Previously Directed The Alternative Method Of Service Sought Herein In Connection With Applications For Injunction**

In a related action in this Court, 06 Civ. 6825 (PKL), Comverse made two applications for injunctive relief in aid of arbitration prior to the constitution of the Arbitral Panel. Skakel Decl. ¶ 11. As part of the initial injunction application, Comverse requested that the Court order service upon ATI Chile (the other ATI entities were not involved in the prior applications, as they had not yet consented to jurisdiction), "by means of: (1) service upon ATI [Chile]'s attorneys in Chile via international courier; (2) personal service upon ATI [Chile]'s attorneys in New York; and (3) service upon ATI [Chile] by international courier, facsimile and e-mail…" Id. The Court granted Comverse's request and ordered that service by such methods shall be

deemed good and sufficient service. A copy of the Order is attached to the Skakel Decl. as Exhibit F.

Such prior service by virtually the same alternative methods of service sought herein were sufficient to provide notice to ATI Chile as counsel for ATI appeared on behalf of and defended ATI Chile in both of the prior injunction applications. Skakel Decl. ¶ 11. Comverse respectfully requests that, because counsel for ATI has not accepted service, this Court enter a similar order allowing service, once again, by such alternative methods.

> C. **Service Of Process By International Courier To ATI, Service By Hand On ATI's New York Counsel, And Service By International Courier and Email On ATI's Chilean Counsel Is Consistent With The Notice Provisions Of The Contract And Gives ATI Sufficient Notice Of The Proceedings In Accordance With Constitutional Notions Of Due Process**

Rule 4(f)(3) requires that the proposed means of service comport with constitutional notions of due process. Ehrenfeld, 2005 WL 696769, at *2. Further, where, as here, the parties have participated in arbitration hearings in New York and have consented to the jurisdiction of the courts in New York with respect to any arbitration award (Petition, Ex. A § 23.8; Ex. B), "'the sole function [of service] of process [is] to notify the [respondent] that proceedings have [been] commenced [against it].'" InterCarbon Bermuda, Ltd. v. Caltex Trading & Transp. Corp., 146 F.R.D. 64, 68 (S.D.N.Y. 1993) (quoting Victory Transp. Inc. v. Comisaria General de Abastecimientos y Transportes, 336 F.2d 354, 363-64 (2d Cir. 1964)). "An agreement to arbitrate in New York constitutes a consent to submit to the personal jurisdiction of the courts of New York, and such consent includes consent to service by any method consistent with due process. . . . [which] requires that service be reasonably calculated to apprise [respondent] of the suit." Waterspring, S.A. v. Trans Mktg. Houston Inc., 717 F. Supp. 181, 186 (S.D.N.Y. 1989) (second alteration in original) (internal quotation marks omitted).

8

The notice provisions of the Agreement provide that any notice required to be given under the Agreement be delivered either by personal delivery or facsimile with an additional copy sent by air mail.4  Petition, Ex. A. § 23.1.  It is readily apparent that this method of service has previously been effective to provide notice to ATI.  Comverse served ATI in accordance with this provision with the its Demand for Arbitration on July 26, 2006, and by July 28, 2006, counsel for ATI had contacted the ICDR on behalf of ATI (thereby evidencing their receipt of notice of the AAA Demand sent in accordance with the notice provisions of the Agreement), as well as for prior injunction applications made to this Court.

Comverse therefore requests that the Court direct service of process on ATI by means of: (1) service upon ATI's counsel in Chile by international courier and email; (2) service upon ATI's counsel in New York by hand delivery; and (3) service upon each of the ATI entities at their respective addresses by international courier.  Effectuating service by all three of these methods goes well beyond the notice requirements set forth in the Agreement and is reasonably calculated to provide ATI with notice of the suit in accordance with constitutional notions of due process.

## CONCLUSION

For the foregoing reasons, this Court should grant Comverse's Motion For An Alternative Method Of Service Pursuant To F.R.C.P. 4(h)(2), seeking an Order directing that the papers in this action be served on Respondents, whose offices are in Chile, Bolivia, Brazil, Ecuador and Peru, by means of:  (1) service upon ATI's counsel in New York by hand delivery; (2) service upon ATI's counsel in Chile by international courier and email; and (3) service upon

---

4   Comverse is not contending that such notice provision includes service of process, rather merely that service of process in a manner consistent with (and well beyond) the notice provision of the contract is a fair and equitable way to give notice of the proceedings herein.

each of the Respondents entities at their respective addresses by international courier; and (d) granting Petitioner such other and further relief as this Court deems just and proper.

Dated: New York, New York
December 12, 2007

        Respectfully submitted,

        DICKSTEIN SHAPIRO LLP

        By:   s/Deborah A. Skakel
            Howard Graff (HG7057)
            Deborah A. Skakel (DS8599)
            Lindsay A. Bush (LB0391)
        1177 Avenue of the Americas
        New York, New York 10036
        (212) 277-6500
        Attorneys for Petitioner Comverse, Inc.