Neil E. McDonell (NM-1715)
Brooke E. Pietrzak (BP-7314)
Eric Epstein (EE-8992)
DORSEY & WHITNEY LLP
250 Park Avenue
New York, New York 10177
(212) 415-9200

*Attorneys for Respondent*
*American Telecommunication, Inc. Chile S.A.*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| COMVERSE, INC., <br><br> Petitioner, <br><br> -against- <br><br> AMERICAN TELECOMMUNICATION, INC. CHILE S.A., AMERICAN TELECOMMUNICATION INC. BOLIVIA S.A., AMERICAN TELECOMMUNICATION DO BRASIL LTDA., AMERICAN TELECOMMUNICATION INC. ECUADOR ATIECUADOR S.A., and AMERICAN TELECOMMUNICATION PERU S.A., <br><br> Respondents. | Case No. 07 CV 11121 (PKL) <br><br> ECF CASE |

**AMERICAN TELECOMMUNICATION, INC. CHILE S.A.'S BRIEF IN RESPONSE TO COMVERSE, INC.'S PETITION TO CONFIRM ARBITRATION AWARD**

# TABLE OF CONTENTS

STATEMENT OF FACTS ................................................................................................. 1

ARGUMENT ..................................................................................................................... 6

    I.   THE ARBITRATION AWARD AGAINST ATI CHILE SHOULD BE OFFSET BY THE AWARDS IN FAVOR OF ATI CHILE IN THE JUDGMENT ENTERED ON THE AWARD .............................................................. 6

    II.  THE ARBITRATION AWARD SHOULD REMAIN FILED UNDER SEAL .......... 7

CONCLUSION ................................................................................................................. 10

Respondent American Telecommunication, Inc. Chile S.A. ("ATI Chile") respectfully submits this brief in response to Comverse, Inc.'s Petition To Confirm Arbitration Award (the "Petition to Confirm"). The arbitration award (the "Arbitration Award") was rendered on November 29, 2007 by an arbitral tribunal ("Arbitral Tribunal") of the International Centre For Dispute Resolution (the "ICDR") of the American Arbitration Association.[1] ATI Chile does not oppose confirmation of the Arbitration Award, but respectfully requests that the amounts awarded to ATI Chile against Comverse, Inc. ("Comverse") in the Arbitration Award be offset against the amount awarded to Comverse against ATI Chile, so that the judgment entered on the Arbitration Award reflects a netting of the respective awards. ATI Chile also submits this brief in support of its request that the Arbitration Award remain permanently filed under seal, in accordance with the parties' arbitration agreement and the Stipulated Protective Order of the Arbitral Tribunal.

## STATEMENT OF FACTS

**The Arbitration**

On July 26, 2006, Comverse initiated the arbitration ("Arbitration") by filing a Demand for Arbitration and a Statement of Claim with the ICDR (the "Arbitration Demand"), which contained the following nine claims against ATI Chile:

- Breach of contract for non-performance and repudiation of the Value Added Reseller Agreement (the "VAR Agreement") between the parties dated July 22, 2004 (the "First Claim");

---

[1] Dorsey & Whitney LLP has been retained by ATI Chile alone to respond to the Petition to Confirm and appears herein solely on behalf of ATI Chile. In this proceeding, Dorsey & Whitney does not represent the other ATI entities that participated in the arbitration and therefore does not respond on their behalf.

- Breach of contract for failure to make payment on certain purchase orders (the "Second Claim");

- Breach of contract for improper business practices (the "Third Claim");

- Breach of the covenant of good faith and fair dealing (the "Fourth Claim");

- Tortious interference with prospective economic advantages (the "Fifth Claim");

- Declaratory judgment that ATI Chile has no right to prevent Comverse from competing against it (the "Sixth Claim");

- Breach (and/or prospective breach) of the covenant not to compete (the "Seventh Claim");

- Breach (and/or prospective breach) of the Non-Disclosure/Confidentiality Agreement (the "Eighth Claim"); and

- Breach (and/or prospective breach) of various licenses set forth in the VAR Agreement (the "Ninth Claim").

*See* Petition to Confirm, Exhibit C.

On September 7, 2006, ATI Chile submitted a Statement of Defense and Counterclaims (the "Answer"), in which it denied Comverse's claims in their entirety and asserted the following eight counterclaims:

- Breach of warranty obligations under the VAR Agreement (the "First Counterclaim");

- Breach of the VAR Agreement for failure to fill pending purchase orders and to consult with ATI Chile upon termination of the agreement (the "Second Counterclaim");

- Breach of the VAR Agreement for failure to pay for certain technology and commissions (the "Third Counterclaim")

- Breach of the VAR Agreement for failure to provide support and spare parts (the "Fourth Counterclaim");

- Breach of ATI Chile's exclusive territories under the VAR Agreement (the "Fifth Counterclaim");

- Inducement of ATI Chile's employees into the hire of Comverse in breach of the VAR Agreement (the "Sixth Counterclaim");

- Breach of the covenant of good faith and fair dealing (the "Seventh Counterclaim"); and
- Declaratory judgment finding the VAR Agreement's non-compete provision unenforceable (the "Eighth Counterclaim").

On January 16, 2007, ATI Chile submitted an Amended Statement of Defense and Counterclaims, in which it added a ninth counterclaim for unjust enrichment based upon Comverse's failure to re-purchase inventory, its refusal to fill purchase orders and its refusal to provide certain support (the "Ninth Counterclaim"). *See* Petition to Confirm, Exhibit D.

On October 30, 2006, counsel for Comverse and counsel for ATI Chile executed a Stipulation and Protective Order (the "Protective Order") to "govern the treatment of confidential and proprietary information in [the] arbitration." *See* Declaration of Brooke E. Pietrzak, sworn to on January 14, 2008 ("Pietrzak Decl."), Exhibit A, p. 1. David J.A. Cairns, the Chairperson of the Arbitral Tribunal, signed the Protective Order on November 10, 2006 on behalf of the Arbitral Tribunal. *Id.* at p. 10. Pursuant to the express terms of the Protective Order, the parties agreed that all designated Confidential Information should be filed in a sealed envelope or other appropriate container and that the information should be "maintained under seal until further order of the arbitrators." *Id.* at ¶ 2(b). In addition, the American Arbitration Association's International Dispute Resolution Procedures (the "IDRP") are the relevant arbitration rules invoked by the parties' arbitration agreement at Section 23.8 of their VAR Agreement. A copy of the VAR Agreement, without the Schedules thereto, is attached to the Pietrzak Decl. as Exhibit B, and a copy of the IDRP is attached to the Pietrzak Decl. as Exhibit C. Article 27(4) of the IDRP provides that an arbitration award "may be made public only with the consent of <u>all</u> parties or as required by law." *Id.* (emphasis added).

The parties exchanged documents, fact witness statements, expert witness statements and pre-hearing briefs before the arbitration commenced. The Arbitration hearings were held in New York City on March 19-29, 2007 and following the hearings, the parties submitted post-hearing briefs. On September 29, 2007, at the request of the Arbitral Tribunal, the parties submitted supplemental briefs on the issue of damages on ATI Chile's Fourth Counterclaim. The Arbitral Tribunal subsequently closed the hearing on October 29, 2007 and issued the Arbitration Award on November 29, 2007.

**The Arbitration Award for ATI Chile**

The Arbitral Tribunal found as follows in its Arbitration Award with respect to ATI Chile:

The Arbitral Tribunal dismissed ATI Chile's First, Second, Seventh, Eighth and Ninth Counterclaims against Comverse (Petition to Confirm, Exhibit E, p. 63), but ruled in ATI Chile's favor on ATI Chile's four remaining counterclaims and awarded ATI Chile damages against Comverse on three of those counterclaims.

On ATI Chile's Third Counterclaim, the Arbitral Tribunal found that Comverse breached the VAR Agreement by failing to pay certain invoices and commissions owed to ATI Chile and awarded ATI Chile $4,169,605.77 in damages against Comverse. *Id.* at p. 37.

On ATI Chile's Fourth Counterclaim, the Arbitral Tribunal found that Comverse breached the VAR Agreement by failing to provide certain support services to ATI Chile, however, the Tribunal found that ATI Chile was unable to establish its damages. *Id.* at p. 46.

4

On ATI Chile's Fifth Counterclaim, the Arbitral Tribunal found that Comverse breached certain of ATI Chile's exclusive territories under the VAR Agreement and awarded ATI Chile $125,000 in damages against Comverse. *Id.* at p. 50.

On ATI Chile's Sixth Counterclaim, the Arbitral Tribunal found that Comverse indirectly solicited certain ATI Chile employees and awarded ATI Chile $267,588 in damages against Comverse. *Id.* at p. 53.

Accordingly, as Comverse acknowledges in paragraph 25 of its Petition to Confirm, ATI Chile was awarded a total sum of $4,562,193.77 in damages against Comverse on its counterclaims. *Id.* p. 62. The Tribunal also required in its Arbitration Award that Comverse reimburse ATI Chile the sum of $2,108.79 to reconcile the apportioned costs of the Arbitration. *Id.* at p. 63. Thus, the total awarded to ATI Chile against Comverse in the Arbitration Award was the sum of $4,564,302.50.

**The Arbitration Award for Comverse**

The Arbitral Tribunal found as follows in the Arbitration Award with respect to Comverse's claims against ATI Chile:

Comverse's First, Third, Fourth, Fifth, Sixth, Seventh, Eighth and Ninth Claims against ATI Chile were dismissed (including the claims that were the basis for Comverse's withdrawn application to this Court in September 2006 for preliminary injunctive relief). Petition to Confirm, Exhibit E, p. 63.

On Comverse's Second Claim, as to ATI Chile, the Tribunal found in favor of Comverse for nonpayment of purchase orders and awarded Comverse $5,884,799.60 in damages against ATI Chile. *Id.* at p. 62.

## ARGUMENT

### I.

### THE ARBITRATION AWARD AGAINST ATI CHILE SHOULD BE OFFSET BY THE AWARDS IN FAVOR OF ATI CHILE IN THE JUDGMENT ENTERED ON THE AWARD

The right to set off one judgment against another has long been recognized in this jurisdiction. As the New York Court of Appeals noted

> To set off one judgment against another by motion is a procedure recognized by the textbooks and the authorities. The satisfaction of a judgment may be wholly or partially produced by compelling the judgment creditor to accept in payment a judgment against him in favor of the judgment debtor or, in other words, by setting off one judgment against another.

*Neenan v. Woodside Astoria Transp. Co.*, 261 N.Y. 159, 163, 184 N.E. 744 (1933); *see also Scianna v. Scianna*, 205 A.D.2d 750, 613 N.Y.S.2d 679 (2d Dep't 1994) (citations omitted) ("The authority to set off one judgment against another is ancient and well established under the principles of common law as an inherent power of the court."). The power to obtain a set off "is not limited to situations in which the set off is sought to be applied to judgments rendered between the parties in different actions or courts" and therefore may be granted within the same action or proceeding. *See Scianna*, 205 A.D.2d at 751, 613 N.Y.S.2d at 679 (citing *Jamaica Hosp. v. Blum*, 68 A.D.2d 1,6, 416 N.Y.S.2d 294 (2d Dep't 1979)). When determining whether final judgments should be offset, the courts are guided by principles of equity. *See Neenan*, 261 N.Y. at 163.

In the instant matter, the Arbitral Tribunal awarded Comverse $5,884,799.60 in damages specifically from ATI Chile and awarded ATI Chile $4,562,193.77 in damages from Comverse and awarded an additional sum of $2,108.70 to ATI Chile from Comverse, to reconcile the apportioned costs of the Arbitration. *See* Petition to Confirm, Exhibit E at pp. 62-63. When these awards are set off against each other, the amount due and owing to Comverse from ATI Chile is $1,320,497.13. The Arbitration Award is final for purposes of both the IDRP and Article 1 of the New York Convention of 1958, *see id.* at pp. 1, 64, and the indebtedness of Comverse to ATI Chile and ATI Chile to Comverse is therefore established. Given the long-standing recognition in this jurisdiction of the right to setoff, the award Comverse obtained against ATI Chile should be partially satisfied by the awards ATI Chile obtained against Comverse.[2] Such an approach is both equitable and efficient.

## II.

## THE ARBITRATION AWARD SHOULD REMAIN FILED UNDER SEAL

We understand from Comverse that the Arbitration Award is presently filed under seal with the Court. Because the Federal Arbitration Act, 9 U.S.C.A. § 1 et seq., directs the courts to respect and facilitate agreements to arbitrate commercial disputes, and because the parties here agreed to keep the Arbitration Award confidential and under seal, the Arbitration Award should remain under seal. Confirmation of the award as a judgment does not necessitate that the Arbitral Tribunal's discussion of confidential evidence be revealed in the public file. The judgment confirming the award need not disclose more than the names of the parties and the respective amounts awarded. Thus, public disclosure of the full Arbitration Award is not

---

[2] In requesting the offset of the awards between ATI Chile and Comverse, ATI Chile does not seek any modification of the Arbitration Award itself. However, even if ATI Chile's request for an offset were somehow deemed to be a modification, the Court has the authority to make such a modification. *Productos Mercantiles E Industriales, S.A. v. Faberge USA, Inc.*, 23 F.3d 41, 45-46 (2d Cir. 1994).

required by law and would undermine the public policy favoring arbitration of commercial disputes.

Here, the parties agreed to resolve their disputes in private arbitration and to keep the resulting arbitration award confidential and under seal. Section 23.8 of the VAR Agreement states that "[a]ny claim or controversy arising out of or related to this Agreement shall be submitted to binding arbitration in New York, New York in accordance with the then prevailing Rules of the American Arbitration Association." *See* Pietrzak Decl., Exhibit B. The International Centre for Dispute Resolution ("ICDR") is "charged with the exclusive administration of all of the AAA's international matters," and the prevailing AAA Rules governing such arbitrations are the IDRP. *See* Pietrzak Decl., Exhibit C, at Introduction. Comverse therefore is contractually bound, by the VAR Agreement it entered into with ATI Chile, to the rules set forth in the IDRP. Indeed, in its Petition to Confirm (¶¶ 20, 23), Comverse acknowledges that the IDRP are the governing arbitration rules.

Section 27(4) of the IDRP expressly states that "[a]n award may be made public only with the consent of <u>all</u> parties or as required by law." *See* Pietrzak Decl., Exhibit C (emphasis added). ATI Chile has not consented to the public filing of the Arbitration Award, nor is the public filing of the Arbitration Award required by law. *See* Pietrzak Decl., ¶ 6. Comverse also is obligated to maintain the confidentiality of the Arbitration Award pursuant to the Protective Order that was negotiated and jointly executed by Comverse and ATI Chile in October 2006 and signed by the Arbitral Tribunal as its order. Pursuant to the express terms of the Protective Order, the parties agreed that all designated Confidential Information should be filed in a sealed envelope or other appropriate container and that the information should be "maintained under seal until further order of the arbitrators." *See* Pietrzak Decl., Exhibit A at ¶ 2(b). In this case,

8

the Arbitration Award refers to, and is based upon, information that was designated as Confidential during the Arbitration. *See* Pietrzak Decl. at ¶ 5. The parties therefore are obligated to maintain such information under seal.

"Federal law 'simply requires courts to enforce privately negotiated agreements to arbitrate, like other contracts, in accordance with their terms,'" *see Collins & Aikman Products Co. v. Building Systems, Inc.*, 58 F.3d 16, 19-20 (2d Cir. 1995) (citations omitted), which are reflected, in the instant matter, in the VAR Agreement, the Protective Order and IDRP. In *Trustmark Ins. Co. v. John Hancock Life Ins. Co.*, 2004 WL 1376409 (N.D.Ill. June 17, 2004) at *2, for example, the court found that the petitioner's proposed Order to confirm the arbitration award was more appropriate than the respondent's, in part, because it was "consistent with the Confidentiality Agreement entered into in the underlying arbitration, wherein the parties agreed that in the context of a confirmation proceeding they would seek to have the Award filed under seal." ATI Chile, like the petitioner in *Trustmark*, is simply seeking to adhere to the terms of the agreement negotiated between the parties in the underlying arbitration.

There are also important public interests at stake that weigh heavily in favor of keeping the Arbitration Award permanently under seal. Arbitration is "recognized as an efficacious procedure whereby parties can select their own nonjudicial forum for the '<u>private</u> and practical' resolution of their disputes ...." *In re Sprinzen*, 46 N.Y.2d 623, 629, 389 N.E.2d 456, 458, 415 N.Y.S.2d 974, 976 (1979) (citation omitted, emphasis added). This private feature of arbitration distinguishes it from judicial dispute resolution, where the public normally has an important, overriding interest in knowing the details of how disputes are being judicially resolved. In confirming an arbitration award, the Court is not itself resolving the underlying dispute. In fact, if the Court does enter a judgment on the Arbitration Award, the judgment "should simply state

'who is liable' and for 'how much." *See Trustmark Ins. Co*, 2004 WL 1376409, at *2 (citations omitted) (denying respondent's Cross Motion to Confirm Arbitration Award, in part, because its proposed Order disclosed contents of the Award). Because the details of the Arbitration Award need not be revealed in the ultimate judgment entered on the award, public filing of the Arbitration Award is not required by law, and the parties' arbitration agreement, including its confidentiality provisions, should be enforced by the Court in compliance with the Federal Arbitration Act.

## CONCLUSION

For the foregoing reasons, ATI Chile respectfully requests that the amounts awarded to ATI Chile against Comverse in the Arbitration Award be offset against the amount awarded to Comverse against ATI Chile, so that the judgment entered on the Arbitration Award reflect a netting of the respective awards. ATI also respectfully requests that the Arbitration Award remain permanently under seal.

Dated: New York, New York
       January 14, 2008

Respectfully submitted,

**DORSEY & WHITNEY LLP**

By:   /s/Brooke E. Pietrzak
―――――――――――――――
Neil E. McDonell (NM-1715)
Brooke E. Pietrzak (BP-7314)
Eric B. Epstein (EE-8992)

250 Park Avenue
New York, New York 10177
(212) 415-9200

Attorneys for Respondent American Telecommunication, Inc. Chile S.A.