**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| COMVERSE, INC., )<br>)<br>Petitioner, )<br>)<br>-v- )<br>)<br>AMERICAN TELECOMMUNICATION, INC. )<br>CHILE S.A., AMERICAN )<br>TELECOMMUNICATION INC. BOLIVIA S.A., )<br>AMERICAN TELECOMMUNICATION DO )<br>BRASIL LTDA., AMERICAN )<br>TELECOMMUNICATION INC. ECUADOR )<br>ATIECUADOR S.A., and AMERICAN )<br>TELECOMMUNICATION PERU S.A., )<br>)<br>Respondents. )<br>) | Case No. 07-cv-11121-PKL<br><br>ECF CASE |

**MEMORANDUM OF LAW**
**IN SUPPORT OF COMVERSE, INC.'S ORDER TO SHOW CAUSE**


DICKSTEIN SHAPIRO LLP
1177 Avenue of the Americas
New York, New York 10036
(212) 277-6500
Attorneys for Petitioner Comverse, Inc.

# TABLE OF CONTENTS

Page

STATEMENT OF FACTS ................................................................................................ 1

    The Arbitration Award .......................................................................................... 1

    Dorsey Refuses To Accept Service Of Comverse's Petition To Confirm The Arbitration Award On Behalf Of ATI Chile And ATI's Sister Companies ...................... 2

    Comverse Files The Petition To Confirm The Arbitration Award; Dorsey Announces That They Are Only Representing ATI Chile (And Not ATI's Sister Companies) In Connection With The Petition To Confirm ................................................ 3

    This Court Issues Judgments Against ATI Chile and ATI's Sister Companies ................ 4

    ATI Chile Manifests No Intention To Satisfy The Judgment Against It; Comverse Sends Information Subpoenas To ATI Chile, and ATI Chile Refuses To Provide Meaningful Responses ........................................................................................... 5

ARGUMENT ................................................................................................................ 8

I.    ATI CHILE HAS FAILED TO PROVIDE MEANINGFUL RESPONSES TO THE INFORMATION SUBPOENAS ............................................................................ 8

    A.    ATI Chile's Improper Request For The Confidential Designation Of Financial And Business Records ................................................................. 8

    B.    ATI Chile's Denial Of Knowledge Regarding Its Sister Companies ................ 11

II.    COMVERSE IS ENTITLED TO A "WIDE RANGE" OF POST-JUDGMENT DISCOVERY ................................................................................................. 12

III.    COMVERSE IS ENTITLED TO ITS ATTORNEYS' FEES AND COSTS INCURRED IN CONNECTION WITH THIS APPLICATION ................................... 14

CONCLUSION ............................................................................................................ 15

Petitioner Comverse, Inc. ("Comverse" or "Petitioner"), by its attorneys Dickstein Shapiro LLP, respectfully submits this memorandum of law together with the Declaration of Deborah A. Skakel, dated March 24, 2007, and the exhibits annexed thereto, in support of its Order to Show Cause seeking an Order of this Court, pursuant to Rule 37(a) of the Federal Rules of Civil Procedure: (i) compelling Respondent American Telecommunication, Inc. Chile S.A. ("ATI Chile" or "Respondent"), to respond in full to the Information Subpoena served upon it pursuant to Rule 69(a) of the Federal Rules of Civil Procedure, in connection with the enforcement of the Judgment entered against it in this action; (ii) compelling ATI Chile to respond in full to the Information Subpoenas served upon it pursuant to Rule 69(a) of the Federal Rules of Civil Procedure, in connection with the enforcement of the Default Judgment entered against American Telecommunication Inc. Bolivia S.A., American Telecommunication do Brasil Ltda., American Telecommunication Inc. Ecuador ATIECUADOR S.A. and American Telecommunication Peru S.A. (collectively, "ATI's Sister Companies") in this action; and (iii) granting Petitioner its attorneys' fees and costs incurred in connection with this application.

**STATEMENT OF FACTS**

**The Arbitration Award**

Unfortunately, once again, ATI Chile's conduct in connection with the arbitration of Comverse's money claims against it has resulted in another application to this Court – this one to enable Comverse to enforce the judgments that this Court entered just last month. We will briefly review the factual background and procedural posture of this matter.

Comverse, ATI Chile, and ATI's Sister Companies participated in a binding arbitration in New York in which Comverse prosecuted its multi-million dollar accounts receivable claim against ATI Chile and ATI's Sister Companies based on unpaid invoices dating back to 2003 (the "Arbitration"). Skakel Decl. ¶ 2. The Arbitral Tribunal, after "having duly heard the proofs

and allegations of the Parties," issued the Arbitration Award. Id. The Arbitration Award awarded Comverse a total of US$22,295,275.60 – allocated among ATI Chile and each of its Sister Companies. Id. The Arbitration Award awarded ATI Chile the total sum of US$4,562,193.77 for the counterclaims it asserted in the Arbitration. Id.

ATI Chile and ATI's Sister Companies were all represented by Dorsey & Whitney LLP ("Dorsey & Whitney") and Chilean counsel throughout the course of the Arbitration, through the submission of the final post-hearing briefs to the Arbitral Tribunal in September 2007 and until (at least) the issuance of the Arbitration Award in late November 2007. Id. ATI Chile (and its counsel) and ATI's Sister Companies have crafted some clever stratagems in a continuing effort to avoid the ATI entities' obligation to pay Comverse the over US$22 million due. The history of ATI Chile's and ATI's Sister Companies' machinations are set forth below.

**Dorsey & Whitney Refuses To Accept Service Of Comverse's Petition To Confirm The Arbitration Award On Behalf Of ATI Chile And ATI's Sister Companies**

The Arbitration Agreement (signed by ATI Chile) expressly states that "[t]he parties consent to the jurisdiction of the Courts of New York, New York in connection with respect to [sic] any award made by the arbitrator(s)." Skakel Decl. ¶ 3, Ex. A. Further, during the course of the Arbitration, ATI's counsel made an express representation on March 22, 2007, that ATI's Sister Companies agreed to be bound by that same clause, thus evidencing ATI's Sister Companies' consent to the jurisdiction of the New York Courts in connection with the Arbitration Award. Skakel Decl. ¶ 4, Ex.B.

Notwithstanding ATI Chile's and ATI's Sister Companies' express consent to the jurisdiction of this Court in connection with the Arbitration Award, and Dorsey & Whitney's continued representation of the ATI entities, on December 12, 2007, Neil McDonell of Dorsey &

2

Whitney refused to accept service of Comverse's Petition To Confirm The Arbitration Award (the "Petition") on behalf of ATI Chile or ATI's Sister Companies and stated:

> I am simply not authorized to accept service of the petition on behalf of any of the ATI companies. As you know, Dorsey & Whitney LLP represented the ATI respondents in the arbitration proceedings, but that does not give us authority to accept service of the petition on their behalf.

Skakel Decl. ¶ 5, Ex. C.

As a result of this ploy, Comverse was forced to spend time and money making an application to this Court for an Order For Alternative Method of Service of Process pursuant to Rule 4(h)(2) of the Federal Rules of Civil Procedure. Skakel Decl. ¶ 6.[1] Comverse's application was granted on December 13, 2007, and this Court directed service upon ATI Chile and ATI's Sister Companies by, inter alia, service upon Dorsey & Whitney.

**Comverse Files The Petition To Confirm The Arbitration Award;
Dorsey Announces That They Are Only Representing ATI Chile (And
Not ATI's Sister Companies) In Connection With The Petition To Confirm**

On December 7, 2007, Comverse filed its Petition To Confirm The Arbitration Award. Skakel Decl. ¶ 7. On January 3, 2008, Mr. McDonell of Dorsey & Whitney sent an email stating:

> I did not advise you on December 12, 2007, or at any other time, that we represent the ATI entities in connection with Comverse's SDNY proceeding to confirm the arbitration award. To the contrary, I made clear that we represented those entities only in connection with the arbitration. . . .
>
> *We have subsequently been retained by American Telecommunication, Inc. Chile S.A. ("ATI Chile"), alone, to respond on its behalf to Comverse's petition to confirm the*

---

[1] Notably, in a related action in this Court, Comverse v. American Telecommunication, Inc. Chile S.A., 06 Civ. 6825 (PKL), Comverse made an identical request for an alternative method of service in connection with its application for injunctive relief in aid of arbitration, which was granted by this Court. Skakel Decl. ¶ 6 n.1.

3

> *arbitration award, which -- as you know -- includes an award in ATI Chile's favor against Comverse. We have not been retained to appear in the SDNY proceeding on behalf of any of the other ATI entities that participated in the arbitration, and thus we will be appearing in the SDNY proceeding solely for ATI Chile.*

Skakel Decl. Ex. D (emphasis added). Thus, Dorsey & Whitney announced they were representing ATI Chile (which, of course, is the only ATI entity that was awarded anything by the Arbitral Panel), but was not representing ATI's Sister Companies, who chose to evade their express consent to the jurisdiction of this Court and their monetary obligations to Comverse.

On January 14, 2008, ATI Chile filed a Brief In Response To Comverse, Inc.'s Petition To Confirm Arbitration Award, in which ATI Chile sought to confirm the Arbitral Award in its entirety for the purpose of having the amount awarded to ATI Chile for its counterclaims offset against the amount awarded to Comverse against ATI Chile. Skakel Decl. ¶ 8. Not surprisingly, ATI's Sister Companies failed to respond to Comverse's Petition. Id.

**This Court Issues Judgments Against ATI Chile and ATI's Sister Companies**

On February 4, 2008, this Court granted Comverse's Petition and confirmed the Arbitration Award in its entirety. Skakel Decl. ¶ 9, Ex. E. On that same date, this Court entered a Judgment against ATI Chile in the amount of US$1,342,312.47, and a Default Judgment against ATI's Sister Companies in the following amounts: US$12,499,488.37 against American Telecommunication do Brasil Ltda.; US$3,271,888.92 against American Telecommunication Peru S.A.; US$16,709.56 against American Telecommunication Inc. Bolivia S.A.; and US$893,499.20 against American Telecommunication Inc. Ecuador ATIECUADOR S.A. Skakel Decl. ¶ 9, Exs. F, G.

**ATI Chile Manifests No Intention To Satisfy The Judgment
Against It; Comverse Sends Information Subpoenas To ATI
Chile, and ATI Chile Refuses To Provide Meaningful Responses**

After the issuance of the Judgments against ATI Chile and ATI's Sister Companies, none of the ATI entities made any effort whatsoever to satisfy the Judgments. Indeed, counsel for Comverse began requesting assurances from Dorsey & Whitney regarding payment as far back as December 2007:

> In light of your continuing representation of the ATI entities, as well as Comverse's continuing concerns as to ATI's intention and ability to pay the significant amounts under the Award (concerns that are heightened by your apparent "lack of authority" to accept service on behalf of any of the ATI entities), are you authorized to provide any assurances as to whether the ATI entities are ready, willing and able to pay the sums due under the Award?

Skakel Decl. ¶ 10, Ex. C. Not surprisingly, counsel for ATI did not respond to the request for assurances posed by counsel for Comverse. Skakel Decl. ¶ 10. Again on February 13, 2008, counsel for Comverse sought information from Dorsey & Whitney regarding "whether and when any amount of either or both judgments will be paid." Skakel Decl. ¶ 11, Ex. H. On that same date, counsel for Comverse served Dorsey & Whitney with a courtesy copy of the Restraining Notice and Information Subpoena directed to ATI Chile that Comverse indicated it would serve after expiration of the ten-day mandatory stay set forth in Rule 62(a) of the Federal Rules of Civil Procedure. Skakel Decl. Id.

Once again, counsel for Comverse received no response from Dorsey & Whitney regarding its second request for assurances. Skakel Decl. ¶ 12. Accordingly, on February 19, 2008, Comverse formally served Dorsey & Whitney, by hand, with a copy of the Restraining Notice and Information Subpoena with Restraining Notice regarding Judgment Debtor ATI Chile, as well as Information Subpoenas regarding ATI Chile's knowledge of its Sister Companies' assets and other information that would assist Comverse in collecting the judgment

5

against ATI's Sister Companies. Id., Skakel Decl. Ex. I. Comverse also served Restraining Notices on ATI's Sister Companies at their business addresses. Skakel Decl. ¶ 12.

On February 22, 2008 (four days before ATI Chile's responses to the Information Subpoenas were due), Dorsey & Whitney contacted counsel for Comverse seeking a three-week extension until March 18, 2008 to respond to the Information Subpoenas "because it is the summer holiday in Chile right now and we therefore have not been able to discuss the requests with" ATI Chile. Skakel Decl. ¶ 13, Ex. J. On that same date, Dorsey & Whitney stated that "[b]efore any information is provided, please be advised that the parties will need to execute a Confidentiality Order. I will prepare a draft, along the lines of the Confidentiality Order Comverse previously agreed to [i.e., during the arbitration], . . . ." Id.

The draft Confidentiality Order provided by counsel for ATI Chile was nothing more than a sham to further delay ATI Chile from having to provide meaningful responses to the Information Subpoenas. Specifically, according to the proposed Confidentiality Order:

> The designation "CONFIDENTIAL-OUTSIDE ATTORNEYS EYES ONLY" shall apply only to documents or other materials that contain significant competitive or proprietary information, **confidential financial or business information**, technical information or other trade secrets, which would not be disclosed in the ordinary course of business without an obligation of confidentiality and/or which if otherwise disclosed would cause the disclosing party competitive harm or could place the receiving party at a competitive disadvantage.

Skakel Decl. ¶ 14, Ex. K at 1-2 (emphasis added).

A letter writing exchange between counsel for both parties ensued. See Skakel Decl. ¶ 15, Exs. L - N. In its letters, Comverse challenged ATI's assertion that it had any right to request Attorneys' Eyes Only or confidential treatment of information Comverse needs to use – and share with third parties – in order to attempt to satisfy the Judgment that ATI Chile refuses to pay. Skakel Decl. Exs. L, N. In an effort to satisfy ATI Chile's purported concerns about the

potential misuse of its financial information, Comverse offered to: (1) "[u]se the information ATI Chile provides in response to the Information Subpoena solely for the purpose of judgment enforcement"; and (2) "[u]se the provisions of CPLR Article 52 in enforcing the judgments in a manner consistent with CPLR 5420 – i.e., refrain from unreasonable annoyance and abuse in the use of the CPLR enforcement procedures." Skakel Decl. Ex. N. As noted in Comverse's counsel's letter to Dorsey & Whitney, the first commitment was consistent with Dorsey's proposed confidentiality order; and the second commitment was the only other protection to which ATI Chile was justifiably entitled.

Wanting more than that to which it is entitled, and consistent with its strategy of avoidance and delay, ATI Chile rejected Comverse's offer. Instead, in its Objections and Responses to the Information Subpoenas (the "Responses"), ATI Chile provides no information regarding the key categories of information relating to ATI Chile's assets (i.e., bank account information, financial statements and payments to creditors) because a "suitable protective order" had not been entered into between the parties. Skakel Decl. Ex. O at 2, Resps. to Req. Nos. 10, 18, 28. In its Responses concerning the ATI Sister Companies, ATI Chile also disclaimed basic knowledge regarding the financial condition of ATI's Sister Companies – at least one of whom is owned almost entirely by ATI Chile. Skakel Decl. Ex. P Resps. to Req. Nos. 16-17.

Following receipt of ATI Chile's Responses, counsel for the parties engaged in additional email correspondence. See Skakel Decl. Exhibits R-T. Despite ATI Chile's counsel's communications and the purported legal authority in support of their demand for a confidential-attorneys' eyes only protective order, and as noted to Brooke Pietrzak of Dorsey & Whitney: (a) ATI Chile has not provided any controlling legal authority to support its position regarding

7

confidentiality; and (b) the official records regarding ATI Brasil indicate that ATI Chile owns approximately 98% of ATI Brasil.

This motion followed.

## ARGUMENT

As a result of ATI Chile's non-compliance with the Information Subpoenas, Comverse seeks an order, pursuant to Rule 37(a) of the Federal Rules of Civil Procedure, compelling ATI Chile to provide meaningful responses to the Information Subpoenas so that Comverse can attempt to collect the many millions of dollars owed to it by ATI Chile and ATI's Sister Companies.

**I.    ATI CHILE HAS FAILED TO PROVIDE MEANINGFUL RESPONSES TO THE INFORMATION SUBPOENAS**

ATI Chile's attempt to condition its responses to the Information Subpoenas on the entry of a "suitable protective order" is contrary to the law and practice regarding post-judgment discovery and is nothing more than a transparent attempt to withhold pertinent information to Comverse to further evade its payment obligations pursuant to the Judgment. ATI Chile's further attempt to feign ignorance regarding the assets of its Sister Companies (notwithstanding that at least one such company is more than 98% owned by ATI Chile) is disingenuous and should not be tolerated.

**A.    ATI Chile's Improper Request For The Confidential Designation Of Financial And Business Records**

ATI Chile is attempting to require the designation of all "confidential financial or business information" (which necessarily includes all information relevant to the location of ATI Chile's assets) as "Outside Attorneys' Eyes Only" as a prerequisite to the production of such documents. Skakel Decl. Ex. K. Specifically, following are certain of ATI Chile's responses to questions in the Information Subpoena that are at issue:

8

Request No. 10:

What bank accounts has the debtor maintained during the past 2 years?

Response to Request No. 10:

ATI Chile objects to this Request on the ground that it seeks the disclosure of sensitive business and financial information without a suitable protective order having been entered. ATI Chile will answer this Request upon the entry of a suitable protective order.

Request No. 18:

Has the debtor issued any financial statement within the past two years and if so to whom issued, including mercantile and trade agencies?

Response to Request No. 18:

ATI Chile objects to this Request on the basis that it seeks the disclosure of sensitive business and financial information without a suitable protective order having been entered. ATI Chile also objects to this Requests [sic] on the basis that it is vague and ambiguous, particularly in referring to "financial statements." Subject to and without waiving the foregoing general and specific objections, each year ATI Chile issues financial statements to the Servicio de Impuestos Internos (the Chilean Tax Bureau). ATI Chile will further answer this Request upon the entry of a suitable protective order.

Request No. 28:

What payments over $100 have been made to any other creditor within the past 4 months?

Response to Request No. 28:

ATI Chile objects to this Request on the ground that it seeks the disclosure of sensitive business and financial information without a suitable protective order having been entered. ATI Chile will answer this Request upon the entry of a suitable protective order.

Skakel Decl. Ex. O.

In its March 10th letter to counsel for Comverse, counsel for ATI Chile attempts to rely on CPLR 5420 and two cases citing thereto for the proposition that "a protective order, including

9

one with an attorneys' eyes only designation, is proper in the post-judgment context." Skakel Decl. Ex. M. However, CPLR 5420 – the purpose of which is to prevent abuse in the use of the enforcement mechanisms under CPLR Article 52 (and analogous to CPLR 3103, whose purpose is to prevent abuse in the use of the disclosure devices under CPLR Article 31) – is inapplicable here. It can hardly be said that the Information Subpoenas served by Comverse, which ask standard questions in an attempt to locate assets to satisfy a multi-million dollar judgment that ATI Chile refuses to pay, are "abusive" or "harassing." Nor do ATI Chile's Responses contain any such objection to any of the Requests in any of the Information Subpoenas.

It is abundantly clear that the answers to the above questions are the crux of the information regarding the location of the assets of ATI Chile sufficient to satisfy the multi-million dollar outstanding Judgment. Of greater practical significance is that if the information sought via the Information Subpoenas is going to be of any use to Comverse, it must be shared with banks, its attorneys in other jurisdictions (where the majority of ATI Chile's and its Sister Companies' assets are likely located) and other third parties in order to attempt to liquidate and collect the millions of dollars that the judgment debtors are refusing to pay to Comverse. Any "Attorneys' Eyes Only" designation (and an outside counsel one to boot) would make production of such documents for the purpose of enforcing the Judgments futile.

In this regard, the legal authority that ATI Chile's counsel apparently found after Comverse's counsel indicated it was going to seek judicial intervention is not controlling, is inapposite and/or fails to address Comverse's legitimate interest in being able to actually use the information regarding the judgment debtors' assets to actually collect on the Judgments.

- ♦ The Joint Status Report in the Microsoft antitrust litigation (annexed to Ms. Pietrzak's March 24th email (Ex. S)) involves the exchange of information for purposes of enforcing the consent decree provisions of the U.S. and States Attorneys General judgments – information that was

10

already the subject of federal and state statutes providing for confidentiality.

♦ The Northern District of Indiana opinion (annexed to Ms. Pietrzak's March 25th email (Ex. T)) indicated that a protective order restricting disclosure to the judgment creditor's counsel "accommodated" "the legitimate interests of both parties." <u>OHM Resource Recovery Corp. v. Industrial Fuels & Resources, Inc.</u>, 1991 WL 146234, at *5 (N.D. Ind. July 24, 1991). Here, "the legitimate interests" of Comverse in being able to use the financial information to actually collect on the Judgments necessitates sharing ATI Chile's information with third parties such as banks, the marshal, local counsel in Chile and Brazil where assets are likely located, etc. – all within the context of and fully contemplated by the governing judgment enforcement provisions.

**B.    <u>ATI Chile's Denial Of Knowledge Regarding Its Sister Companies</u>**

ATI Chile also refuses to be forthcoming with respect to the Information Subpoenas served in connection with its Sister Companies' assets. Throughout the course of the Arbitration Hearings, ATI Chile's executives testified regarding the affairs of ATI Chile <u>and</u> its Sister Companies, providing detailed information concerning the operations of its Sister Companies in connection with their counterclaims against Comverse. Skakel Decl. ¶ 17. As far back as the first hearing in this case in this Court (in connection with Comverse's preliminary injunction application in aid of arbitration), it became apparent that Luis Nuñez, ATI's CEO, was the "legal representative" of, and had knowledge regarding, ATI's Sister Companies. As Victor Acuña, a member of ATI Chile's board of directors, testified:

> Q:   With whom would you suggest I speak in order to determine whether any of the ATI sister companies have pending bids in Latin America?
>
> A:   I would say the legal representative, this Mr. Nuñez.
>
> Q:   The gentleman that you referred to as the CEO.
>
> A:   Right

11

Skakel Decl. Ex. Q.  Now, however, these same executives claim to have little, if any, knowledge regarding ATI's Sister Companies, despite the extensive testimony that they provided during the Arbitration Hearings concerning the customers and operations of these Companies.

Further, according to official records obtained by Comverse's counsel in Brazil, ATI Chile owns approximately 98% of the shares of American Telecommunication do Brasil Ltda. Skakel Decl. ¶ 18.  Yet ATI Chile stated the following in its response to a question in one of the Information Subpoenas:

> Request No. 16:
>
> Has the debtor [ATI Brasil] given you a statement of his [sic] financial condition?
>
> Response to Request No. 16:
>
> No.

Skakel Decl. Ex. P (Resps. to Reqs. Re:  American Telecommunication do Brasil Ltda.).  It is difficult to fathom that the virtually wholly-owned subsidiary of a company has failed to provide its parent company with any statement of financial condition.

Accordingly, ATI Chile should be compelled to provide information to the full extent of its knowledge regarding the assets of its Sister Companies.

## II.    COMVERSE IS ENTITLED TO A "WIDE RANGE" OF POST-JUDGMENT DISCOVERY

It is well-settled that Comverse is entitled to a "wide range" of post-judgment discovery from ATI Chile, as:

> Discovery of a judgment debtor's assets is conducted routinely under the Federal Rules of Civil Procedure.  Under Rule 69(a), a judgment creditor is entitled to a **wide range of discovery concerning the assets and liabilities of a judgment debtor**.

Banco Cent. de Paraguay v. Paraguay Humanitarian Found., Inc., No. 01 Civ. 9649, 2006 WL 3456521, at *8 (S.D.N.Y. Nov. 30, 2006) (emphasis added) (citation omitted) (internal quotation marks omitted).  See also Kruse v. Sands Bros. & Co., No. 02 Civ. 5912, 2003 WL 203204, at *1 (S.D.N.Y. Jan. 30, 2003) ("Pursuant to Rule 69 of the Federal Rules of Civil Procedure, a judgment creditor may obtain discovery from any person in an effort to enforce a judgment."). Further,

> A judgment creditor is therefore ordinarily entitled to a very thorough examination of a judgment debtor with respect to its assets, including discovery [of] the identity and location of any of the judgment debtor's assets, wherever located.

British Int'l Ins. Co. v. Seguros La Republica, S.A., No. 90 Civ. 2370, 2000 WL 713057, at *5 (S.D.N.Y. June 2, 2000) (alteration in original) (citation omitted) (internal quotation marks omitted); see also id. at *9 (holding that information regarding the judgment debtor's assets, substantially all of which were located in Mexico, was "crucial" to the judgment creditor's ability to collect on its default judgment).  Moreover, since Rule 69 of the Federal Rules of Civil Procedure permits post-judgment discovery of "any person" – not just the judgment debtor – Comverse is also entitled to obtain information from ATI Chile regarding the assets of ATI's Sister Companies.

It is also well-settled that if a party refuses to respond to post-judgment discovery, under Federal Rule of Civil Procedure 37(a), "a district court may compel a non-responsive party to provide the requested discovery."  Banco Cent., 2006 WL 3456521, at *8.  The information ATI Chile is withholding – bank account information, financial statements and recent payments to creditors – is the fundamental information regarding the location of ATI Chile's assets, as:

> [T]here is arguably no information concerning [a judgment debtor's] financial situation which is of greater potential relevance to a judgment creditor than the identity and location of the debtor's assets.

13

British Int'l, 2000 WL 713057, at *5.  Accordingly, ATI Chile should be compelled, pursuant to Rule 37(a) of the Federal Rules of Civil Procedure, to provide complete answers to all outstanding Information Subpoenas.

### III. COMVERSE IS ENTITLED TO ITS ATTORNEYS' FEES AND COSTS INCURRED IN CONNECTION WITH THIS APPLICATION

Where, as here, ATI Chile (and its counsel) have improperly withheld post-judgment discovery concerning highly relevant information concerning the assets and liabilities of a judgment debtor, ATI Chile and its counsel should be liable for Comverse's attorneys' fees and costs in connection with making its motion to compel such information.  Under Rule 37(a) of the Federal Rules of Civil Procedure:  "if the court grants the motion to compel, the court may require the non-compliant party to pay the attorney's fees and costs incurred by the moving party in making the motion to compel."  Banco Cent., 2006 WL 3456521, at *8.  The court may "require the party . . . whose conduct necessitated the motion, the party or attorney advising that conduct, or both" to pay such costs and fees.  Fed. R. Civ. P. 37(a)(5)(A).  Indeed,

> Rule 37 places the burden on the disobedient party to avoid expenses including attorneys' fees by showing that his failure is justified or that special circumstances make an award of expenses unjust.  It is well settled that Rule 37(a) provides, in fact, that the losing party on a motion to compel must pay reasonable expenses, barring extenuating circumstances.

Banco Cent., 2006 WL 3456521, at *10 (citation omitted) (internal quotation marks omitted).

ATI Chile simply cannot show "extenuating circumstances" justifying its refusal to provide full and complete answers to the Information Subpoenas.  Accordingly, ATI Chile and Dorsey & Whitney should be required to pay Comverse's attorneys' fees and costs incurred as a result of this application.

## **CONCLUSION**

For the foregoing reasons, this Court should grant Comverse's Order to Show Cause seeking an order: (i) compelling. ATI Chile to respond in full to the Information Subpoena served upon it pursuant to Rule 69(a) of the Federal Rules of Civil Procedure, in connection with the enforcement of the Judgment entered against it in this action; (ii) compelling ATI Chile to respond in full to the Information Subpoenas served upon it pursuant to Rule 69(a) of the Federal Rules of Civil Procedure, in connection with the enforcement of the Default Judgment entered against ATI's Sister Companies in this action; and (iii) granting Petitioner its attorneys' fees and costs incurred in connection with this application.

Dated: New York, New York
       March 25, 2008

                                          Respectfully submitted,

                                          DICKSTEIN SHAPIRO LLP

                                          By: _____
                                                 Howard Graff (HG7057)
                                                 Deborah A. Skakel (DS8599)
                                                 Lindsay A. Bush (LB0391)
                                        1177 Avenue of the Americas
                                        New York, New York 10036
                                        (212) 277-6500
                                        Attorneys for Petitioner Comverse, Inc.