Neil E. McDonell (NM-1715)
Brooke E. Pietrzak (BP-7314)
Eric Epstein (EE-8992)
DORSEY & WHITNEY LLP
250 Park Avenue
New York, New York 10177
(212) 415-9200

*Attorneys for Respondent*
*American Telecommunication, Inc. Chile S.A.*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| COMVERSE, INC.,<br><br>                    Petitioner,<br><br>     -against-<br><br>AMERICAN TELECOMMUNICATION, INC. CHILE S.A., AMERICAN TELECOMMUNICATION INC. BOLIVIA S.A., AMERICAN TELECOMMUNICATION DO BRASIL LTDA., AMERICAN TELECOMMUNICATION INC. ECUADOR ATIECUADOR S.A., and AMERICAN TELECOMMUNICATION PERU S.A.,<br><br>                    Respondents. | Case No. 07 CV 11121 (PKL)<br><br>ECF CASE<br><br>**DECLARATION OF**<br>**RAFAEL ALFARO MACHERONE** |

I, RAFAEL ALFARO MACHERONE, declare as follows:

 1. I am the Chairman of the Board of American Telecommunication, Inc. Chile S.A. ("ATI Chile"), a position I have held since April 26, 2006. Prior to becoming Chairman, I served as the General Counsel of ATI Chile. I have been employed by ATI Chile since 1997 and am therefore fully familiar with the facts stated herein. I submit this declaration in support of (a) ATI Chile's opposition to Comverse, Inc.'s ("Comverse") Order to Show Cause and (b) ATI Chile's cross-motion for a protective order.

2.     On December 26, 2005, ATI Chile transferred its ownership of American Telecommunication Ltda. ("ATI Brasil"), which was evidenced by 659,043 shares of the company, to American Telecommunication Holdings S.A. ("ATI Holdings") for a total price of US$230,980.  A true and correct copy of the signed and notarized document evidencing this transfer (the "Transfer Document"), entitled "Cesión de Cuotas Sociales American Telecommunication, Inc. Chile S.A. A American Telecommunication Holdings S.A." (in English "Transfer of Ownership of American Telecommunication, Inc. Chile S.A. to American Telecommunication Holdings S.A.") is attached hereto as Exhibit A.  The transfer of ownership is set forth in the paragraph entitled "SEGUNDO" and the total price of the shares is set forth in the paragraph entitled "TERCERO" of the Transfer Document.

3.     On August 1, 2006, ATI Brasil filed a document modifying its bylaws with the Junta Comercial Do Estado Do Rio De Janeiro (the "Bylaw Modification").  A true and correct copy of the document, entitled "Alteracão Do Contrato Social De American Telecommunication Ltda. (in English "Alteration of the Ownership Contract of American Telecommunication Ltda."), is attached hereto as Exhibit B.  The Bylaw Modification, among other items, (i) changed the address of ATI Brasil from a location in Sao Paulo to a location in Rio de Janeiro and (ii) acknowledged the transfer of the ownership of ATI Brasil from ATI Chile to ATI Holdings pursuant to the Transfer Document.  The change in ATI Brasil's address is set forth at page 3, Paragraph A)I under the heading "RESOLVEM."  The acknowledgement of the transfer of ownership is set forth at page 2, Paragraph II, under the heading "CONSIDERANDO."

4.     ATI Chile therefore does not currently own 98% of the shares of ATI Brasil, as Comverse maintains in its Memorandum of Law, nor has it had any ownership interest in ATI Brasil since December of 2005.

5.     In responding to the information subpoena Comverse served on ATI Chile regarding ATI Chile, the company indicated that three of the 68 requests contained confidential financial or business information (Request No. 10, Request No. 18 and Request No. 28).  ATI Chile stated that it would provide responses to these particular requests as soon as a suitable protective order was entered into by the parties.  The information that is responsive to these three requests is vital to ATI Chile's business and its effort to get back on its feet.  ATI Chile did provide a partial answer to Request No. 18, as some of the responsive information was publicly available.

6.     Request No. 10 seeks a list of all the bank accounts ATI Chile has maintained during the past two years.  Request No. 18 seeks a list of the persons or entities to whom ATI Chile has issued financial statements during the past two years.  Request No. 28 seeks a list of creditors to whom payments over $100 have been made over the past four months.

7.     Giving the information requested in these three requests to a direct competitor of ATI Chile, especially one that has already seriously damaged ATI Chile, without any protection in place, would be highly prejudicial to ATI Chile.  The responses to these requests would give Comverse highly detailed information regarding ATI Chile's business plans, including current and potential customers, projects and vendors.  The viability of ATI Chile has already been damaged by the misconduct of Comverse's business people and the manner in which the 17 year long relationship between the parties was terminated by Comverse.  ATI Chile cannot afford to provide Comverse with a roadmap of its sensitive business and financial information before a protective order is entered.

-4-

I declare under penalty of perjury that the foregoing is true and correct. Executed on April 7, 2008, at Santiago, Chile.

/s/Rafael Alfaro Macherone
_____
RAFAEL ALFARO MACHERONE

# EXHIBIT A

## CESIÓN DE CUOTAS SOCIALES

## AMERICAN TELECOMMUNICATION, INC. CHILE S.A

A

## AMERICAN TELECOMMUNICATION HOLDINGS S.A.

\* \* \* \* \* \* \* \* \*

En Santiago de Chile, a veinte y seis de diciembre del dos mil cinco, entre American Telecommunication, Inc. Chile S.A., rut 86.639.700-7, representada por don Luis Alberto Núñez Asecio, ambos domiciliados en La Concepción 177, Providencia y American Telecommunication Holdings S.A., rut 96.750.520-K, representada por don Víctor Acuña Ascuí, ambos domiciliados en La Concepción 177, Providencia, se ha convenido el siguiente contrato de cesión de cuotas sociales:

**PRIMERO:** La sociedad American Telecommunication, Inc. Chile S.A. es propietaria de 659.043 (seiscientos cincuenta y nueve mil cuarenta y tres) cuotas de la sociedad brasileña denominada "American Telecommunication Ltda.", una sociedad inscrita en la Junta Comercial de Estado de Rio de Janeiro bajo el número 33 2 070432-0 con fecha 29 de diciembre de 2.003. Dicha sociedad tiene un total de 659.943 cuotas.

**SEGUNDO:** Por el presente instrumento American Telecommunication, Inc. Chile S.A., cede y transfiere la cantidad de 659.043 cuotas de la mencionada sociedad American Telecommunication Ltda. a American Telecommunication Holdings S.A., por quien don Víctor Acuna Ascuí las acepta y adquiere.

**TERCERO:** El precio por el total de las cuotas cedidas mediante el presente contrato es la suma de US$ 230.980 (doscientos treinta mil novecientos ochenta dólares de los Estadios Unidos de América), precio que la compradora pagará a la vendedora dentro del plazo de tres meses contados desde esta fecha.

**CUARTO:** En este acto American Telecommunication, Inc. Chile S.A. hace entrega a American Telecommunication Holdings S.A. de los títulos representativos de las cuotas sociales a cuya cesión se refiere este instrumento, declarando el representante de esta última recibirlos a su entera satisfacción.

**QUINTO:** Don Víctor Acuña Ascuí, en la representación en que comparece, declara conocer y aceptar los estatutos sociales de American Telecommunication Ltda. en todas y cada una de sus partes.



**SEXTO:** Presentes a este acto, como testigos, los señores Rafael Alfaro Macherone, mayor de edad, cédula nacional de identidad N°5.067.870-9, abogado, domiciliado en calle La Trilla N° 50, Las Condes y Álvaro García Echazú, mayor de edad, cédula nacional de identidad N° 7.625.885-6, ingeniero, domiciliado en La Concepción 177, Providencia.

El presente contrato se otorga en tres ejemplares del mismo tenor, quedando uno en poder de cada parte y el tercero en poder de la sociedad American Telecommunication Ltda.

LUIS ALBERTO NÚÑEZ ASECIO

VÍCTOR ACUÑA ASCUÍ

RAFAEL ALFARO MACHERONE
Testigo

ÁLVARO GARCÍA ECHAZÚ
Testigo

AUTORIZO LA FIRMA DE DON: LUIS ALBERTO NÚÑEZ ASECIO C.I.5.586.147-7 Y DON: VICTOR ACUÑA ASCUÍ C.I.4.432.432-1 AMBOS EN REPRESENTACION DE AMERICAN TELECOMMUNICATION INC, CHILE S.A. SANTIAGO: 23 DE DICIEMBRE DE 2.005.-

OSCAR NAVARRETE V.
NOTARIO SUPLENTE

NOTARIO PUBLICO
Morandé 261
Santiago

# EXHIBIT B

ALTERAÇÃO DO CONTRATO SOCIAL DE
# AMERICAN TELECOMMUNICATION LTDA.

01 de agosto de 2.006.
CNPJ 03.820.136/0001-36
NIRE 33 2 0720432-0

Pelo presente instrumento particular,

**American Telecommunication, Inc. Chile S/A,** nova denominação social da North Supply Chile S/A, empresa com sede na cidade de Santiago, República do Chile, em La Concepción 177, piso 1, devidamente inscrita no CNPJ sob no. 05.772.051/0001-66,m cujos estatutos sociais foram traduzidos para o português pela tradutora pública juramentada Ema Marina Garcia Saez, tradução nº 574 e 575, livro nº 06, folhas 262 a 269, e 270 a 273, estando registrados pelo 2º Oficial de Registro de Títulos e Documentos e Civil de Pessoa Jurídica da Capital/SP sob nºs 2670901, e 2670902, respectivamente, ambos na data de 04 de março de 2.002; neste ato representada por seu bastante procurador, Percy Eduardo Nogueira Sternberg Heckmann, brasileiro, casado, advogado, inscrito na Ordem dos Advogados do Brasil, Seção de São Paulo sob Nº 28.678, e no CPF sob Nº 371.827.658-53, residente e domiciliado na cidade de Santana de Parnaíba/SP, na Alameda Peruíbe 55, Alphaville Res. 3, nos termos da procuração outorgada em 12 de fevereiro de 2.002, traduzida para o português pela mesma tradutora pública juramentada acima referida, tradução nº 576, livro nº 06, folhas 274 a 277, e registrada pelo 2º Oficial de Registro de Títulos e Documentos e Civil de Pessoa Jurídica da Capital/SP sob nº 2670903, na data de 04 de março de 2.002, procuração esta arquivada na Junta Comercial do Estado de São Paulo sob no. 88.743/02-0, na data de 03/05/2002; e

**Luis Alberto Núñez Asecio** chileno, casado, empresário, inscrito no RNE sob no. V 416821-I e no CPF sob no. 737.993.001-04, residente e domiciliado na cidade do Rio de janeiro, Estado do Rio de Janeiro, na Avenida Canal de Marapendi 2.500, Bloco 2, apartamento 701 no Bairro da Barra da Tijuca, CEP 24625-000,

únicos sócios da sociedade limitada, denominada **AMERICAN TELECOMMUNICATION LTDA.,** cujo contrato social se acha devidamente arquivado na Junta Comercial do Estado do Rio de Janeiro, com o NIRE nº 33 2 0720432-0, em 29 de dezembro de 2.003,

e ainda,

**American Telecommunication Holdings S/A,** *empresa com sede na cidade de Santiago, República do Chile, em La Concepción 177, piso 1, devidamente inscrita no CNPJ sob no. 08.009.554/0001-61, cujos estatutos sociais foram traduzidos para o português pela tradutora pública juramentada Maria Claudia de Aguai Destri, tradução nº 1.087, livro nº 12, folhas 32 a 106, estando registrados pelo 2º Oficial de Registro de Títulos e Documentos e Civil de Pessoa Jurídica da Capital/SP sob nº 3.154.482, na data de 21 de fevereiro de 2.006; neste ato representada por seu bastante procurador, Percy Eduardo Nogueira Sternberg Heckmann, brasileiro, casado, advogado, inscrito na Ordem dos Advogados do Brasil, Seção de São Paulo sob Nº 28.678, e no CPF sob Nº 371.827.658-53, residente e domiciliado na cidade de Santana de Parnaíba/SP, na Alameda Peruíbe 55, Alphaville Res. 3, nos termos da procuração outorgada em 31 de março de 2.006, traduzida para o português pela mesma tradutora pública juramentada acima referida, tradução nº 1.163, livro nº 12, folhas 535 a 354, e registrada pelo 2º Oficial de Registro de Títulos e Documentos e Civil de Pessoa Jurídica da Capital/SP sob nº 3.173.288, na data de 25 de abril de 2.006, procuração esta ora anexada ao presente instrumento;*

de mútuo e comum acordo, e

## CONSIDERANDO

**I - Que a expansão dos negócios** da sociedade na filial de São Paulo, recomenda seja esta transferida para a Avenida Luis Carlos Berrini 962, conjunto 21, no bairro do Brooklin, na cidade de São Paulo, Estado de São Paulo, CEP 04571-000;

**II- A cessão e transferência** de quotas da sociedade, até então detidas pela **American Telecommunication, Inc. Chile S/A** para a **American Telecommunication Holdings S/A**, por instrumento particular celebrado nas suas respectivas sedes, a saber, na cidade de Santiago, na República do Chile;

**III – A entrada em vigor** da Lei 11.101, de fevereiro de 2.005, que revogou o instituto da concordata, e instituiu o instituto da recuperação judicial;



**RESOLVEM:**

**A)** **Alterar o endereço** da filial da cidade de São Paulo, Estado de São Paulo, para a Avenida Luis Carlos Berrini 962, conjunto 21, no bairro do Brooklin, CEP 04571-000; e dar nova redação à Cláusula I do Contrato Social, que passará a ter, na íntegra, a seguinte redação:

*"I  -  DENOMINAÇÃO, SEDE E FORO JURÍDICO*
*A sociedade denomina-se **AMERICAN TELECOMMUNICATION LTDA.**, e tem sua sede e foro jurídico na cidade do Rio de Janeiro, Estado do Rio de Janeiro, na Praia de Botafogo 440, 16°. andar, no bairro de Botafogo, CEP 22150-000, NIRE n° 33 2 0720432-0 da Junta Comercial do Estado do Rio de Janeiro, inscrita no CNPJ sob no. 03.820.136/0001-36; e uma filial na Avenida Luis Carlos Berrini 962, conjunto 21, no bairro do Brooklin, na cidade de São Paulo, Estado de São Paulo, CEP 04571-000, NIRE n° 35 9 0278784-4 da Junta Comercial do Estado de São Paulo, inscrita no CNPJ sob no. 03.820.136/0002-17; podendo, mediante deliberação de seu administrador, estabelecer filiais, escritórios, agências ou representações em qualquer parte do país; atribuindo-lhes sempre um capital em separado para fins fiscais, e observando a legislação aplicável à espécie."*

**B)** Aprovar a cessão e transferência de quotas noticiada no considerando II acima, e dar nova redação à Cláusula IV do Contrato Social, que passará a ter, na íntegra, a seguinte redação:

*"IV  -  CAPITAL SOCIAL*
*O capital social é de R$ 659.943,00 (seiscentos e cinqüenta e nove mil novecentos e quarenta e três reais), dividido em 659.943,00 (seiscentas e cinqüenta e nove mil novecentos e quarenta e três) quotas no valor de R$ 1,00 (um real) cada uma, totalmente integralizado em moeda corrente nacional, e distribuído entre os sócios da seguinte maneira:*

  ***a) American Telecommunication Holdings S/A***
  *659.043,00 (seiscentas e cinqüenta e nove mil e quarenta e três quotas, no valor total de R$ 659.043,00 (seiscentos e cinqüenta e nove mil novecentos e três reais), e*

  ***b) Luis Alberto Núñez Asecio***
  *900 (novecentas) quotas no valor de R$ 900,00 (novecentos reais).*



**Parágrafo 1°** - Nos termos do artigo 1.052 do Código Civil, a responsabilidade dos sócios é restrita ao valor de suas quotas no capital social, mas todos respondem solidariamente pela integralização do capital social.

**Parágrafo 2°** - Cada quota confere o direito a um voto nas deliberações dos sócios, as quais serão tomadas:

a) Pelos votos correspondentes a no mínimo três quartos do capital social, nos casos de modificação do contrato social, e incorporação fusão, dissolução da sociedade, ou cessação do estado de liquidação, conforme artigos 1.076, I e 1.071, V e VI do Código Civil;

b) Pelos votos correspondentes a mais da metade do capital social, nos casos de designação dos administradores, quando feita em ato separado, destituição dos administradores, o modo de sua remuneração, quando não estabelecido no contrato social, o pedido de recuperação judicial, conforme artigos 1.076, II e 1.071, II, III, IV e VIII do Código Civil;

c) Pela maioria dos votos dos presentes, nos demais casos previstos na lei e no presente contrato, conforme artigo 1.076, III do Código Civil."

**C) Dar nova redação** à alínea b), do parágrafo 2°. da Cláusula IV do Contrato Social, pelo que tal parágrafo 2°. da Cláusula IV do Contrato Social passará a ter, na íntegra, a seguinte redação:

"**Parágrafo 2°** - Cada quota confere o direito a um voto nas deliberações dos sócios, as quais serão tomadas:

a) Pelos votos correspondentes a no mínimo três quartos do capital social, nos casos de modificação do contrato social, e incorporação fusão, dissolução da sociedade, ou cessação do estado de liquidação, conforme artigos 1.076, I e 1.071, V e VI do Código Civil;

b) Pelos votos correspondentes a mais da metade do capital social, nos casos de designação dos administradores, quando feita em ato separado, destituição dos administradores, o modo de sua remuneração, quando não estabelecido no contrato social, o pedido de recuperação judicial, conforme artigos 1.076, II e 1.071, II, III, IV e VIII do Código Civil.



c) *Pela maioria dos votos dos presentes, nos demais casos previstos na lei e no presente contrato, conforme artigo 1.076, III do Código Civil."*

**D) Consolidar** o contrato social da sociedade, face ao disposto acima, o qual passará a ter, na íntegra, a seguinte redação:

"CONTRATO SOCIAL DE
AMERICAN TELECOMMUNICATION LTDA.

I   -   DENOMINAÇÃO, SEDE E FORO JURÍDICO

A sociedade denomina-se **AMERICAN TELECOMMUNICATION LTDA.**, e tem sua sede e foro jurídico na cidade do Rio de Janeiro, Estado do Rio de Janeiro, na Praia de Botafogo 440, 16°. andar, no bairro de Botafogo, CEP 22150-000, NIRE n° 33 2 0720432-0 da Junta Comercial do Estado do Rio de Janeiro, inscrita no CNPJ sob no. 03.820.136/0001-36; e uma filial na Avenida Luis Carlos Berrini 962, conjunto 21, no bairro do Brooklin, na cidade de São Paulo, Estado de São Paulo, CEP 04571-000, NIRE n° 35 9 0278784-4 da Junta Comercial do Estado de São Paulo, inscrita no CNPJ sob no. 03.820.136/0002-17; podendo, mediante deliberação de seu administrador, estabelecer filiais, escritórios, agências ou representações em qualquer parte do país; atribuindo-lhes sempre um capital em separado para fins fiscais, e observando a legislação aplicável à espécie.

II   -   **OBJETO SOCIAL**
A sociedade tem por objetivo a importação, exportação, comercialização e distribuição de equipamentos de telecomunicações, telefonia e computação, materiais elétricos e demais materiais correlatos, para uso nos campos acima, assim como o licenciamento e sub-licenciamento e cessão de direitos de uso de programas de computação e a prestação de serviços relacionados a tais atividades, podendo ainda participar em outras sociedades como sócia-quotista, bem como em sociedade em conta de participação.

III   -   **DURAÇÃO**
A sociedade tem prazo indeterminado de duração.



**IV - CAPITAL SOCIAL**

O capital social é de R$ 659.943,00 (seiscentos e cinqüenta e nove mil novecentos e quarenta e três reais), dividido em 659.943,00 (seiscentas e cinqüenta e nove mil novecentos e quarenta e três) quotas no valor de R$ 1,00 (um real) cada uma, totalmente integralizado em moeda corrente nacional, e distribuído entre os sócios da seguinte maneira:

a) **American Telecommunication Holdings S/A**
659.043,00 (seiscentas e cinqüenta e nove mil e quarenta e três quotas, no valor total de R$ 659.043,00 (seiscentos e cinqüenta e nove mil novecentos e três reais), e

b) **Luis Alberto Núñez Asecio**
900 (novecentas) quotas no valor de R$ 900,00 (novecentos reais).

**Parágrafo 1º** - Nos termos do artigo 1.052 do Código Civil, a responsabilidade dos sócios é restrita ao valor de suas quotas no capital social, mas todos respondem solidariamente pela integralização do capital social.

**Parágrafo 2º** - Cada quota confere o direito a um voto nas deliberações dos sócios, as quais serão tomadas:

a) Pelos votos correspondentes a no mínimo três quartos do capital social, nos casos de modificação do contrato social, e incorporação fusão, dissolução da sociedade, ou cessação do estado de liquidação, conforme artigos 1.076, I e 1.071, V e VI do Código Civil;

b) Pelos votos correspondentes a mais da metade do capital social, nos casos de designação dos administradores, quando feita em ato separado, destituição dos administradores, o modo de sua remuneração, quando não estabelecido no contrato social, o pedido de recuperação judicial, conforme artigos 1.076, II e 1.071, II, III, IV e VIII do Código Civil;

d) Pela maioria dos votos dos presentes, nos demais casos previstos na lei e no presente contrato, conforme artigo 1.076, III do Código Civil.

**V- ADMINISTRAÇÃO DA SOCIEDADE**

Observadas as disposições dos parágrafos desta cláusula V, a administração da sociedade caberá a um ou mais administradores, quotistas ou não, nomeados pelos sócios, a quem serão atribuídas a




representação da sociedade, ativa e passivamente, em juízo ou fora dele. O administrador que fizer uso da firma com excesso de poderes será o único responsável perante a sociedade pelo ato praticado, exonerando os sócios de qualquer responsabilidade, salvo se agindo por autorização escrita dos sócios.

**Parágrafo 1º -** A sociedade será gerida e administrada pelo sócio **Luis Alberto Núñez Asecio** chileno, casado, empresário, inscrito no RNE sob no. V 416821-I e no CPF sob no. 737.993.001-04, residente e domiciliado na cidade do Rio de janeiro, Estado do Rio de Janeiro, na Avenida Canal de Marapendi 2.500, Bloco 2, apartamento 701, no Bairro da Barra da Tijuca, CEP 24625-000, e pelo Sr. **Percy Eduardo Nogueira Sternberg Heckmann**, brasileiro, casado, advogado inscrito na OAB/SP sob no. 28.678, titular do CIC 371.827.658-53, residente na cidade de Santana de Parnaíba, Estado de São Paulo, na Alameda Peruíbe 55, Alphaville Res. 3, CEP 06542-135; os quais terão o titulo de **Administrador**. Ambos os administradores, anteriormente nomeados, já declararam sob as penas da Lei, que não estão impedidos de exercer a administração da sociedade, por lei especial, ou em virtude de condenação criminal, ou por se encontrar sob os efeitos dela, a pena que vede, ainda que temporariamente, o acesso a cargos públicos, ou por crime falimentar, de prevaricação, peita ou suborno, concussão, peculato, ou contra a economia popular, contra o sistema financeiro nacional, contra normas de defesa da concorrência, as relações de consumo, fé pública, ou a propriedade, conforme artigo 1.011, parágrafo 1º. do Código Civil.

**Parágrafo 2º -** Para a movimentação de contas bancárias em geral, e particularmente para a emissão de cheques, ordens e ou autorizações de pagamento e/ou débito de valores em conta corrente, a sociedade será representada pela assinatura do administrador ou de um ou mais procuradores, conforme disponha a respectiva procuração.

**Parágrafo 3º -** Será necessária, para a prática dos seguintes atos, como condição de sua validade, a aprovação prévia dos sócios representando a maioria do capital social:
a) venda, alienação, oneração, locação ou qualquer outra forma de transferência dos bens do ativo fixo da sociedade que envolva quantias superiores a R$ 5.000,00 (cinco mil reais);
b) compra ou outra forma de aquisição de bens do ativo fixo que envolva quantias superiores a R$ 5.000,00 (cinco mil reais);
c) assinatura de qualquer contrato que tenha período de vigência superior a 1 (um) ano ou que envolva quantias superiores a R$ 5.000,00 (cinco mil reais), prevalecendo qualquer hipótese;



**d)** tomada de empréstimos em nome da sociedade, que envolva quantias superiores a R$ 5.000,00 (cinco mil reais), ou a concessão de quaisquer empréstimos em dinheiro ou bens da sociedade;
**e)** emissão de notas promissórias, bem como a emissão e aceitação de saques ou qualquer título de crédito, exceto duplicatas de vendas emitidas pela sociedade;
**f)** investimentos a serem feitos em outras sociedades, como incentivos fiscais ou por qualquer outra forma;
**g)** obrigar a sociedade como fiadora ou avalista;
**h)** compra, venda, ou locação de bens imóveis que envolvam quantias superiores a R$ 5.000,00 (cinco mil reais).

**Parágrafo 4º** -Todas as procurações outorgadas pela sociedade, exceto as "ad juditia", deverão ter prazo de validade não superior a 1 (um) ano e deverão especificar no respectivo instrumento, os poderes outorgados.

## VI - CESSÃO E TRANSFERÊNCIA DE QUOTAS
Os sócios poderão ceder suas quotas, total ou parcialmente a outros sócios, independentemente da anuência dos demais sócios, ou a estranhos, se não houver oposição de titulares de mais de um quarto do capital social.

## VII - DISSOLUÇÃO DA SOCIEDADE
A sociedade não será dissolvida com a dissolução, falência, expulsão ou retirada de qualquer sócio, ficando entendido, porém que os sócios remanescentes poderão resolver continuar a sociedade, caso em que deverão adquirir as quotas do sócio dissolvido, falido, excluído ou retirado, por seu valor contábil, conforme estabelecido no último balanço geral da sociedade.

## VIII - EXERCÍCIO SOCIAL, BALANÇO E LUCROS
O exercício social se encerrará em 31 de dezembro de cada ano civil. Nesta data serão levantados um balanço geral e uma demonstração de lucros e perdas. Os lucros líquidos assim apurados, após as deduções e amortizações legais, serão tratados da maneira que determinarem os sócios representando a maioria do capital social. Os sócios poderão também mandar levantar balancetes mensais e distribuir lucros durante o exercício social com base nos mesmos.

**Parágrafo único:** Nos quatro meses seguintes ao término do exercício social, os sócios deliberarão sobre as contas e designarão administradores quando for o caso. Os lucros líquidos apurados terão a aplicação que lhes for destinada pelos sócios independente da participação de cada um no capital social. Nenhum dos sócios terá

direito a qualquer parcela dos lucros até que haja deliberação expressa sobre a sua aplicação. Tudo conforme os artigos 1071 e 1072, § 2° e 1078 do Código Civil.

### IX - LIQUIDAÇÃO

A retirada, extinção, exclusão, e ou falência de qualquer dos sócios não dissolverá a sociedade, que prosseguirá com o remanescente, a menos que este resolva liquidá-la. Os haveres do sócio retirante, extinto, excluído, e ou falido, serão calculados com base no último balanço geral levantado pela sociedade, e serão pagos a si ou a seus sucessores, no prazo de seis meses contados da retirada, extinção, exclusão e ou falência. Nesta hipótese, o sócio remanescente poderá ceder parte de suas quotas a terceiros, sem autorização do outro sócio, para viabilizar a continuidade social.

### X - LEGISLAÇÃO APLICÁVEL

Os casos omissos serão regulados na forma prescrita pelo Capítulo I, Subtítulo II do Livro II do Código Civil, e demais dispositivos legais aplicáveis à espécie."

E por estarem assim justas e contratadas, as partes assinam o presente em 3 (três) vias, de igual teor, para um só efeito, na presença de duas testemunhas abaixo assinadas.

Rio de Janeiro, 01 de agosto de 2.006.

*American Telecommunication, Inc. Chile S/A*
Pp Percy Eduardo Nogueira Sternberg Heckmann

*American Telecommunication Holdings S/A*
Pp Percy Eduardo Nogueira Sternberg Heckmann

*Luís Alberto Núñez Asecio*

De acordo,

*Percy Eduardo N. S. Heckmann*
Administrador

*Luís Alberto Núñez Asecio*
Administrador

VISTO

*Percy Eduardo N. S. Heckmann*
Advogado - OAB/SP 28.678

JUNTA COMERCIAL DO ESTADO DO RIO DE JANEIRO
Nome : AMERICAN TELECOMMUNICATION LTDA
Nire : 33.2.0720432-0
Protocolo : 00-2006/132189-3   29/09/2006
CERTIFICO O DEFERIMENTO EM   23/02/2007 E O REGISTRO SOB O NÚMERO
E DATA ABAIXO

00001677209
DATA : 23/02/2007

Valéria G. M. Serra
SECRETARIA GERAL