```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------X
COMVERSE, INC.,                    :

              Plaintiff,           :

     -against-                     :

AMERICAN TELECOMMUNICATION, INC.   :    07 Civ. 11121 (PKL)(HBP)
CHILE S.A., AMERICAN
TELECOMMUNICATION INC.             :    ORDER
BOLIVIA S.A., AMERICAN
TELECOMMUNICATION DO BRASIL        :
LTDA., AMERICAN TELECOMMUNICATION
INC. ECUADOR ATIECUADOR S.A.,      :
and AMERICAN TELECOMMUNICATION
PERU S.A.,                         :

              Defendants.          :
-----------------------------------X
```

PITMAN, United States Magistrate Judge:

A conference having been held on this date during which various discovery disputes were discussed, for the reasons stated on the record in open court and for the additional reasons set forth below, it is hereby ORDERED that:

    1. With respect to petitioner's information subpoena to ATI Chile regarding ATI Chile,

        a. ATI Chile is to respond to Item 10 within thirty (30) days of this Order; ATI Chile's application for a protective order with respect to this Item is denied;

  b.  ATI Chile is also to respond in full to Items 18 and 28 within thirty (30) days of the date of this Order; ATI's application for a protective order is denied except to the extent that ATI provided a financial statement or made a payment pursuant to a written confidentiality agreement or under a statutory or legally recognized privilege.  To the extent, and only to the extent, that a financial statement or payment was made pursuant to such a agreement, statute or privilege, ATI Chile's responses to these items shall be disclosed only to the eyes of petitioner's outside counsel, pending further order of the court.

  2.  ATI Chile is to respond in full to Items 16 and 17 of petitioner's information subpoenas concerning ATI Chile's "sister" companies no later than thirty (30) days from the date of this Order.  If ATI Chile persists in its position that an accurate response to Item 16 is "No," it is directed to explain what happened to the "two big books" referenced at pages 839-40 of Dr. Quiroz's deposition.

2

3. Petitioner shall use the information ATI Chile provides in response to the information subpoenas solely for the purpose of judgment enforcement.

4. Petitioner's use of the provisions of CPLR Article 52 in enforcing its judgments shall be consistent with CPLR 5420, i.e., petitioner shall utilize the provisions of Article 52 in a manner that avoids unreasonable annoyance and abuse.

5. Petitioner's application for attorney's fees against ATI Chile is granted to the extent of $5,000, to be paid by ATI Chile within thirty (30) days of the date of this Order.  This award is intended to provide petitioner with partial compensation for its fees because I conclude that only some of ATI's positions in this discovery dispute lacked substantial justification.  ATI Chile's contention that "eyes-of-counsel" only protection was appropriate for the identities of its banks and for all of its payments to creditors within the last four months was clearly without merit.  Similarly, ATI Chile's contention that it had no financial statements from its sister companies is squarely contradicted by the deposition testimony of Dr. Quiroz.

In arriving at this amount, I am also making an adjustment for the fact that the briefs contained much extraneous information concerning the merits of the underlying dispute and that the briefs would have been appropriately drafted by a junior to mid-level associate.

Dated: New York, New York
       April 18, 2008

SO ORDERED

_____
HENRY PITMAN
United States Magistrate Judge

Copies transmitted to:

Neil E. McDonell, Esq.
Brooke E. Pietrzak, Esq.
Eric Epstein, Esq.
Dorsey & Whitney LLP
250 Park Avenue
New York, New York  10177

Howard Graff, Esq.
Deborah A. Skakel, Esq.
Lindsay A. Bush, Esq.
Disckstein Shapiro LLP
1177 Avenue of the Americas
New York, New York  10036