```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------X
COMVERSE, INC.,                     :

                  Plaintiff,        :

     -against-                      :

AMERICAN TELECOMMUNICATION, INC.    :   07 Civ. 11121 (PKL)(HBP)
CHILE S.A., AMERICAN
TELECOMMUNICATION INC.              :   ORDER
BOLIVIA S.A., AMERICAN
TELECOMMUNICATION DO BRASIL         :
LTDA., AMERICAN TELECOMMUNICATION
INC. ECUADOR ATIECUADOR S.A.,       :
and AMERICAN TELECOMMUNICATION
PERU S.A.,                          :

                  Defendants.       :
-----------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5-28-08

            PITMAN, United States Magistrate Judge:

            Dorsey and Whitney LLP seeks to withdraw as counsel for American Telecommunication, Inc. Chile S.A. ("ATI Chile") and in support of that application has submitted the declaration of Brooke E. Pietrzak, Esq., in camera. The parties dispute whether Ms. Pietrzak's declaration is appropriately submitted in camera, and for the reasons stated below, I conclude that in camera treatment of the declaration is inappropriate

            I have carefully reviewed the affidavit for the possible inclusion of communications that are subject to the attorney-client privilege, and there are no such communications. Although the affidavit does describe some communications between Dorsey &

Whitney and ATI Chile, none of those communications appear to possess the elements of the attorney client privilege.[1] In addition, the affidavit does not contain any discussion that can fairly be characterized as dealing with matters of strategy;

---

[1] The elements of the attorney-client privilege are well settled:

> "The [attorney-client] privilege applies only if (1) the asserted holder of the privilege is or sought to become a client; (2) the person to whom communication was made (a) is a member of the bar of a court, or his subordinate and (b) in connection with this communication is acting as a lawyer; (3) the communication relates to a fact of which the attorney was informed (a) by his client (b) without the presence of strangers (c) for the purpose of securing primarily either (i) an opinion on law or (ii) legal services or (iii) assistance in some legal proceeding, and not (d) for the purpose of committing a crime or tort; and (4) the privilege has been (a) claimed and (b) not waived by the client."

Bank Brussels Lambert v. Credit Lyonnais (Suisse) S.A., 160 F.R.D. 437, 441 (S.D.N.Y. 1995), quoting United States v. United Shoe Mach. Corp., 89 F. Supp. 357, 358-59 (D. Mass. 1950); see United States v. Davis, 131 F.R.D. 391, 398 (S.D.N.Y. 1990).

"It is now [also] well established that the privilege attaches not only to communications by the client to the attorney, but also to advice rendered by the attorney to the client, at least to the extent that such advice may reflect confidential information conveyed by the client." Bank Brussels Lambert v. Credit Lyonnais (Suisse) S.A., supra, 160 F.R.D. at 441-42; see also O'Brien v. Board of Educ., 86 F.R.D. 548, 549 (S.D.N.Y. 1980); SCM Corp. v. Xerox Corp., 70 F.R.D. 508, 520-22 (D. Conn. 1976).

Finally, because privileges tend to frustrate the truth-finding function of judicial proceedings, they are ordinarily narrowly construed. United States v. Weissman, 195 F.3d 96, 100 (2d Cir. 1999) (per curiam) ("Privileges should be narrowly construed and expansions cautiously extended."), citing Univ. of Pa. v. EEOC, 493 U.S. 182, 189 (1990).

2

indeed, since judgment has already been entered the case and the remaining proceedings deal with enforcement issues only, it is difficult to understand what legitimate strategic issues could remain.  Finally, I have also considered whether anything in the declaration could result in unfair prejudice to ATI Chile. Although the contents of paragraph 12 are prejudicial, the substance of the paragraph is already known to Comverse.  Paragraph 12 merely describes an event in the case which was the result of a conscious decision by ATI Chile and is necessarily known to all parties.

Accordingly, no later than June 10, 2008, ATI Chile is directed to produce a copy of Ms. Pietrzak's declaration to counsel for Comverse.  If ATI Chile files objections to this Order by that date, its obligation to produce Ms. Pietrzak's declaration will be stayed pending Judge Leisure's decision.

Dated:   New York, New York
         May 28, 2008

                                        SO ORDERED

                                        _____
                                        HENRY PITMAN
                                        United States Magistrate Judge

Copies transmitted to:

Neil E. McDonell, Esq.
Brooke E. Pietrzak, Esq.
Eric Epstein, Esq.
Dorsey & Whitney LLP
250 Park Avenue
New York, New York  10177

Howard Graff, Esq.
Deborah A. Skakel, Esq.
Lindsay A. Bush, Esq.
Disckstein Shapiro LLP
1177 Avenue of the Americas
New York, New York  10036