**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| COMVERSE, INC., | ) Case No. 07-cv-11121 (PKL) (HBP) |
| | ) |
| Petitioner, | ) |
| | ) ECF CASE |
| | ) |
| -v- | ) **DECLARATION OF DEBORAH A.** |
| | ) **SKAKEL IN SUPPORT OF** |
| AMERICAN TELECOMMUNICATION, INC. | ) **COMVERSE'S ORDER TO SHOW** |
| CHILE S.A., AMERICAN | ) **CAUSE  SEEKING CONTEMPT** |
| TELECOMMUNICATION INC. BOLIVIA S.A., | ) **SANCTIONS AGAINST ATI CHILE** |
| AMERICAN TELECOMMUNICATION DO | ) **AS WELL AS LUIS NUNEZ AND** |
| BRASIL LTDA., AMERICAN | ) **RAFAEL ALFARO**_____ |
| TELECOMMUNICATION INC. ECUADOR | ) |
| ATIECUADOR S.A., and AMERICAN | ) |
| TELECOMMUNICATION PERU S.A., | ) |
| | ) |
| Respondents. | ) |
| | ) |

Deborah A. Skakel states as follows:

1.      I am a member of Dickstein Shapiro LLP, attorneys for Petitioner Comverse, Inc. ("Comverse" or "Petitioner"), and respectfully submit this Declaration in support of Comverse's motion for an order (i) finding Respondent American Telecommunication, Inc. Chile S.A. ("ATI Chile" or "Respondent"), Luiz Nunez (the Chief Executive Officer of ATI Chile) and Rafael Alfaro (Chairman of the Board of ATI Chile) in contempt of Court for failure to comply with Magistrate Judge Pitman's Order, dated April 18, 2008; (ii) directing that ATI Chile pay the Clerk of Court a fine of $250 per day for each day that ATI Chile remains in violation of the April 18th Order; (iii) directing that warrants be issued for the arrest of Messrs. Nunez and Alfaro until such time as ATI Chile complies with the April 18th Order; and (iv) granting Comverse its attorneys' fees and costs incurred in connection with this application.

2.      Comverse, ATI Chile and its sister companies, Respondents American Telecommunication Inc. Bolivia S.A., American Telecommunication do Brasil Ltda., American

Telecommunication Inc. Ecuador ATIECUADOR S.A. and American Telecommunication Peru S.A. (the "Sister Companies") participated in a binding arbitration in New York (the "Arbitration"). The Arbitral Panel awarded Comverse the total net amount of $17,733,081.83 (the "Arbitration Award").

3.     Following the issuance of the Arbitration Award, Comverse filed a Petition To Confirm The Arbitration Award.

4.     ATI Chile, the only ATI entity that appeared in the proceeding to confirm the award, did not object, other than to have the amount of Comverse's award against ATI Chile reduced by the amount that the Arbitral Panel awarded to ATI Chile for its counterclaims.[1]

5.     Accordingly, this Court issued a judgment against ATI Chile in the amount of $1,342,312.47, and a default judgment against ATI Chile's Sister Companies in the total amount of $16,681,586.05 (collectively, the "Judgments").

6.     Following the entry of the Judgments, ATI Chile and its Sister Companies have engaged in a consistent course of conduct designed to frustrate enforcement of the Judgments or any portion thereof.

7.     Given the unwillingness of ATI Chile and its Sister Companies to pay a single penny of the Judgments against them, Comverse has been forced to commence post-judgment discovery in an effort to collect the $17,733,081.83 that ATI Chile and its Sister Companies owe to Comverse.

---

[1]     It is notable that ATI Chile and its Sister Companies were all represented by Dorsey & Whitney ("Dorsey"), as well as the same Chilean counsel, throughout the course of the Arbitration. It is also notable that all of the ATI entities expressly consented to the jurisdiction of the Courts of New York, New York in connection with any award made by the arbitrators pursuant to any arbitration proceeding, in accordance with the arbitration clause in the agreement between Comverse and ATI Chile. However, because ATI Chile was the only entity that was awarded any monies by the Arbitral Panel, it was the only entity that chose to appear in the proceedings to confirm the award. Such conduct has frustrated Comverse's efforts to collect on the Arbitration Award and the Judgments issued in connection therewith.

DOCSNY-312140v01

8.      Thus, Comverse served ATI Chile with Information Subpoenas in an effort to locate assets sufficient to satisfy the outstanding Judgments.

9.      ATI Chile refused to fully comply with the Information Subpoenas unless an attorneys' eyes only protective order was entered into between counsel for Comverse and ATI Chile.

10.     The partial responses, which were signed by ATI Chile's Chairman of the Board Rafael Alfaro on March 18, 2008, were therefore devoid of any substantive financial information.  As a result of ATI Chile's refusal to comply, Comverse was forced to file a Motion To Compel pursuant to Rule 37(a) of the Federal Rules of Civil Procedure.

11.     On April 18, 2008, this Court granted Comverse's Motion To Compel, virtually in its entirety, and ordered ATI Chile to fully respond to the Information Subpoenas (the "April 18th Order").  A true and correct copy of the April 18th Order is annexed hereto as Exhibit "1".

12.     In addition, because the Court found that some of ATI Chile's positions were "clearly without merit," the Court ordered ATI Chile to pay Comverse $5,000 to cover a portion of the legal costs and fees incurred in connection with Comverse's Motion To Compel.  Ex. 1 at 3.  ATI Chile was ordered to provide its responses and pay the $5,000 within thirty (30) days of the April 18th Order, or by May 19, 2008.  Id.

13.     On May 14, 2008, a mere four days before ATI Chile was to have complied with the April 18th Order, Dorsey submitted a request to this Court for permission to withdraw as counsel for ATI Chile.  The declaration setting forth the basis for Dorsey's withdrawal request (the "Supporting Declaration") was submitted in camera purportedly to "avoid potential prejudice to ATI Chile."  A true and correct copy of Ms. Pietrzak's transmittal letter to the Court, dated May 14, 2008, is annexed hereto as Exhibit "2".

DOCSNY-312140v01

14.    On May 16, 2008, in response to Dorsey's May 14th letter, counsel for Comverse submitted a letter to the Court objecting to the in camera submission by Dorsey, and further objecting to Dorsey's motion to withdraw.  A true and correct copy of my letter to the Court, dated May 16, 2008, is annexed hereto as Exhibit "3".

15.    On May 19, 2008, Dorsey submitted an additional letter to the Court informing the Court that ATI Chile had filed for bankruptcy in Chile on May 16, 2008.  A true and correct copy of Mr. McDonell's letter to the Court, dated May 19, 2008, is annexed hereto as Exhibit "4".

16.    Additional letters were sent to the Court by both counsel for Comverse and Dorsey, setting forth their respective positions with regard to Dorsey's motion to withdraw as counsel, as well as the impact of ATI Chile's bankruptcy filing on Dorsey's motion.  True and correct copies of my letter to the Court, dated May 20, 2008 and Ms. Pietrzak's letter to the Court, dated May 21, 2008, are annexed hereto as Exhibits "5" and "6", respectively.

17.    On May 27, 2008, a telephonic hearing was held before Magistrate Judge Pitman regarding the appropriateness of Dorsey submitting the Supporting Declaration in camera.

18.    On May 28, 2008, Magistrate Judge Pitman issued an order concluding that in camera treatment of the Supporting Declaration was inappropriate and directing Dorsey to produce the Declaration to counsel for Comverse no later than June 10, 2008.  A true and correct copy of the Order, dated May 28, 2008, is annexed hereto as Exhibit "7".

19.    Magistrate Judge Pitman also indicated during the hearing that Comverse had until June 17, 2008 to provide the Court with a written submission regarding the Supporting Declaration and Dorsey's withdrawal motion.  On May 30, 2008, Dorsey produced a copy of the Supporting Declaration to counsel for Comverse.  A true and correct copy of the Declaration of Brooke E. Pietrzak, dated May 14, 2008, is annexed hereto as Exhibit "8".

DOCSNY-312140v01

20.    In addition, annexed hereto as Exhibit "9" is a true and correct copy of the Declaration of Rafael Alfaro Macherone, dated April 7, 2008 (without its exhibits), previously submitted by ATI Chile in opposition to Comverse's Motion to Compel (docket no. 28); and annexed hereto as Exhibit "10" is a true and correct copy of an excerpt of the testimony of ATI Chile's Chief Executive Officer, Luiz Nunez, given on March 27, 2007 in the Arbitration.

21.    No previous application for the relief requested herein has been made in this action.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: New York, New York
       June 4, 2008

s/Deborah A. Skakel
_____
Deborah A. Skakel (DS8599)

DOCSNY-312140v01

# EXHIBIT 1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------X

COMVERSE, INC.,                      :

                    Plaintiff,       :

      -against-                      :

AMERICAN TELECOMMUNICATION, INC.     :    07 Civ. 11121 (PKL)(HBP)
CHILE S.A., AMERICAN
TELECOMMUNICATION INC.               :    ORDER
BOLIVIA S.A., AMERICAN
TELECOMMUNICATION DO BRASIL          :
LTDA., AMERICAN TELECOMMUNICATION
INC. ECUADOR ATIECUADOR S.A.,        :
and AMERICAN TELECOMMUNICATION
PERU S.A.,                           :

                    Defendants.      :

----------------------------------X



          PITMAN, United States Magistrate Judge:

          A conference having been held on this date during
which various discovery disputes were discussed, for the reasons
stated on the record in open court and for the additional reasons
set forth below, it is hereby ORDERED that:

          1.  With respect to petitioner's information
     subpoena to ATI Chile regarding ATI Chile,

               a.  ATI Chile is to respond to Item 10 within
          thirty (30) days of this Order; ATI Chile's appli-
          cation for a protective order with respect to this
          Item is denied;

b.  ATI Chile is also to respond in full to Items 18 and 28 within thirty (30) days of the date of this Order; ATI's application for a protective order is denied except to the extent that ATI provided a financial statement or made a payment pursuant to a written confidentiality agreement or under a statutory or legally recognized privilege.  To the extent, and only to the extent, that a financial statement or payment was made pursuant to such a agreement, statute or privilege, ATI Chile's responses to these items shall be disclosed only to the eyes of petitioner's outside counsel, pending further order of the court.

2.  ATI Chile is to respond in full to Items 16 and 17 of petitioner's information subpoenas concerning ATI Chile's "sister" companies no later than thirty (30) days from the date of this Order.  If ATI Chile persists in its position that an accurate response to Item 16 is "No," it is directed to explain what happened to the "two big books" referenced at pages 839-40 of Dr. Quiroz's deposition.

2

3.  Petitioner shall use the information ATI Chile
provides in response to the information subpoenas
solely for the purpose of judgment enforcement.

4.  Petitioner's use of the provisions of CPLR
Article 52 in enforcing its judgments shall be consis-
tent with CPLR 5420, i.e., petitioner shall utilize the
provisions of Article 52 in a manner that avoids unrea-
sonable annoyance and abuse.

5.  Petitioner's application for attorney's fees
against ATI Chile is granted to the extent of $5,000,
to be paid by ATI Chile within thirty (30) days of the
date of this Order.  This award is intended to provide
petitioner with partial compensation for its fees
because I conclude that only some of ATI's positions in
this discovery dispute lacked substantial justifica-
tion.  ATI Chile's contention that "eyes-of-counsel"
only protection was appropriate for the identities of
its banks and for all of its payments to creditors
within the last four months was clearly without merit.
Similarly, ATI Chile's contention that it had no finan-
cial statements from its sister companies is squarely
contradicted by the deposition testimony of Dr. Quiroz.

In arriving at this amount, I am also making an adjustment for the fact that the briefs contained much extraneous information concerning the merits of the underlying dispute and that the briefs would have been appropriately drafted by a junior to mid-level associate.

Dated:  New York, New York
        April 18, 2008

SO ORDERED

HENRY PITMAN
United States Magistrate Judge

Copies transmitted to:

Neil E. McDonell, Esq.
Brooke E. Pietrzak, Esq.
Eric Epstein, Esq.
Dorsey & Whitney LLP
250 Park Avenue
New York, New York  10177

Howard Graff, Esq.
Deborah A. Skakel, Esq.
Lindsay A. Bush, Esq.
Disckstein Shapiro LLP
1177 Avenue of the Americas
New York, New York  10036

4

# EXHIBIT 2



BROOKE E. PIETRZAK, ESQ.
(212) 415-9200
FAX (212) 953-7201
PIETRZAK.BROOKE@DORSEY.COM

May 14, 2008

**BY HAND**

The Honorable Peter K. Leisure
United States District Judge
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Room 1910
New York, New York 10007

  Re: **Comverse, Inc. v. American Telecommunication, Inc. Chile S.A., et al.,**
     **No. 07 CV 11121**

Dear Judge Leisure:

   I write to request that Dorsey & Whitney LLP be permitted to withdraw as counsel for American Telecommunication, Inc. Chile S.A. ("ATI Chile") in the above-referenced matter.

   Pursuant to Local Civil Rule 1.4, an attorney may withdraw from a pending matter with leave of the Court, which may be granted "upon a showing by affidavit or otherwise of satisfactory reasons for withdrawal or displacement and the posture of the case, including its position, if any, on the calendar."

   In order to avoid potential prejudice to ATI Chile, I respectfully request that Your Honor consider *in camera* the enclosed declaration setting forth the basis for Dorsey & Whitney's request to withdraw as counsel to ATI Chile. *See Weinberger v. Provident Life and Cas. Ins. Co.*, No. 97 Civ. 9262 (JGK), 1998 WL 898309, at *1 (S.D.N.Y. Dec. 23, 1998) ("[I]t is appropriate for a Court considering a counsel's motion to withdraw to consider in camera submissions in order to prevent a party from being prejudiced by the application of counsel to withdraw.")

       Respectfully,

       Brooke E. Pietrzak

Enclosure

cc: Howard Graff, Esq. (by email, w/o enclosure)
  Deborah Skakel, Esq. (by email, w/o enclosure)
  Lindsay Bush, Esq. (by email, w/o enclosure)

# EXHIBIT 3

**DICKSTEIN**SHAPIRO_LLP_

1177 Avenue of the Americas | New York, NY 10036-2714
TEL (212) 277-6500 | FAX (212) 277-6501 | dicksteinshapiro.com

_Writer's Direct Dial: (212) 277-6585_
_Writer's Direct Fax: (917) 591-7897_
_E-Mail Address: SkakelD@dicksteinshapiro.com_

May 16, 2008

**BY HAND DELIVERY**

The Honorable Peter K. Leisure          The Honorable Henry Pitman
U.S. District Judge                     Chief U.S. Magistrate Judge
United States District Court            United States District Court
Southern District of New York           Southern District of New York
500 Pearl Street                        500 Pearl Street
New York, New York 10007                New York, New York 10007

Re:   ***Converse, Inc. v. American Telecommunication, Inc. Chile S.A., et al.***
      **Case No. 07 Civ. 11121**

Dear Judge Leisure and Judge Pitman:

We represent Comverse, Inc. ("Comverse") in the above-referenced action and are writing in response to the May 14, 2008 letter from Brooke E. Pietrzak, Esq. of Dorsey & Whitney LLP ("Dorsey"), in which Dorsey seeks to withdraw as counsel for American Telecommunication, Inc. Chile S.A. ("ATI Chile"). We enclose a copy of Dorsey's May 14th letter herewith, as Judge Pitman, to whom this matter was referred in connection with the hearing held last month, was not copied on the initial correspondence. As noted in Ms. Pietrzak's letter, we were not served with the Rule 1.4 declaration in support of Dorsey's withdrawal motion, which declaration was enclosed in the letter delivered to Judge Leisure.

Comverse strenuously objects to Dorsey's request to withdraw as counsel. This is simply the latest attempt by ATI Chile to "hide the ball" in a continuing effort to avoid its payment obligations to Comverse. Dorsey's request is on the heels of the April 18, 2008 hearing before Judge Pitman on Comverse's motion to compel ATI Chile to respond to Information Subpoenas served in the post-judgment context as a result of ATI Chile's unwillingness to pay the amount of the judgment – or any portion thereof – to Comverse. Such motion was necessitated by ATI Chile's refusal to provide meaningful information regarding its finances unless such information was protected by an "attorneys' eyes only" designation. Following the hearing, Judge Pitman ordered ATI Chile to provide the information to Comverse within 30 days, or by May 19, 2008, without an attorneys' eyes only designation (unless such information is otherwise protected by a written confidentiality agreement or some other statutory or legally recognized privilege) (the "April 18th Order"). Further, because Judge Pitman found that some of ATI's positions were "clearly without merit," ATI Chile was ordered to pay Comverse $5,000 within 30 days of the Order to cover a portion of the attorneys' fees Comverse incurred in connection with its motion to compel. To date, we have received neither the financial information nor the $5,000 which are the subjects of the Order.

Washington, DC | New York, NY | Los Angeles, CA

**DICKSTEIN**SHAPIRO LLP

Hon. Peter K. Leisure
Hon. Henry Pitman
May 16, 2008
Page 2

The timing of Dorsey's request is therefore highly suspect, as it was made only four days before the mandatory deadline set by this Court to comply with the April 18th Order. Dorsey has represented ATI Chile since the inception of the underlying arbitration in July 2006, through the petition to confirm the arbitration award, and during the hearing before Judge Pitman on April 18, 2008. Dorsey, on behalf of ATI Chile, spent a great deal of time and effort opposing Comverse's motion to compel, unsuccessfully arguing that a protective order was warranted due to Comverse's "culture of distrust." If Dorsey is permitted to withdraw as counsel for ATI Chile at this juncture, ATI Chile will undoubtedly refuse to comply with this Court's April 18th Order and will continue to refuse to cooperate with the post-judgment discovery to which Comverse is entitled.

In addition, Dorsey's attempt to have the motion to withdraw as counsel determined in camera to "avoid potential prejudice to ATI Chile" is inappropriate and would be highly prejudicial *to Comverse*. ATI Chile is a judgment debtor in this post-judgment proceeding – plain and simple. As Judge Pitman noted at the April 18th Hearing, "ATI Chile [could] avoid this whole rain dance by simply issuing the check to Comverse." Transcript of April 18, 2008 Hearing ("Tr.") at 6. Nor was Judge Pitman receptive to Dorsey's argument that providing post-judgment discovery regarding its bank accounts and customers would be prejudicial and embarrassing to ATI Chile. Id. at 15-16 ("a judgment debtor always suffers some embarrassment when a creditor is going to garnishees...not paying debts leads to embarrassment, and that's inherent in the collection process"). Further, based on Dorsey's statements at the April 18th Hearing, apparently the reason ATI Chile has not paid the Judgment is not because it could not afford to do so, but rather that it has chosen not to do so. Id. at 24, 51. Under these circumstances, it is difficult to fathom what "prejudice" ATI Chile could suffer by virtue of Dorsey disclosing the reasons that now – four days before ATI Chile is required to turn over critical information for Comverse's post-judgment efforts and pay Comverse $5,000 for having to move to compel such information – Dorsey suddenly cannot continue its representation of ATI Chile. Comverse should be allowed an opportunity to vigorously oppose Dorsey's application and cannot do so if Dorsey is permitted to disclose the basis for its request in camera.

Lastly, if this Court grants Dorsey's motion (which Comverse respectfully requests it should not), such withdrawal should be conditioned on ATI Chile's retention of successor counsel since a corporation cannot appear pro se. See 1 Michael C. Silberberg & Edward M. Spiro, Civil Practice in the Southern District of New York § 4.7, at 4-9 (2d ed.) (citing cases). If Dorsey is permitted to withdraw as counsel at this juncture, judging by the past actions of ATI Chile (and those of its Sister Companies), it is likely that ATI Chile will not retain successor counsel and will simply fail to comply with the April 18th Order or any further discovery requests or proceedings before this Court.

**DICKSTEIN**SHAPIRO LLP

Hon. Peter K. Leisure
Hon. Henry Pitman
May 16, 2008
Page 3


       Comverse respectfully requests that this Court require Dorsey to disclose to counsel for Comverse the declaration setting forth the basis for Dorsey's request to withdraw as counsel, thereby providing Comverse an opportunity to defend its interest in obtaining post-judgment discovery in order to enforce the Judgments – which total over $18 million – against ATI Chile and its Sister Companies.  Should the Court wish to have counsel appear to argue the issues further, we will make ourselves available at the Court's convenience.

                Respectfully submitted,

                Deborah A. Skakel

enc.

cc:    Neil McDonell, Esq.
       Brooke E. Pietrzak, Esq.



BROOKE E. PIETRZAK, ESQ.
(212) 415-9200
FAX (212) 953-7201
PIETRZAK.BROOKE@DORSEY.COM

May 14, 2008

**BY HAND**

The Honorable Peter K. Leisure
United States District Judge
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Room 1910
New York, New York 10007

> Re:    Comverse, Inc. v. American Telecommunication, Inc. Chile S.A., et al.,
>        No. 07 CV 11121

Dear Judge Leisure:

    I write to request that Dorsey & Whitney LLP be permitted to withdraw as counsel for American Telecommunication, Inc. Chile S.A. ("ATI Chile") in the above-referenced matter.

    Pursuant to Local Civil Rule 1.4, an attorney may withdraw from a pending matter with leave of the Court, which may be granted "upon a showing by affidavit or otherwise of satisfactory reasons for withdrawal or displacement and the posture of the case, including its position, if any, on the calendar."

    In order to avoid potential prejudice to ATI Chile, I respectfully request that Your Honor consider *in camera* the enclosed declaration setting forth the basis for Dorsey & Whitney's request to withdraw as counsel to ATI Chile. *See Weinberger v. Provident Life and Cas. Ins. Co.*, No. 97 Civ. 9262 (JGK), 1998 WL 898309, at *1 (S.D.N.Y. Dec. 23, 1998) ("[I]t is appropriate for a Court considering a counsel's motion to withdraw to consider in camera submissions in order to prevent a party from being prejudiced by the application of counsel to withdraw.")

                                            Respectfully,

                                            Brooke E. Pietrzak
                                            Brooke E. Pietrzak

Enclosure

cc:    Howard Graff, Esq. (by email, w/o enclosure)
       Deborah Skakel, Esq. (by email, w/o enclosure)
       Lindsay Bush, Esq. (by email, w/o enclosure)

# EXHIBIT 4



NEIL E. MCDONELL, ESQ.
(212) 415-9200
FAX (212) 953-7201
MCDONELL.NEIL@DORSEY.COM

May 19, 2008

**BY HAND**

The Honorable Peter K. Leisure
United States District Judge
Southern District of New York
Daniel Patrick Moynihan United States
Courthouse
500 Pearl Street, Room 1910
New York, New York 10007

The Honorable Henry Pitman
Chief United States Magistrate Judge
Southern District of New York
Daniel Patrick Moynihan United States
Courthouse
500 Pearl Street, Room 750
New York, New York 10007

> Re:     Comverse, Inc. v. American Telecommunication, Inc. Chile S.A., et al.,
>         No. 07 CV 11121

Dear Judge Leisure and Judge Pitman:

We represent  respondent American Telecommunication, Inc. Chile S.A. ("ATI Chile")
in the above-referenced proceeding.  I write to inform Your Honors that on Friday, May 16,
2008, ATI Chile filed for bankruptcy in Chile.  I learned of the filing late in the day on Friday,
while I was traveling, and called Comverse Inc.'s ("Comverse") counsel, Deborah Skakel, Esq.,
first thing this morning to inform her.  I enclose a copy of ATI Chile's bankruptcy filing.

I also write in response to Comverse's May 16, 2008 letter to Your Honors concerning
Dorsey & Whitney LLP's ("Dorsey") May 14, 2008 application to withdraw as counsel for ATI
Chile in this proceeding.  Ms. Skakel's letter suggests without basis that Dorsey's application to
withdraw was done for improper reasons.  That suggestion is untrue and unwarranted.  Dorsey's
reasons were set forth in my partner Ms. Pietrzak's Declaration (the "Supporting Declaration"),
submitted on May 14 to Judge Leisure for inspection *in camera*.

Comverse's request to see the Supporting Declaration is inappropriate, and we
respectfully request that it be denied. "[T]he proper practice for an attorney in applying for an
order relieving him of responsibility in a case is to serve opposing counsel with a 'bare bones'
notice of motion, but being careful to submit the supporting documents to the trial court for
inspection *in camera*." *Ficom Intern., Inc. v. Israel Export Inst.*. No. 87 Civ. 7461 (CSH), 1989
WL 13741, at *2 n. 1 (S.D.N.Y. Feb. 10, 1989).  Disclosing to an adversary the contents of



counsel's declaration in support of a withdrawal application would be an "extraordinary step" raising significant "ethical problems." *Id.*

Respectfully,

Neil E. McDonell

Enclosure

cc:     Howard Graff, Esq. (by email)
        Deborah Skakel, Esq. (by email)
        Lindsay Bush, Esq. (by email)

- 2 -

CORTE DE APELACIONES DE SANTIAGO
Sec:    CIVIL          Folio:  42527
Jdo:    19 CIV         Rol  :C-01104
Fecha: 16-05-2008      Hora :   11:2
Materia : DDI          Digit. : IAP

| **PROCEDIMIENTO** | : LEY DE QUIEBRAS |
| **MATERIA** | : QUIEBRA |
| **PETICIONARIA** | : AMERICAN TELECOMMUNICATION, INC CHILE S.A. |
| **RUT** | : 86.639.700-7 |
| **REPRESENTANTE LEGAL** | : LUIS ALBERTO NUÑEZ ASECIO |
| **RUT** | : 8.588.147-7 |
| **ABOGADO PATROCINANTE** | : SANTIAGO MONTT VICUÑA |
| **RUT** | : 5.025.744-4 |
| **APODERADO** | : PABLO ARRIAGADA FERIS |
| **RUT** | : 9.667.152-0 |

**EN LO PRINCIPAL**: Solicita declaración de quiebra; **PRIMER OTROSÍ**: Personería;
**SEGUNDO OTROSÍ**: Acompaña documentos y pide custodia; **TERCER OTROSÍ**:
Téngase Presente; **CUARTO OTROSÍ**: Patrocinio y Poder.

S.J.L. en lo Civil

**AMERICAN TELECOMMUNICATION, INC. CHILE S.A.**, persona jurídica del giro
de su denominación, RUT N° 86.639.700-7, quien concurre representada, según se
acreditara por don **Luis Alberto Nuñez Asecio**, chileno, casado, ingeniero, cédula
nacional de identidad N° 8.588.147-7, ambos domiciliados en Puerto Madero
N°9710, Sector 6ª, comuna de Pudahuel, de esta ciudad, a US., respetuosamente
expone:

En la representación indicada, y de conformidad a lo establecido por el Art. 41 de la
Ley N° 18.175, vengo en solicitar se declare la quiebra de la sociedad que
represento, toda vez que se encuentra en cesación de pago de sus obligaciones.-

En efecto, consta de los antecedentes que se acompañan y, de la memoria
explicativa, que con motivo de operaciones comerciales desafortunadas, de
dificultades administrativas y financieras, y de la pronunciada disminución de la
demanda por los servicios prestados y productos ofrecidos por la sociedad que
represento, esta última sufrió un abrupto y progresivo deterioro de su situación

económica, en términos tales de verse obligada por este acto en pedir su propia quiebra.-

Los hechos expuestos constan en forma detallada de memoria explicativa que acompaño en un otrosí.

### POR TANTO,

En mérito de lo expuesto, disposiciones legales citadas, y de lo dispuesto por los artículos 254 del C.P.C., y 42 de la Ley de Quiebras, sírvase SS., declarar la quiebra de la sociedad **AMERICAN TELECOMMUNICATION, INC CHILE SOCIEDAD ANONIMA**, representada por este compareciente, disponiendo la realización de sus bienes por parte de señor Síndico que se designe, a fin de proveer al pago de sus deudas que sean verificadas en el procedimiento de quiebra.-

**PRIMER OTROSÍ**: Sírvase SS., tener por acompañadas, con citación c opia de reducción a escritura pública de la Sesión Extraordinaria de Directorio de la sociedad AMERICAN TELECOMMMUNICATION, INC. CHILE S.A. de fecha 2 de mayo de 2007, con su respectiva inscripción en el Conservador de Bienes Raíces de Santiago con vigencia, en que consta la personería con que actúo,

**SEGUNDO OTROSÍ**: Ruego a US., tener por acompañados, en duplicado, los siguientes documentos, solicitando a SS se ordene la custodia de estos:

a)   Inventario de bienes, con expresión del lugar en que se encuentra, de su valor de adquisición y de los gravámenes que los afectan.-

b)   Relación de los juicios que se encuentran pendientes, a conocimiento de la sociedad solicitante.-

c)   Estado de deudas conocidas, con expresión de los nombres de los acreedores y la naturaleza de los títulos.-

d)   Ultimo balance de la compañía.-

e)   Memoria explicativa de las causas directas del mal estado de los negocios de mi representada.-

Asimismo, solicito a SS. se tenga por acompañado, con citación copia de los estatutos de la sociedad AMERICAN TELECOMMUNICATION, INC CHILE S.A.

**TERCER OTROSÍ**: Sírvase US., tener presente que la memoria explicativa se ha confeccionado siempre en forma aproximada, debiendo prevalecer los antecedentes fidedignos que aparezcan en la contabilidad de la compañía.

De la misma manera, solicito a US., tener presente que no existe, en el inventario acompañado, bienes que excluir de la masa.

**CUARTO OTROSÍ**: Solicito a SS tener presente que designo abogado patrocinante al abogado habilitado don Santiago Montt Vicuña, patente al día de la Ilustre Municipalidad de Vitacura y confiero asimismo poder para actuar conjunta o separadamente al abogado habilitado don Pablo Arriagada Feris, patente al día de la Ilustre Municipalidad de Providencia, ambos domiciliados en Los Conquistadores 1700, Piso 11, comuna de Providencia, quienes firman en señal de aceptación.

# EXHIBIT 5

**DICKSTEIN** SHAPIRO LLP

1177 Avenue of the Americas | New York, NY 10036-2714
TEL (212) 277-6500 | FAX (212) 277-6501 | dicksteinshapiro.com

*Writer's Direct Dial: (212) 277-6585*
*Writer's Direct Fax: (917) 591-7897*
*E-Mail Address: SkakelD@dicksteinshapiro.com*

May 20, 2008

**BY HAND DELIVERY**

| | |
|---|---|
| The Honorable Peter K. Leisure | The Honorable Henry Pitman |
| U.S. District Judge | Chief U.S. Magistrate Judge |
| United States District Court | United States District Court |
| Southern District of New York | Southern District of New York |
| 500 Pearl Street | 500 Pearl Street |
| New York, New York 10007 | New York, New York 10007 |

> **Re:** *Comverse, Inc. v. American Telecommunication, Inc. Chile S.A., et al.*
> **Case No. 07 Civ. 11121** _____

Dear Judge Leisure and Judge Pitman:

On behalf of Comverse, Inc. ("Comverse"), we are writing to respond briefly to yesterday's letter from Neil E. McDonell, Esq. of Dorsey & Whitney LLP ("Dorsey") in connection with Dorsey's application to withdraw as counsel for judgment debtor American Telecommunication, Inc. Chile S.A. ("ATI Chile").

First, ATI Chile's May 16th "bankruptcy filing" does not provide support for Dorsey's withdrawal motion. To the contrary, if anything, the nature of the document that ATI Chile filed with the Santiago Court of Appeals would suggest that Dorsey's motion should be denied – at least until ATI Chile retains successor counsel. We have been informed by Comverse's outside counsel in Chile that the simple document that ATI Chile filed last Friday – without more – will not be acted upon by the 19th Civil Court of Santiago (the court to which the filing will be assigned). According to Chilean counsel, ATI Chile must file the supporting documents to which the second decretal paragraph ("Segundo Ortosi") of the "bankruptcy filing" refers (including the asset inventory, creditors' list and balance sheet) before the Civil Court will proceed with the matter. If ATI Chile does <u>not</u> file the supporting documents within approximately four weeks, the May 16th bankruptcy petition will be "archived." That is, if ATI Chile fails to complete the requisite filing within a month, the practical result will be as if the bankruptcy petition did not exist. If ATI Chile does not timely complete its bankruptcy filing, then there is absolutely no justification for its continued refusal to comply with this Court's April 18th Order. Under these circumstances, it would be particularly unfair to allow Dorsey to withdraw without requiring ATI Chile to retain successor counsel during the next four week period.

Second, Dorsey appears (without any explanation to this Court) to have abandoned its argument that in camera review of the "Supporting Declaration" of Ms. Pietrzak is necessary to

Washington, DC | New York, NY | Los Angeles, CA

**DICKSTEIN**SHAPIRO LLP

Hon. Peter K. Leisure
Hon. Henry Pitman
May 20, 2008
Page 2

avoid "potential prejudice to ATI Chile" (see Dorsey's May 14th letter to Judge Leisure).   In its May 19th letter, Dorsey now contends that disclosing Ms. Pietrzak's "Supporting Declaration" would raise "significant 'ethical problems'" (citing <u>Ficom Intern., Inc. v. Israel Export Inst.</u>, No. 87 Civ. 7461, 1989 WL 13741, at *2 n.1 (S.D.N.Y. Feb. 10, 1989)).   Why those purportedly "significant 'ethical problems'" were not raised in Dorsey's initial letter to this Court is troubling, at best.   In any event, Dorsey's reliance on <u>Ficom</u> is misplaced.   In <u>Ficom</u>, the supporting documents that the judge stated should have been considered in camera, and not disclosed to the other side, included attacks by the attorney seeking to withdraw on the credibility of his client's president as well as "other material potentially adverse to plaintiff and helpful to defendants within the context of [the] litigation."   <u>Id.</u>   Accordingly, the judge found that making such documents available to the defendants' counsel was not ethically sound.   Here, ATI Chile is a post-judgment debtor, and this case involves the collection of a judgment that ATI Chile refuses to pay.   In the absence of an ongoing litigation, the risk of prejudice as a result of the release of "material potentially adverse" to ATI Chile is absent.

Finally, Dorsey apparently does not disagree with Comverse's request that if this Court grants Dorsey's motion to withdraw, that it condition such withdraw on ATI Chile retaining successor counsel.   Therefore, at a minimum, Comverse respectfully urges this Court to so condition the withdrawal.

Should the Court wish additional information or a formal declaration from Comverse's Chilean counsel regarding the Chilean bankruptcy procedures, please let us know, and we will provide such information and/or documentation as soon as practicable.

Respectfully submitted,

Deborah A. Skakel/LAB

Deborah A. Skakel

cc:    Neil E. McDonell, Esq. (by email)
       Brooke E. Pietrzak, Esq. (by email)

# EXHIBIT 6



BROOKE E. PIETRZAK, ESQ.
(212) 415-9200
FAX (212) 953-7201
PIETRZAK.BROOKE@DORSEY.COM

May 21, 2008

**BY HAND**

The Honorable Peter K. Leisure
United States District Judge
Southern District of New York
Daniel Patrick Moynihan United States
Courthouse
500 Pearl Street, Room 1910
New York, New York 10007

The Honorable Henry Pitman
Chief United States Magistrate Judge
Southern District of New York
Daniel Patrick Moynihan United States
Courthouse
500 Pearl Street, Room 750
New York, New York 10007

> Re:    **Comverse, Inc. v. American Telecommunication, Inc. Chile S.A., et al.,
> No. 07 CV 11121**

Dear Judge Leisure and Judge Pitman:

We represent respondent American Telecommunication, Inc. Chile S.A. ("ATI Chile") in the above-referenced proceeding. This is in reply to yesterday's letter to Your Honors from Comverse, Inc.'s ("Comverse") counsel Deborah Skakel, Esq., regarding Dorsey & Whitney LLP's ("Dorsey") application to withdraw as counsel for ATI Chile.

Ms. Skakel suggests in her letter that ATI Chile's bankruptcy filing is irrelevant to Dorsey's application, because ATI Chile must file certain additional documents with the 19th Civil Court of Santiago (the "Civil Court") within four weeks of its initial filing, in order for the bankruptcy to proceed further. I have been informed by ATI Chile's Chilean counsel that these additional documents were filed earlier this week with the Civil Court. Thus, Comverse has given this Court no valid reason why Dorsey's withdrawal should be conditioned on ATI Chile's first retaining new New York counsel.

Ms. Skakel next states, without any basis, that Dorsey has "abandoned" its argument that the Declaration which I submitted on May 14, 2008 (the "Supporting Declaration") should be reviewed *in camera* in order to avoid prejudice to ATI Chile. In fact, nowhere in my partner Neil McDonell's May 19, 2008 letter to Your Honors does Dorsey abandon any of its reasons for withdrawal -- neither those reasons set forth in my prior correspondence to Your Honors, nor those reasons set forth in the Supporting Declaration. It is not necessary, and in fact it would be an inefficient use of the Court's time, for Dorsey to re-state every one of its arguments in every single submission to Your Honors.



Ms. Skakel also claims without basis that I failed to argue in my initial letter to the Court that there were "ethical problems" with providing my Supporting Declaration to Comverse's counsel. To the contrary, my May 14, 2008 letter to Judge Leisure specifically cited to *Weinberger v. Provident Life and Cas. Ins. Co.*, No. 97 Civ. 9262 (JGK), 1998 WL 898309 at *1 (S.D.N.Y. Dec. 23, 1998) in support of Dorsey's request to submit the Supporting Declaration *in camera*. The very language I quoted is followed by a string cite that includes *Ficom Intern., Inc. v. Israel Exports Inst.*, No. 87 Civ. 7461 (CSH), 1989 WL 13741 (S.D.N.Y. Feb. 10, 1989), which notes the "ethical problems" with disclosure of an attorney's reasons for withdrawal to opposing counsel. As for Ms. Skakel's assertion that Dorsey's reliance on *Ficom* is "misplaced," that too is without merit. In *Ficom,* the court criticized the attorney who was applying to withdraw, because the attorney provided to his adversary supporting documents "replete with information obtained or generated during the attorney-client relationship." *Id.* at *3, n. 1. Dorsey, in contrast, has carefully avoided any such disclosure of privileged information to Comverse's counsel by properly serving them only with a "'bare bones' notice of motion" while "being careful to submit the supporting documents to the trial court for inspection *in camera,*" as the *Ficom* court directs. *Id.*

Finally, contrary to Ms. Skakel's suggestion, Dorsey does object to Comverse's request that Dorsey should be permitted to withdraw only if ATI Chile has already retained successor counsel. There are no pending motions or disputes before this Court, other than Dorsey's application to withdraw. Likewise, we have been informed that ATI Chile's bankruptcy filing in Chile is now complete and simply awaits a determination by the Civil Court. Given the procedural posture of the two proceedings, this is an appropriate time for Dorsey to withdraw.

Respectfully,

Brooke E. Pietrzak

cc:     Howard Graff, Esq. (by email)
        Deborah Skakel, Esq. (by email)
        Lindsay Bush, Esq. (by email)

DORSEY & WHITNEY LLP

# EXHIBIT 7

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X

COMVERSE, INC.,                        :

                    Plaintiff,         :

     -against-                         :

AMERICAN TELECOMMUNICATION, INC.       :      07 Civ. 11121 (PKL)(HBP)
CHILE S.A., AMERICAN
TELECOMMUNICATION INC.                 :      ORDER
BOLIVIA S.A., AMERICAN
TELECOMMUNICATION DO BRASIL            :
LTDA., AMERICAN TELECOMMUNICATION
INC. ECUADOR ATIECUADOR S.A.,          :
and AMERICAN TELECOMMUNICATION
PERU S.A.,                             :

                    Defendants.        :

------------------------------------X

PITMAN, United States Magistrate Judge:

     Dorsey and Whitney LLP seeks to withdraw as counsel for
American Telecommunication, Inc. Chile S.A. ("ATI Chile") and in
support of that application has submitted the declaration of
Brooke E. Pietrzak, Esq., in camera.  The parties dispute whether
Ms. Pietrzak's declaration is appropriately submitted in camera,
and for the reasons stated below, I conclude that in camera
treatment of the declaration is inappropriate

     I have carefully reviewed the affidavit for the possi-
ble inclusion of communications that are subject to the attorney-
client privilege, and there are no such communications.  Although
the affidavit does describe some communications between Dorsey &

Whitney and ATI Chile, none of those communications appear to possess the elements of the attorney client privilege.[1] In addition, the affidavit does not contain any discussion that can fairly be characterized as dealing with matters of strategy;

---

[1]The elements of the attorney-client privilege are well settled:

> "The [attorney-client] privilege applies only if (1) the asserted holder of the privilege is or sought to become a client; (2) the person to whom communication was made (a) is a member of the bar of a court, or his subordinate and (b) in connection with this communication is acting as a lawyer; (3) the communication relates to a fact of which the attorney was informed (a) by his client (b) without the presence of strangers (c) for the purpose of securing primarily either (i) an opinion on law or (ii) legal services or (iii) assistance in some legal proceeding, and not (d) for the purpose of committing a crime or tort; and (4) the privilege has been (a) claimed and (b) not waived by the client."

Bank Brussels Lambert v. Credit Lyonnais (Suisse) S.A., 160 F.R.D. 437, 441 (S.D.N.Y. 1995), quoting United States v. United Shoe Mach. Corp., 89 F. Supp. 357, 358-59 (D. Mass. 1950); see United States v. Davis, 131 F.R.D. 391, 398 (S.D.N.Y. 1990).

"It is now [also] well established that the privilege attaches not only to communications by the client to the attorney, but also to advice rendered by the attorney to the client, at least to the extent that such advice may reflect confidential information conveyed by the client." Bank Brussels Lambert v. Credit Lyonnais (Suisse) S.A., supra, 160 F.R.D. at 441-42; see also O'Brien v. Board of Educ., 86 F.R.D. 548, 549 (S.D.N.Y. 1980); SCM Corp. v. Xerox Corp., 70 F.R.D. 508, 520-22 (D. Conn. 1976).

Finally, because privileges tend to frustrate the truth-finding function of judicial proceedings, they are ordinarily narrowly construed. United States v. Weissman, 195 F.3d 96, 100 (2d Cir. 1999) (per curiam) ("Privileges should be narrowly construed and expansions cautiously extended."), citing Univ. of Pa. v. EEOC, 493 U.S. 182, 189 (1990).

indeed, since judgment has already been entered the case and the remaining proceedings deal with enforcement issues only, it is difficult to understand what legitimate strategic issues could remain. Finally, I have also considered whether anything in the declaration could result in unfair prejudice to ATI Chile. Although the contents of paragraph 12 are prejudicial, the substance of the paragraph is already known to Comverse. Paragraph 12 merely describes an event in the case which was the result of a conscious decision by ATI Chile and is necessarily known to all parties.

Accordingly, no later than June 10, 2008, ATI Chile is directed to produce a copy of Ms. Pietrzak's declaration to counsel for Comverse. If ATI Chile files objections to this Order by that date, its obligation to produce Ms. Pietrzak's declaration will be stayed pending Judge Leisure's decision.

Dated:   New York, New York
         May 28, 2008

                                        SO ORDERED

                                        HENRY PITMAN
                                        United States Magistrate Judge

Copies transmitted to:

Neil E. McDonell, Esq.
Brooke E. Pietrzak, Esq.
Eric Epstein, Esq.
Dorsey & Whitney LLP
250 Park Avenue
New York, New York  10177

3

Howard Graff, Esq.
Deborah A. Skakel, Esq.
Lindsay A. Bush, Esq.
Disckstein Shapiro LLP
1177 Avenue of the Americas
New York, New York  10036

# EXHIBIT 8

Neil E. McDonell (NM-1715)
Brooke E. Pietrzak (BP-7314)
Eric B. Epstein (EE-8992)
DORSEY & WHITNEY LLP
250 Park Avenue
New York, New York 10177
(212) 415-9200

*Attorneys for Respondent*
*American Telecommunication, Inc. Chile S.A.*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

COMVERSE, INC.,

                    Petitioner,

          -against-

AMERICAN TELECOMMUNICATION, INC.
CHILE S.A., AMERICAN
TELECOMMUNICATION INC. BOLIVIA S.A.,
AMERICAN TELECOMMUNICATION DO
BRASIL LTDA., AMERICAN
TELECOMMUNICATION INC. ECUADOR
ATIECUADOR S.A., and AMERICAN
TELECOMMUNICATION PERU S.A.,

                    Respondents.

Case No. 07 CV 11121 (PKL)

ECF CASE

## DECLARATION OF BROOKE E. PIETRZAK

I, Brooke E. Pietrzak, declare under penalty of perjury pursuant to 28 U.S.C.

§ 1746, as follows:

1.      I am a partner with the law firm of Dorsey & Whitney LLP ("Dorsey"),

counsel to American Telecommunication, Inc. Chile S.A. ("ATI Chile") in the above-

captioned proceeding. I submit this declaration pursuant to Local Civil Rule 1.4 in support of Dorsey's request to withdraw as counsel to ATI Chile.

## PROCEDURAL BACKGROUND

2.      Comverse, Inc. ("Comverse") initiated this proceeding with its application to confirm an arbitration award issued following an arbitration between Comverse and the respondents. Dorsey was counsel to ATI Chile in the arbitration and also represents ATI Chile in this proceeding.

3.      On February 4, 2008, the Court issued a judgment confirming the arbitration award in its entirety. (See Docket Nos. 19 and 20).

4.      Following the Court's confirmation of the arbitration award, Comverse served post-judgment discovery in the form of information subpoenas on ATI Chile regarding both ATI Chile and the other respondents, ATI Chile's sister companies. ATI Chile responded to nearly all 140 of the requests in the information subpoenas, the only exceptions being requests 10, 18, and 28 in the information subpoena regarding ATI Chile. ATI Chile indicated that it would provide responses to these particular requests once a suitable protective order was entered.

5.      Comverse would not agree to such a protective order and moved by Order to Show Cause for an order compelling ATI Chile to respond to requests 10, 18 and 28 of the information subpoena regarding ATI Chile. Comverse also moved to compel ATI Chile to respond to requests 16 and 17 regarding ATI Chile's sister companies, as ATI Chile had stated that it did not have information responsive to these requests. (See Docket Nos. 23 and 24).

6.      The parties fully briefed Comverse's motion to compel and ATI Chile's cross-motion for a protective order.   The Court then referred Comverse's motion to compel and ATI Chile's cross-motion for a protective order to Magistrate Judge Henry B. Pitman.   (See Docket No. 32).   Magistrate Judge Pitman heard oral argument on the motions on April 18, 2008 and issued his Order (the "Order") on the same day.

7.      The Order required ATI Chile to respond to requests 10, 18 and 28 of the information subpoena regarding ATI Chile and requests 16 and 17 of the information subpoenas regarding ATI Chile's sister companies.   In the case of requests 18 and 28, the Order provided that ATI Chile's responses thereto could be designated Outside Attorneys' Eyes Only under certain limited circumstances.   The Order also granted Comverse $5,000 in attorney's fees against ATI Chile.   (See Docket No. 36).   ATI Chile was given thirty days to comply with the Order.

8.      Following the Order, there are no pending motions or disputes before the Court in the instant proceeding.

## CIRCUMSTANCES REQUIRING WITHDRAWAL

9.      I promptly transmitted the Order to ATI Chile and explained all its terms. I have had numerous communications, both telephonically and via email, with Rafael Alfaro, Chairman of the Board of ATI Chile, and Luis Alberto Nuñez, the CEO of ATI Chile, regarding ATI Chile's compliance with the Order.

10.     During these communications with ATI Chile, I also inquired as to the contents and current location of "two big books" of financial information regarding ATI Chile and its sister companies, which were referenced by Dr. Jorge Quiroz at pages 839-

40 of the arbitration transcript and in the Order. I also contacted Dr. Quiroz directly regarding these materials.

11.    ATI Chile indicated during our initial communications (a) that it intended to provide all of the requested information, including the responses regarding its sister companies; (b) that it would pay the $5,000 in attorneys' fees awarded to Comverse; and (c) that it would do both by the May 19, 2008 deadline.

12.    On May 8, 2008, however, ATI Chile informed me that it no longer intended to comply fully with the Order. Until May 8, 2008, it was Dorsey's understanding that ATI Chile would comply fully and timely with the Order.

13.    ATI Chile has also failed to pay timely eight Dorsey invoices dated from August 17, 2007 through April 7, 2008, which total $178,918.34 and remain due.

14.    Dorsey's retention agreement with ATI Chile, dated August 4, 2006, expressly provides, in relevant part, that Dorsey may withdraw "for a reason required or permitted by professional rules" and that Dorsey "may also withdraw if our fees are not paid timely."

15.    During the May 8, 2008 communication, after learning that ATI Chile no longer intended to comply fully with the Order, I informed ATI Chile that (a) Dorsey could not continue to represent it in the instant proceeding; (b) if the Court permitted Dorsey to withdraw as ATI Chile's counsel, ATI Chile would need to obtain substitute counsel to represent it in the instant proceeding; and (c) if it fails to obtain substitute counsel, the Court may enter a default judgment against it, since a corporation cannot appear *pro se*. I confirmed this in writing to ATI Chile by email on May 9, 2008.

4

## LEGAL ARGUMENT

16.    Pursuant to Local Civil Rule 1.4, an attorney may withdraw from a case with leave of the Court, which may be granted "upon a showing by affidavit or otherwise of satisfactory reasons for withdrawal or displacement and the posture of the case, including its position, if any, on the calendar."

17.    Pursuant to Disciplinary Rule 2-110(C) ("Permissive Withdrawal") of the New York Code of Professional Responsibility, a lawyer may withdraw from representing a client in a number of circumstances, including, but not limited to: (i) "if withdrawal can be accomplished without material adverse effect on the interests of the client"; (ii) if the client "renders it unreasonably difficult for the lawyer to carry out employment effectively"; or (iii) if the client "deliberately disregards an agreement or obligation to the lawyer as to expenses or fees."

18.    Pursuant to Disciplinary Rule 2-110(A)(2) of the New York Code of Professional Responsibility, an attorney shall not withdraw from employment until the attorney "has taken steps to the extent reasonably practicable to avoid foreseeable prejudice to the rights of the client, including giving due notice to the client, allowing time for employment of other counsel, delivering to the client all papers and property to which the client is entitled and complying with applicable laws and rules."

19.    Several of the grounds for permissive withdrawal are met here. *First*, withdrawal "can be accomplished without material adverse effect on the interests of the client." Specifically, there are no pending motions or disputes before the Court in this proceeding, and therefore the withdrawal of Dorsey and the substitution of new counsel can be accomplished without prejudicing ATI Chile in regard to any pending dispute

5

requiring legal counsel. Dorsey has given ATI Chile prompt notice of its possible withdrawal so that ATI Chile can obtain substitute counsel to represent it as to any future issues that may arise in this proceeding. If Dorsey is permitted to withdraw as counsel, Dorsey is prepared to facilitate the transition to substitute counsel, and take any other necessary measures (including the transfer or return of all client papers and property) so as to avoid any prejudice to ATI Chile.

20.     *Second*, by indicating that it does not intend to comply with aspects of the Order, ATI Chile has rendered it "unreasonably difficult" for Dorsey "to carry out employment effectively." ATI Chile's failure to pay Dorsey's invoices in a timely manner since August 17, 2007 will also make it unreasonably difficult for Dorsey "to carry out employment effectively."

21.     *Third*, by failing to pay Dorsey's invoices in a timely manner since August 17, 2007, ATI Chile has "deliberately disregard[ed] an agreement or obligation to the lawyer as to expenses or fees." Dorsey's retention agreement with ATI Chile expressly provides that Dorsey "may also withdraw if our fees are not paid timely."

I declare under penalty of perjury that the foregoing is true and correct. Executed on May 14, 2008.

_Brooke E. Pietrzak_

Brooke E. Pietrzak

# EXHIBIT 9

Neil E. McDonell (NM-1715)
Brooke E. Pietrzak (BP-7314)
Eric Epstein (EE-8992)
DORSEY & WHITNEY LLP
250 Park Avenue
New York, New York 10177
(212) 415-9200

*Attorneys for Respondent*
*American Telecommunication, Inc. Chile S.A.*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

COMVERSE, INC.,

                    Petitioner,

        -against-

AMERICAN TELECOMMUNICATION, INC.
CHILE S.A., AMERICAN
TELECOMMUNICATION INC. BOLIVIA S.A.,
AMERICAN TELECOMMUNICATION DO
BRASIL LTDA., AMERICAN
TELECOMMUNICATION INC. ECUADOR
ATIECUADOR S.A., and AMERICAN
TELECOMMUNICATION PERU S.A.,

                    Respondents.

Case No. 07 CV 11121 (PKL)

ECF CASE

**DECLARATION OF
RAFAEL ALFARO MACHERONE**

I, RAFAEL ALFARO MACHERONE, declare as follows:

        1.      I am the Chairman of the Board of American Telecommunication, Inc. Chile S.A.

("ATI Chile"), a position I have held since April 26, 2006. Prior to becoming Chairman, I

served as the General Counsel of ATI Chile. I have been employed by ATI Chile since 1997 and

am therefore fully familiar with the facts stated herein. I submit this declaration in support of (a)

ATI Chile's opposition to Comverse, Inc.'s ("Comverse") Order to Show Cause and (b) ATI

Chile's cross-motion for a protective order.

2.      On December 26, 2005, ATI Chile transferred its ownership of American

Telecommunication Ltda. ("ATI Brasil"), which was evidenced by 659,043 shares of the

company, to American Telecommunication Holdings S.A. ("ATI Holdings") for a total price of

US$230,980.  A true and correct copy of the signed and notarized document evidencing this

transfer (the "Transfer Document"), entitled "Cesión de Cuotas Sociales American

Telecommunication, Inc. Chile S.A. A American Telecommunication Holdings S.A." (in English

"Transfer of Ownership of American Telecommunication, Inc. Chile S.A. to American

Telecommunication Holdings S.A.") is attached hereto as Exhibit A.  The transfer of ownership

is set forth in the paragraph entitled "SEGUNDO" and the total price of the shares is set forth in

the paragraph entitled "TERCERO" of the Transfer Document.

3.      On August 1, 2006, ATI Brasil filed a document modifying its bylaws with the

Junta Comercial Do Estado Do Rio De Janeiro (the "Bylaw Modification").  A true and correct

copy of the document, entitled "Alteracão Do Contrato Social De American Telecommunication

Ltda. (in English "Alteration of the Ownership Contract of American Telecommunication

Ltda."), is attached hereto as Exhibit B.  The Bylaw Modification, among other items, (i)

changed the address of ATI Brasil from a location in Sao Paulo to a location in Rio de Janeiro

and (ii) acknowledged the transfer of the ownership of ATI Brasil from ATI Chile to ATI

Holdings pursuant to the Transfer Document.  The change in ATI Brasil's address is set forth at

page 3, Paragraph A)I under the heading "RESOLVEM."  The acknowledgement of the transfer

of ownership is set forth at page 2, Paragraph II, under the heading "CONSIDERANDO."

4.      ATI Chile therefore does not currently own 98% of the shares of ATI Brasil, as

Comverse maintains in its Memorandum of Law, nor has it had any ownership interest in ATI

Brasil since December of 2005.

5.      In responding to the information subpoena Comverse served on ATI Chile regarding ATI Chile, the company indicated that three of the 68 requests contained confidential financial or business information (Request No. 10, Request No. 18 and Request No. 28).  ATI Chile stated that it would provide responses to these particular requests as soon as a suitable protective order was entered into by the parties.  The information that is responsive to these three requests is vital to ATI Chile's business and its effort to get back on its feet.  ATI Chile did provide a partial answer to Request No. 18, as some of the responsive information was publicly available.

6.      Request No. 10 seeks a list of all the bank accounts ATI Chile has maintained during the past two years.  Request No. 18 seeks a list of the persons or entities to whom ATI Chile has issued financial statements during the past two years.  Request No. 28 seeks a list of creditors to whom payments over $100 have been made over the past four months.

7.      Giving the information requested in these three requests to a direct competitor of ATI Chile, especially one that has already seriously damaged ATI Chile, without any protection in place, would be highly prejudicial to ATI Chile.  The responses to these requests would give Comverse highly detailed information regarding ATI Chile's business plans, including current and potential customers, projects and vendors.  The viability of ATI Chile has already been damaged by the misconduct of Comverse's business people and the manner in which the 17 year long relationship between the parties was terminated by Comverse.  ATI Chile cannot afford to provide Comverse with a roadmap of its sensitive business and financial information before a protective order is entered.

I declare under penalty of perjury that the foregoing is true and correct.  Executed on April 7, 2008, at Santiago, Chile.

/s/Rafael Alfaro Macherone

_____
RAFAEL ALFARO MACHERONE

# EXHIBIT 10

CONFIDENTIAL                                    1118

CONFIDENTIAL - PURSUANT TO PROTECTIVE ORDER
        OUTSIDE ATTORNEYS' EYES ONLY

AMERICAN ARBITRATION ASSOCIATION
INTERNATIONAL CENTER FOR DISPUTE RESOLUTION
NEW YORK CITY REGIONAL OFFICE
-----------------------------------------x
In the Matter of the Arbitration between

COMVERSE, INC.,                    ORIGINAL

                    Claimant,

        -and-                   AAA Case No.
                                50 494 T 00319 06
AMERICAN TELECOMMUNICATIONS,

INC., CHILE S.A.,

                    Respondent.
-----------------------------------------x



                    250 Park Avenue
                    New York, New York
                    March 27, 2007
                    9:07 a.m.


B E F O R E:

    DAVID J. A. CAIRNS, Presiding Arbitrator
    LIONEL PEREZNIETO-CASTRO, Arbitrator
    ALEJANDRO M. GARRO, Arbitrator




Reported by:

CARY N. BIGELOW, RPR

1202

1    Nunez - cross - confidential

2

3

4

5

6

7

8

9

10

11

12

13    Q.    I understand from yesterday's

14    testimony that you and perhaps with others were

15    involved in selecting the purchase orders that

16    were made part of this, part of the list or that

17    are listed on this annex.

18         Is that so?

19    A.    Yes.  I worked with Sergio on this,

20    but I take responsibility for it.

21    Q.    So you selected all of the POs that

22    are -- you and Mr. Probost selected all of the

23    POs that are listed on this annex?

24    A.    Yes, and I reviewed them one by one.

25    Q.    And then you gave them to Mr. Garcia

1203

1    Nunez - cross - confidential

2    or you gave them to Mr. Cea or both?

3        A.    This is something that hasn't been

4    clear in these proceedings, but ours is a small

5    company, it is not such a large company, there

6    are four of us sitting together in a room

7    exchanging documents.  Whether I gave it to one

8    or the other is irrelevant.  I don't remember in

9    which order it happened.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

1252

1
2                    C E R T I F I C A T E
3   STATE OF NEW YORK  )
4                           : ss.
5   COUNTY OF NEW YORK )
6
7              I, CARY N. BIGELOW, RPR, a Notary
8        Public within and for the State of New
9        York, do hereby certify that the within is
10       a true and accurate transcript of the
11       proceedings taken on March 27, 2007, to the
12       best of my ability.
13             I further certify that I am not
14       related to any of the parties to this
15       action by blood or marriage and that I am
16       in no way interested in the outcome of this
17       matter.
18             IN WITNESS WHEREOF, I have hereunto
19       set my hand this 27th day of March, 2007.
20
21                _____
22                   CARY N. BIGELOW, RPR
23
24
25