**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| COMVERSE, INC., | Case No. 07-cv-11121 (PKL) (HBP) |
| Petitioner, | ECF CASE |
| -v- | |
| AMERICAN TELECOMMUNICATION, INC. CHILE S.A., AMERICAN TELECOMMUNICATION INC. BOLIVIA S.A., AMERICAN TELECOMMUNICATION DO BRASIL LTDA., AMERICAN TELECOMMUNICATION INC. ECUADOR ATIECUADOR S.A., and AMERICAN TELECOMMUNICATION PERU S.A., | |
| Respondents. | |

**MEMORANDUM OF LAW IN SUPPORT OF COMVERSE'S
ORDER TO SHOW CAUSE SEEKING CONTEMPT SANCTIONS
<u>AGAINST ATI CHILE AS WELL AS LUIS NUNEZ AND RAFAEL ALFARO</u>**

DICKSTEIN SHAPIRO LLP
1177 Avenue of the Americas
New York, New York 10036
(212) 277-6500
Attorneys for Petitioner Comverse, Inc.

# **TABLE OF CONTENTS**

Page

TABLE OF AUTHORITIES ...................................................................................................... ii

STATEMENT OF FACTS ........................................................................................................... 1

    ATI Chile (And Its Sister Companies) Have Continuously Frustrated Comverse's Attempt To Enforce The Judgments Against The Companies ........................................... 1

    ATI Chile Fails To Adequately Respond To Information Subpoenas And Comverse Files A Motion To Compel ................................................................................. 2

    Dorsey Seeks To Withdraw As Counsel For ATI Chile, And ATI Chile Files For Bankruptcy In Chile ........................................................................................................... 3

    The Supporting Declaration Evidences That ATI Chile Purposely Refused To Comply With This Court's April 18th Order ..................................................................... 4

ARGUMENT .................................................................................................................................. 6

I.    ATI CHILE SHOULD BE HELD IN CONTEMPT OF COURT FOR ITS FAILURE TO COMPLY WITH THIS COURT'S APRIL 18TH ORDER ........................ 6

II.    ATI CHILE'S OFFICERS AND DIRECTORS – MESSRS. NUNEZ AND ALFARO SHOULD ALSO BE HELD IN CONTEMPT OF COURT ............................... 8

III.    THE APPROPRIATE SANCTION FOR THE CIVIL CONTEMPT OF ATI CHILE AND ITS OFFICERS AND DIRECTORS IS FOR THE COURT TO DIRECT ATI CHILE TO PAY A DAILY FINE OF $250 FOR ATI CHILE'S CONTINUING NON-COMPLIANCE AND TO DIRECT THE ISSUANCE OF WARRANTS FOR THE ARREST OF MESSRS. ALFARO AND NUNEZ .................... 9

IV.    BECAUSE THE CONTEMPT WAS WILLFUL, COMVERSE SHOULD BE AWARDED ATTORNEYS' FEES INCURRED IN CONNECTION WITH THIS MOTION ............................................................................................................................. 12

CONCLUSION ............................................................................................................................ 14

## **TABLE OF AUTHORITIES**

CASES                                                                                                                          Page(s)

Bank of Credit & Commerce Int'l (Overseas) Ltd. v. Tamraz, No. 97 Civ. 4759, 2006
     WL 1643202 (S.D.N.Y. June 13, 2006) ..........................................................................10, 12

Diamant v. GMS Diamonds Corp., 04 Civ. 2636, 2004 WL 2710028
     (S.D.N.Y. Nov. 24, 2004) ..........................................................................................10, 11, 12

Fendi Adele S.R.L. v. Burlington Coat Factory Warehouse Corp.,
     No. 06 Civ. 0085, 2007 WL 2982295 (S.D.N.Y. Oct. 10, 2007) ............................................13

JSC Foreign Econ. Ass'n Technostroyexport v. Int'l Dev. & Trade Servs., Inc.,
     No. 03 Civ. 5562, 2005 WL 1983905 (S.D.N.Y. Aug. 18, 2005) .......................................6, 12

Palmadessa v. Palmadessa, No. 90 Civ. 2429, 1992 WL 188329
     (S.D.N.Y. July 30, 1992), aff'd, 979 F.2d 846 (2d Cir. 1992)............................................9, 12

S.E.C. v. Oxford Capital Secs., Inc., 794 F. Supp. 104 (S.D.N.Y. 1992).........................................6

S.E.C. v. Zubkis, No. 97 Civ. 8086, 2003 WL 22118978 (S.D.N.Y. Sept. 11, 2003).....................9

United States v. Wilson, 221 U.S. 361 (1911)...........................................................................8, 12


RULES

Fed. R. Civ. P. 37(b)(2)(A)(vii) ......................................................................................................6

Fed. R. Civ. P. 37(b)(2)(C) ...........................................................................................................12

Local Civ. R. 83.9(e)......................................................................................................................11


OTHER AUTHORITIES

17 Am. Jur. 2d Contempt § 48........................................................................................................8

DOCSNY-311489v02

Petitioner Comverse, Inc. ("Comverse" or "Petitioner"), by its attorneys Dickstein Shapiro LLP, respectfully submits this memorandum of law, together with the Declaration of Deborah A. Skakel, dated June 4, 2008 (the "Skakel Declaration"), and the exhibits annexed thereto, in support of Comverse's motion for civil contempt against Respondent American Telecommunication, Inc. Chile S.A. ("ATI Chile" or "Respondent"), as well as Luis Alberto Nunez and Rafael Alfaro, both of whom are officers and directors of ATI Chile.

## STATEMENT OF FACTS

As evidenced by the facts set forth below, in the latest attempt to frustrate Comverse's enforcement of judgments in the amount of $17,733,081.83 against ATI Chile and its sister companies, Respondents American Telecommunication Inc. Bolivia S.A., American Telecommunication do Brasil Ltda., American Telecommunication Inc. Ecuador ATIECUADOR S.A. and American Telecommunication Peru S.A. (the "Sister Companies"), ATI Chile and two of its officers and directors have purposefully disregarded this Court's April 18, 2008 order and, accordingly, should be held in contempt of Court. We will briefly summarize the relevant background and procedural posture of this matter leading up to the present motion.

**ATI Chile (And Its Sister Companies) Have Continuously Frustrated**
**Comverse's Attempt To Enforce The Judgments Against The Companies**

Comverse, ATI Chile and its Sister Companies participated in a binding arbitration in New York in which Comverse prosecuted its multi-million dollar accounts receivable claim against ATI Chile and the Sister Companies based on unpaid invoices dating back to 2003 (the "Arbitration"). Skakel Decl. ¶ 2. The Arbitral Panel awarded Comverse the total net amount of $17,733,081.83 (the "Arbitration Award"). Id.

Following the issuance of the Arbitration Award, Comverse filed a Petition To Confirm The Arbitration Award. Id. ¶ 3. ATI Chile, the only ATI entity that appeared in the proceeding to confirm the award, did not object, other than to have the amount of Comverse's award against ATI Chile reduced by the amount that the Arbitral Panel awarded to ATI Chile for its counterclaims.[1] Id. ¶ 4. Accordingly, this Court issued a judgment against ATI Chile in the amount of $1,342,312.47, and a default judgment against ATI Chile's Sister Companies in the total amount of $16,681,586.05 (collectively, the "Judgments"). Id. ¶ 5. Following the entry of the Judgments, ATI Chile and its Sister Companies have engaged in a consistent course of conduct designed to frustrate enforcement of the Judgments or any portion thereof. Id. ¶ 6.

**ATI Chile Fails To Adequately Respond To Information Subpoenas And Comverse Files A Motion To Compel**

Given the unwillingness of ATI Chile and its Sister Companies to pay a single penny of the Judgments against them, Comverse has been forced to commence post-judgment discovery in an effort to collect the $17,733,081.83 that ATI Chile and its Sister Companies owe to Comverse. Id. ¶ 7. Thus, Comverse served ATI Chile with Information Subpoenas in an effort to locate assets sufficient to satisfy the outstanding Judgments. Id. ¶ 8. ATI Chile refused to fully comply with the Information Subpoenas unless an attorneys' eyes only protective order was entered into between counsel for Comverse and ATI Chile. Id. ¶ 9. The partial responses, which were signed by ATI Chile's Chairman of the Board Rafael Alfaro on March 18, 2008, were

---

[1] It is notable that ATI Chile and its Sister Companies were all represented by Dorsey & Whitney ("Dorsey"), as well as the same Chilean counsel, throughout the course of the Arbitration. It is also notable that all of the ATI entities expressly consented to the jurisdiction of the Courts of New York, New York in connection with any award made by the arbitrators pursuant to any arbitration proceeding, in accordance with the arbitration clause in the agreement between Comverse and ATI Chile. However, because ATI Chile was the only entity that was awarded any monies by the Arbitral Panel, it was the only entity that chose to appear in the proceedings to confirm the award. Such conduct has frustrated Comverse's efforts to collect on the Arbitration Award and the Judgments issued in connection therewith.

therefore devoid of any substantive financial information. As a result of ATI Chile's refusal to comply, Comverse was forced to file a Motion To Compel pursuant to Rule 37(a) of the Federal Rules of Civil Procedure. Id. ¶ 10.

On April 18, 2008, this Court granted Comverse's Motion To Compel, virtually in its entirety, and ordered ATI Chile to fully respond to the Information Subpoenas (the "April 18th Order"). Id. ¶ 11, Ex. 1. In addition, because the Court found that some of ATI Chile's positions were "clearly without merit," the Court ordered ATI Chile to pay Comverse $5,000 to cover a portion of the legal costs and fees incurred in connection with Comverse's Motion To Compel. Skakel Decl. ¶ 12, Ex. 1 at 3. ATI Chile was ordered to provide its responses and pay the $5,000 within thirty (30) days of the April 18th Order, or by May 19, 2008. Skakel Decl. ¶ 12, Ex. 1 at 3.

**Dorsey Seeks To Withdraw As Counsel For ATI Chile, And ATI Chile Files For Bankruptcy In Chile**

On May 14, 2008, a mere four days before ATI Chile was to have complied with the April 18th Order, Dorsey submitted a request to this Court for permission to withdraw as counsel for ATI Chile. Skakel Decl. ¶ 13. The declaration setting forth the basis for Dorsey's withdrawal request (the "Supporting Declaration") was submitted in camera purportedly to "avoid potential prejudice to ATI Chile." Id., Ex. 2. On May 16, 2008, in response to Dorsey's May 14th letter, counsel for Comverse submitted a letter to the Court objecting to the in camera submission by Dorsey, and further objecting to Dorsey's motion to withdraw. Skakel Decl. ¶ 14, Ex. 3.

On May 19, 2008, Dorsey submitted an additional letter to the Court informing the Court that ATI Chile had filed for bankruptcy in Chile on May 16, 2008. Skakel Decl. ¶ 15, Ex. 4. Additional letters were sent to the Court by both counsel for Comverse and Dorsey, setting forth

3

their respective positions with regard to Dorsey's motion to withdraw as counsel, as well as the impact of ATI Chile's bankruptcy filing on Dorsey's motion. Skakel Decl. ¶ 16, Exs. 5 - 6.

On May 27, 2008, a telephonic hearing was held before Magistrate Judge Pitman regarding the appropriateness of Dorsey submitting the Supporting Declaration in camera. Skakel Decl. ¶ 17. On May 28, 2008, Magistrate Judge Pitman issued an order concluding that in camera treatment of the Supporting Declaration was inappropriate and directing Dorsey to produce the Declaration to counsel for Comverse no later than June 10, 2008. Id. ¶ 18, Ex. 7. Magistrate Judge Pitman also indicated during the hearing that Comverse had until June 17, 2008 to provide the Court with a written submission regarding the Supporting Declaration and Dorsey's withdrawal motion. On May 30, 2008, Dorsey produced a copy of the Supporting Declaration to counsel for Comverse. Skakel Decl. ¶ 19, Ex. 8.

**The Supporting Declaration Evidences That ATI Chile**
**Purposely Refused To Comply With This Court's April 18th Order**

The contents of the Supporting Declaration make it abundantly clear that ATI Chile purposefully refused to comply with the April 18th Order. Ms. Pietrzak stated in the Supporting Declaration that, following the April 18th Order, she:

> promptly transmitted the Order to ATI Chile and explained all its terms. [She] had <u>numerous communications, both telephonically and via email, with Rafael Alfaro, Chairman of the Board of ATI Chile, and Luis Alberto Nuñez, the CEO of ATI Chile, regarding ATI Chile's compliance with the Order</u>.

Skakel Decl. Ex.8 ¶ 9 (emphasis added). Ms. Pietrzak's Supporting Declaration further states that:

> ATI Chile indicated during our initial communications (a) that it intended to provide all of the requested information, including the responses regarding its sister companies; (b) that it would pay the $5,000 in attorneys' fees awarded to Comverse; and (c) that it would do both by the May 19, 2008 deadline.

4

Id. ¶ 11.

Thus, according to its own attorneys, ATI Chile was aware of the April 18th Order and its requirements thereunder and initially intended to comply. Then, according to Ms. Pietrzak's Supporting Declaration:

> On May 8, 2008 . . . ATI Chile informed [Ms. Pietrzak] that it no longer intended to comply fully with the Order.

Id. ¶ 12 (emphasis added).

The Declaration further states:

> During the May 8, 2008 communication, after learning that ATI Chile no longer intended to comply fully with the Order, [Ms. Pietrzak] informed ATI Chile that (a) Dorsey could not continue to represent it in the instant proceeding; (b) if the Court permitted Dorsey to withdraw as ATI Chile's counsel, ATI Chile would need to obtain substitute counsel to represent it in the instant proceeding; and (c) if it fails to obtain substitute counsel, the Court may enter a default judgment against it, since a corporation cannot appear *pro se*.

Id. ¶ 15. Ms. Pietrzak confirmed the above in writing to ATI Chile on May 9, 2008. Id.

To date, ATI Chile has not responded to the April 18th Order; nor has it submitted any communication to Comverse or its counsel indicating that it has any intention of complying with such Order.[2]

---

[2]     It is worth noting that Comverse has also served a subpoena on ATI Chile calling for the production of documents, which is returnable on June 10, 2008, and has served deposition subpoenas on Victor Acuna, Luiz Nunez (the Chief Executive Officer of ATI Chile and its Sister Companies) and Alvaro Garcia (Chief Financial Officer of ATI Chile and its Sister Companies), which are returnable on June 23, 24 and 25, 2008, respectively.

**ARGUMENT**

As evidenced by the facts set forth above, ATI Chile – and two of its officers and directors – have <u>purposefully</u> disregarded this Court's April 18, 2008 Order and should be held in contempt of Court.  Further, because additional financial sanctions against ATI Chile would be futile, Comverse respectfully requests that this Court direct ATI Chile to pay the Clerk of Court a fine of $250 per day for each day that ATI Chile remains in violation of the April 18th Order and direct the issuance of warrants for the arrest of Messrs. Nunez and Alfaro, officers and directors of ATI Chile, in order to compel compliance with the April 18th Order.

**I.    ATI CHILE SHOULD BE HELD IN CONTEMPT OF COURT FOR ITS FAILURE TO COMPLY WITH THIS COURT'S APRIL 18TH ORDER**

Pursuant to the Federal Rules of Civil Procedure,

> [i]f a party or a party's officer, director, or managing agent . . . fails to obey an order to provide or permit discovery, including an order under Rule 26(f), 35, or 37(a), the court where the action is pending may issue further just orders.  They may include the following:
>
>  . . . .
>
> (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

Fed. R. Civ. P. 37(b)(2)(A)(vii).

Further, a court may hold a party in civil contempt where, as here: "(1) the order the contemnor failed to comply with is clear and unambiguous, (2) the proof of noncompliance is clear and convincing, and (3) the contemnor has not diligently attempted to comply in a reasonable manner."  <u>JSC Foreign Econ. Ass'n Technostroyexport v. Int'l Dev. & Trade Servs., Inc.</u>, No. 03 Civ. 5562, 2005 WL 1983905, at *9 (S.D.N.Y. Aug. 18, 2005) (internal quotation marks omitted).  See also <u>S.E.C. v. Oxford Capital Secs., Inc.</u>, 794 F. Supp. 104, 106 (S.D.N.Y. 1992).

Here, the April 18th Order with which ATI Chile failed to comply was clear and unambiguous. Indeed, the April 18th Order specifically listed each individual request in the Information Subpoenas to which ATI Chile was compelled to respond. Further, the mandate that ATI Chile was to pay Comverse $5,000 in attorneys' fees was likewise crystal clear. ATI Chile's counsel advised this Court that the contents of the April 18th Order were "promptly transmitted" to ATI Chile, and all of the terms of such Order were explained to both Rafael Alfaro (Chairman of the Board of ATI Chile and previously ATI Chile's General Counsel) and Luis Nunez (the Chief Executive Officer of ATI Chile), telephonically and via email, by Ms. Pietrzak. Skakel Decl. Ex. 8 ¶ 9.

ATI Chile was undeniably aware of the existence of the Information Subpoenas – as well as the requirement that it respond – as evidenced by its partial responses to the Information Subpoenas, which were signed by Mr. Alfaro on March 18, 2008. Further, ATI Chile vigorously opposed Comverse's Motion To Compel by fully briefing its opposition to such Motion and having counsel appear for oral argument before Magistrate Judge Pitman on Comverse's Motion. Indeed Mr. Alfaro, formerly ATI Chile's general counsel (now Chairman of the Board of ATI Chile), submitted a declaration in opposition to Comverse's Motion to Compel setting forth, among other things, the specific requests in the Information Subpoenas that ATI Chile objected to, and describing the purported harm that would flow from giving the requested information to a "direct competitor" of ATI Chile – i.e., Comverse. Skakel Decl. Ex. 9 ¶¶ 5-7. Thus, after evidencing its in-depth knowledge of the information validly requested by Comverse in the Information Subpoenas and being ordered by Magistrate Judge Pitman to turn over such information, ATI Chile "informed" its counsel that "it no longer intended to comply fully with

7

the [April 18th] Order." Skakel Decl. Ex. 8 ¶ 12. The proof of ATI Chile's noncompliance with this Court's April 18th Order is certainly clear and convincing as well as irrefutable.

In sum, ATI Chile has <u>not</u> diligently attempted to comply with the April 18th Order in a reasonable manner. Instead, it has blatantly and knowingly opted to disregard and refuse to comply with such Order. Therefore, ATI Chile should be held in contempt of Court.

## II. ATI CHILE'S OFFICERS AND DIRECTORS – MESSRS. NUNEZ AND ALFARO SHOULD ALSO BE HELD IN CONTEMPT OF COURT

It is fundamental that "[s]ince a corporation is capable of violating a court order only if its agents act or refrain from acting, it follows that an order directed at a corporation is binding on the agents authorized to act on its behalf, whether specifically named in the order or not." 17 Am. Jur. 2d <u>Contempt</u> § 48. Thus:

> A command to the corporation is in effect a command to those who are officially responsible for the conduct of its affairs. If they, apprised of the writ directed to the corporation, prevent compliance or fail to take appropriate action within their power for the performance of the corporate duty, they, no less than the corporation itself, are guilty of disobedience, and may be punished for contempt.

<u>United States v. Wilson</u>, 221 U.S. 361, 376 (1911).

In this case, ATI Chile is a small company. Indeed, Mr. Nunez described it as: "a small company, there are four of us sitting together in a room." Skakel Decl. Ex. 10. Indeed, it is these four men sitting in a room – or two of them, at a minimum – that knowingly violated this Court's April 18th Order. Accordingly, those two individuals – Messrs. Alfaro and Nunez – should be held accountable for their behavior.

Mr. Alfaro, himself a lawyer, submitted a declaration in opposition to Comverse's Motion To Compel that clearly stated the reasons that ATI Chile was unwilling to produce certain of the information requested in the Information Subpoenas. Thus, Mr. Alfaro was

intimately involved with ATI Chile's initial decision to withhold the information in the absence of an attorneys' eyes only protective order.

Moreover, the communications by ATI Chile's counsel regarding ATI Chile's compliance with the April 18th Order were between Ms. Pietrzak and Messrs. Nunez and Alfaro. Skakel Decl. Ex. 8 ¶ 9. It was therefore Messrs. Alfaro and Nunez who initially indicated to Ms. Pietrzak that "ATI Chile" (i.e., Messrs. Alfaro and Nunez) would comply with the April 18th Order. Likewise, it was Messrs. Alfaro and Nunez who ultimately made the decision not to comply with the April 18th Order and who communicated such decision to ATI Chile's counsel. Id. ¶¶ 12, 15.

Since Messrs. Nunez and Alfaro orchestrated the actions of ATI Chile, and, in fact, made the ultimate decision not to comply with this Court's April 18th Order, Messrs. Nunez and Alfaro should individually be held in contempt of this Court.

**III.  THE APPROPRIATE SANCTION FOR THE CIVIL CONTEMPT OF ATI CHILE AND ITS OFFICERS AND DIRECTORS IS FOR THE COURT TO DIRECT ATI CHILE TO PAY A DAILY FINE OF $250 FOR ATI CHILE'S CONTINUING NON-COMPLIANCE AND TO DIRECT THE ISSUANCE OF WARRANTS FOR THE ARREST OF MESSRS. ALFARO AND NUNEZ**

The determination as to the appropriate coercive sanction to compel obedience with a lawful order must be reasonable in relation to the facts and is left to the discretion of the district court. Palmadessa v. Palmadessa, No. 90 Civ. 2429, 1992 WL 188329, at *2 (S.D.N.Y. July 30, 1992), aff'd, 979 F.2d 846 (2d Cir. 1992). "In determining an appropriate sanction for civil contempt, a court must consider: (1) the character and magnitude of the harm threatened by the contumacy; (2) the probable effectiveness of any suggested sanction in bringing about compliance; and (3) the contemnor's financial resources and the consequent seriousness of the burden of the sanction." S.E.C. v. Zubkis, No. 97 Civ. 8086, 2003 WL 22118978, at *4

9

(S.D.N.Y. Sept. 11, 2003) (internal quotation marks omitted). "In fashioning a remedy, the Court has broad discretion to issue an order that will bring about compliance with the subpoena." Diamant v. GMS Diamonds Corp., 04 Civ. 2636, 2004 WL 2710028, at *2 (S.D.N.Y. Nov. 24, 2004).

Moreover, "[i]f a party is adjudged to be in civil contempt, the court must determine what sanctions are necessary to secure future compliance with its order and to compensate the complaining party for past noncompliance." Bank of Credit & Commerce Int'l (Overseas) Ltd. v. Tamraz, No. 97 Civ. 4759, 2006 WL 1643202, at *3 (S.D.N.Y. June 13, 2006). Here, ATI Chile and its Sister Companies collectively owe Comverse approximately $18 million as a result of the Arbitration Award and subsequent Judgments issued by this Court against the companies. These companies have failed to satisfy any portion of the outstanding Judgments. In addition, the April 18th Order mandated that ATI Chile pay Comverse $5,000 for attorneys' fees incurred by Comverse as a result of Comverse's Motion To Compel complete responses to the Information Subpoenas. To date, ATI Chile has failed to comply with the April 18th Order in its entirety – including the payment of the $5,000. Thus, it is apparent that further financial sanctions against ATI Chile would be unlikely to secure future compliance with the April 18th Order (or the outstanding discovery requests with which ATI Chile will in all likelihood not comply). However, in order to attempt to secure compliance with this Court's April 18th Order, Comverse respectfully requests that ATI Chile be directed to pay the Clerk of Court a fine of $250 per day for each day that ATI Chile remains in violation of the April 18th Order. See, e.g., Tamraz, 2006 WL 1643202, at *1 (court issued an order finding defendant in contempt and

ordered that defendant pay the clerk of court a fine of $500 per day for each day that defendant remained in violation of the court order compelling discovery).[3]

Such a sanction is consistent with that imposed by this Court in Diamant:

> A fine of $1000 per day will be paid to the Court by GMS Diamond Corp. [the defendant-judgment debtor] for every day after December 1, 2004 that GMS Diamond Corp. refuses to comply with the [post-judgment] subpoena. This fine is appropriate given GMS Diamond Corp.'s and its principal's behavior to date, Plaintiff's need to receive the subpoenaed information to enforce the default judgment, and the amount of the default judgment.

Diamant, 2004 WL 2711028, at *2.

In addition, Comverse respectfully requests that, in order to secure future compliance with this Court's Order, it is necessary to direct that warrants be issued for the arrest of Messrs. Nunez and Alfaro, who made the decision that ATI Chile would purposefully not comply with the April 18th Order. This Court has the power to direct such an arrest pursuant to Local Civil Rule 83.9:

> If the alleged contemnor is found to be in contempt of court, an order shall be entered (1) reciting or referring to the verdict or findings of fact upon which the adjudication is based; (2) setting forth the amount of damages, if any, to which the complainant is entitled; (3) fixing the fine, if any, imposed by the court, which fine shall include the damages found and naming the person to whom such fine shall be payable; (4) stating any other conditions, the performance of which will operate to purge the contempt; and (5) <u>directing, where appropriate, the arrest of the contemnor by the United States marshal and confinement until the performance of the condition fixed in the order and the payment of the fine, or until the contemnor be otherwise discharged pursuant to law.</u>

---

[3] A daily fine in the amount of $250 is reasonable, notwithstanding ATI Chile's bankruptcy filing in Chile. This is particularly so where it is wholly within ATI Chile's power to stop the daily fine simply by complying with this Court's April 18th Order.

11

Local Civ. R. 83.9(e) (emphasis added).  See, e.g., Tamraz, 2006 WL 1643202 (where entire judgment remained outstanding despite repeated efforts to pursue post-judgment discovery and financial sanctions of $500 per day had proven insufficient to coerce defendant's compliance with the court-ordered discovery obligations, court directed that a warrant be issued for defendant's arrest).  See also JSC Foreign Econ. Ass'n, 2005 WL 1983905, at *12 n.13 (finding individual defendant in contempt and concluding that because of defendant's penchant for thwarting court orders, the threat of imprisonment will be the only effective tactic to coerce her to comply with the order and further finding that "[m]onetary sanctions would not be effective in this case [because] [t]his lawsuit involves [plaintiff's] attempt to collect its $200 million plus judgment"); Wilson, 221 U.S. at 376 (affirming judgment committing the president of corporation to the custody of the marshal, after corporation and its president were found to be in contempt of grand jury subpoena issued to corporation).

## IV. BECAUSE THE CONTEMPT WAS WILLFUL, COMVERSE SHOULD BE AWARDED ATTORNEYS' FEES INCURRED IN CONNECTION WITH THIS MOTION

An award of attorneys' fees is warranted in this case.  The Local Civil Rules provide for the inclusion of reasonable counsel fees as a component of the damages incurred by the moving party in connection with a motion for contempt.  Fed. R. Civ. P. 37(b)(2)(C); Local Civ. R. 83.9 ("A reasonable counsel fee, necessitated by the contempt proceedings, may be included as an item of damage.").  See, e.g., Diamant, 2004 WL 2710028, at *2 (plaintiff-judgment creditor awarded attorneys' fees incurred as a result of defendant-default judgment debtor's contempt with respect to post-judgment subpoena); Palmadessa, 1992 WL 188329, at *2-3 (awarding attorneys' fees in contempt proceeding).

Further, ATI Chile's contempt was willful – its officers and directors decided not to comply with the April 18th Order, and ATI Chile made no effort to have such Order modified in

any way – and Comverse therefore should be awarded its attorneys' fees incurred in connection with this motion. "A willful contempt is one where 'the contemnor had actual notice of the court's order, was able to comply with it, did not seek to have it modified, and did not make a good faith effort to comply.'" Fendi Adele S.R.L. v. Burlington Coat Factory Warehouse Corp., No. 06 Civ. 0085, 2007 WL 2982295, at *4 (S.D.N.Y. Oct. 10, 2007). There can be no dispute that ATI Chile – and Messrs. Nunez and Alfaro in particular – had actual notice of this Court's April 18th Order. There can also be no dispute that ATI Chile was able to comply with such Order and provide financial information regarding its operations and those of its Sister Companies and, initially at least, intended to so comply. Upon information and belief, ATI Chile, a company still in operation, could afford to pay the $5,000 in attorneys' fees to Comverse that was also required by the April 18th Order. If it was not able to do so, ATI Chile made no effort to have the April 18th Order modified in any way.

Accordingly, if this Court finds that the violations by ATI Chile and Messrs. Nunez and Alfaro were willful (particularly where, as here, the evidence of willfulness has been provided by ATI Chile's own counsel), then "the Court should award costs and attorney's fees unless there are 'persuasive grounds' to deny them." Fendi, 2007 WL 2982295, at *4. Since there are no "persuasive grounds" to deny attorneys' fees and costs to Comverse, Comverse respectfully requests that this Court award Comverse its attorneys' fees and costs incurred in connection with this motion.

## CONCLUSION

For the foregoing reasons, this Court should grant Comverse's motion for contempt sanctions against ATI Chile and Messrs. Nunez and Alfaro seeking an order: (i) finding ATI Chile and Messrs. Nunez and Alfaro in contempt of Court for failure to comply with the April 18th Order; (ii) directing that ATI Chile pay the Clerk of Court a fine of $250 per day for each day that ATI Chile remains in violation of the April 18th Order; (iii) directing that warrants be issued for the arrest of Messrs. Nunez and Alfaro until such time as ATI Chile complies with the April 18th Order; and (iv) granting Comverse its attorneys' fees and costs incurred in connection with this application.

Dated: New York, New York
       June 5, 2008

Respectfully submitted,

DICKSTEIN SHAPIRO LLP

By:   s/Deborah A. Skakel
      Howard Graff (HG7057)
      Deborah A. Skakel (DS8599)
      Lindsay A. Bush (LB0391)
1177 Avenue of the Americas
New York, New York 10036
(212) 277-6500
Attorneys for Petitioner Comverse, Inc.