```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------X

COMVERSE, INC.,                   :

                Plaintiff,        :

    -against-                     :

AMERICAN TELECOMMUNICATION, INC.  :    07 Civ. 11121 (PKL)(HBP)
CHILE S.A., AMERICAN
TELECOMMUNICATION INC.            :    CERTIFICATION OF FACTS,
BOLIVIA S.A., AMERICAN                 CONCLUSIONS OF LAW AND
TELECOMMUNICATION DO BRASIL       :    PROPOSED REMEDY
LTDA., AMERICAN TELECOMMUNICATION
INC. ECUADOR ATIECUADOR S.A.,     :
and AMERICAN TELECOMMUNICATION
PERU S.A.,                        :

                Defendants.       :

---------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7-10-08

PITMAN, United States Magistrate Judge:

TO THE HONORABLE PETER K. LEISURE, United States District Judge,

I. Introduction

By an Order to Show Cause issued on June 6, 2008, plaintiff, a judgment creditor of American Telecommunication, Inc. Chile S.A. ("ATI Chile") moves for an Order (1) holding ATI Chile, Luis Nunez (ATI Chile's Chief Executive Officer) and Rafael Alfaro (ATI Chile's Chairman of the Board) in civil contempt for failing to comply with my Order dated April 18, 2008, (2) directing that ATI Chile be assessed a fine of $250 per

day for each day that ATI Chile continues to disobey my April 18, 2008 Order (3) directing that warrants be issued for the arrest and detention of Messrs. Nunez and Alfaro until ATI Chile complies with my April 18, 2008 Order, and (4) awarding Comverse the attorney's fees it has incurred in making this motion. The parties have not consented to my exercising plenary jurisdiction over this matter pursuant to 28 U.S.C. § 636(c).

II. The Magistrate Judge's
    Role in Assessing a
    Motion for Contempt

In the absence of the parties' consent to a magistrate judge's exercising complete jurisdiction pursuant to 28 U.S.C. § 636(c), a magistrate judge can neither grant nor deny a motion for contempt. As explained by the Honorable John G. Koeltl, United States District Judge, a magistrate judge's role with respect to such a motion is limited by 28 U.S.C. § 636(e)(6) to certifying or declining to certify the facts constituting contempt:

> [28 U.S.C. § 636(e)(6)] provides that a United States Magistrate Judge shall, in a case other than one over which the magistrate judge presides with the consent of the parties under 28 U.S.C. § 636(c) or a misdemeanor case proceeding before the magistrate judge under 18 U.S.C. § 3401, certify facts constituting civil contempt to the district judge. See 28 U.S.C. § 636(e)(6)(A), (e)(6)(B)(iii). The magistrate judge may also issue an order requiring the individual found to have committed the acts in question to show cause before the district court why the individual should not

be adjudged in contempt of court. See 28 U.S.C. § 636(e)(6).

Where the magistrate judge has certified facts constituting contempt, the district court must make an independent determination of the facts certified and consider any additional evidence. See 28 U.S.C. § 636(e)(6). The determination of whether the conduct constitutes contempt and, if so, what sanctions are appropriate are left to the discretion of the district court. 28 U.S.C. § 636(e)(6)(B).

JSC Foreign Econ. Ass'n Technostroyexport v. Int'l Dev. & Trade Servs., Inc., 03 Civ. 5562 (JGK)(AJP), 2006 WL 1148110 at *1 (S.D.N.Y. Apr. 28, 2006); see also Jones v. J.C. Penney's Dep't Stores, Inc., 228 F.R.D. 190, 198 (W.D.N.Y. 2005).

Accordingly, I certify the following facts and recommend that ATI Chile only be held in civil contempt. As explained below, I conclude that the Court lacks personal jurisdiction over Nunez and Alfaro and cannot, therefore, take any action as to them.

III. Certified Facts

This present conflict has its origin in a breach-of-contract dispute between Comverse and the defendants. That dispute was resolved by way of an arbitration proceeding which resulted in the following awards in favor of Comverse against the defendants:

$ 5,884,799.60 against ATI Chile;

$12,296,346.00 against American Telecommunication do Brasil Ltda.

$ 3,218,714.00 against American Telecommunication Peru S.A.

$16,438.00 against American Telecommunication Inc. Bolivia S.A.

$878,978,00 against American Telecommunication Inc. Ecuador Atiecuador S.A.

Comverse subsequently filed this action to confirm the awards. Only ATI Chile appeared in this action, and it asserted as an offset an amount that the arbitrator awarded in its favor on its breach of contract claim. The remaining defendants defaulted. After granting ATI Chile credit for the award in its favor and assessing prejudgment interest, the Court entered judgment in favor of Comverse against ATI Chile in the amount of $1,342,312.47 and a default judgment against the remaining defendants totaling $16,681,586.05. The aggregate judgment in favor of Comverse exceeds $18 million.

In an effort to locate assets in which the judgment debtors have an interest, Comverse served Information Subpoenas on ATI Chile. Although ATI Chile responded, it refused to provide several items of financial information. Accordingly, Comverse applied to the Court for an Order compelling further responses to its Information Subpoenas. After hearing argument from both sides, I issued an Order on April 18, 2008 directing that ATI Chile provide complete answers to five identified questions and further directing that ATI Chile remit $5,000.00 to Comverse to compensate it for the fees that Comverse incurred in

making its motion. It is clear that ATI Chile has made a conscious decision to ignore this Order. Its current attorneys, who have an application to withdraw from this action pending, have submitted a Declaration in which they state that "[o]n May 8, 2008, . . . ATI Chile informed [us] that it no longer intended to comply fully with the [April 18, 2008] Order" (Declaration of Brooke E. Pietrzak, Esq., dated May 14, 2008, ¶ 12).

There also appears to be little doubt that Messrs. Nunez and Alfaro are responsible for ATI Chile's refusal to comply with the April 18, 2008 Order. Nunez and Alfaro are, respectively, the Chief Executive Officer and Chairman of the Board of ATI. ATI is a small company with a total of only four persons exercising executive authority (see Declaration of Deborah A. Skakel, Esq., dated June 4, 2008, Ex. 10 at 1202-03). Nunez and Alfaro's failure to even argue that they dissented from the decision to ignore my April 18, 2008 Order is compelling evidence that they concurred in that decision.

B. Conclusions of Law

ATI Chile, Nunez and Alfaro's failure to comply with my April 18, 2008 Order constitutes a contempt of Court.

As the late Honorable Constance Baker Motley, United States District Judge, explained in D'Orange v. Feely, 959 F. Supp. 631, 634-35 (S.D.N.Y. 1997):

5

> It is a firmly established principal that federal courts possess the inherent power to punish for contempt. See, Chambers v. NASCO, Inc., 501 U.S. 32, 43, 111 S.Ct. 2123, 2132, 115 L.Ed.2d 27, (1991) ("Courts of justice are universally acknowledged to be vested, by their very creation, with power to impose silence, respect, and decorum, in their presence, and submission to their lawful mandates.") (quotation omitted); Young v. United States ex rel. Vuitton et Fils, S.A., 481 U.S. 787, 795, 107 S.Ct. 2124, 2131, 95 L.Ed.2d 740 (1987); Abrams v. Terry, 45 F.3d 17 (2d Cir. 1995). These powers reach conduct before the court and beyond the court's confines, Young, 481 U.S. at 798, 107 S.Ct. at 2132-33, and are "governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." Chambers, 501 U.S. at 43, 111 S.Ct. at 2132 (quoting Link v. Wabash R.R. Co., 370 U.S. 626, 630-31, 82 S.Ct. 1386, 1388-89, 8 L.Ed.2d 734 (1962)).

Accord Israel v. Carpenter, 95 Civ. 2703 (JCF), 2003 WL 21518830 at *2 (S.D.N.Y. July 7, 2003); Merriweather v. Sherwood, 250 F. Supp.2d 391, 393 (S.D.N.Y. 2003); United States v. D-M Sales Corp., 903 F. Supp. 431, 433 (E.D.N.Y. 1995); Janmort Leasing, Inc. v. Econo-Car Int'l, Inc., 475 F. Supp. 1282, 1297 n.12 (E.D.N.Y. 1979), citing Shillitani v. United States, 384 U.S. 364, 370 (1966).

The standards applicable to a motion for civil contempt are well settled and require only brief review. As the Court of Appeals for the Second Circuit explained in Paramedics Electromedicina Comercial, Ltda. v. GE Med. Sys. Info. Tech., Inc., 369 F.3d 645, 655 (2d Cir. 2004):

> A party may be held in civil contempt for failure to comply with a court order if "(1) the order the contemnor failed to comply with is clear and unambigu-

6

>  ous, (2) the proof of noncompliance is clear and convincing, and (3) the contemnor has not diligently attempted to comply in a reasonable manner." <u>King v. Allied Vision, Ltd.</u>, 65 F.3d 1051, 1058 (2d Cir. 1995). It need not be established that the violation was willful. <u>Donovan v. Sovereign Sec. Ltd.</u>, 726 F.2d 55, 59 (2d Cir. 1984).

<u>See also</u> <u>Perez v. Danbury Hosp.</u>, 347 F.3d 419, 423-24 (2d Cir. 2003); <u>Equal Employment Opportunity Comm'n v. Local 638</u>, 81 F.3d 1162, 1171 (2d Cir. 1996); <u>Huber v. Marine Midland Bank</u>, 51 F.3d 5, 10 (2d Cir. 1995); <u>New York State Nat'l Org. for Women v. Terry</u>, 886 F.2d 1339, 1351 (2d Cir. 1989).

The principal issue in this matter is whether external forces prevented ATI Chile, Nunez and Alfaro from complying with my April 18, 2008 Order. ATI Chile has argued that it recently filed for bankruptcy protection under Chilean law and that Chilean bankruptcy law prevents it from making the $5,000.00 payment directed in my April 18, 2008 Order. However, since there has been no application to have the Chilean bankruptcy proceeding "recognized" in the courts of the United States, Chapter 15 of the Bankruptcy Code does not require that this Court defer to the Chilean bankruptcy proceedings. <u>See</u> generally 11 U.S.C. §§ 1515-21. As noted in <u>In re Basis Yield Alpha Fund (Master)</u>, 381 B.R. 37, 46 (S.D.N.Y. 2008):

> [I]n contrast to the jurisprudence that developed under section 304 that emphasized discretion and flexibility (and that permitted U.S. judicial assistance for a wide array of judicial insolvency proceedings abroad), the new recognition regime under Chapter 15 is procedurally quite rigid. To prevail on a petition for

7

>     recognition, the [joint provisional liquidators] must
>     satisfy each of the three requirements of section
>     1517(a) of the [Bankruptcy] Code.

See also <u>In re Bear Stearns High-Grade Structured Credit Strategies Master Fund</u>, 07 Civ. 12383 (RWS), 2008 WL 2198272 at *7 (S.D.N.Y. May 27, 2002).

Finally, even if I deem the Chilean bankruptcy proceeding to be sufficient to justify ATI Chile's failure to make the $5,000 payment directed by my April 18, 2008 Order, no showing has been made that even remotely justifies its failure to answer the discovery requests as directed in that Order. Although ATI Chile has offered an affidavit from a Chilean attorney attesting that Chilean bankruptcy law permits discovery (Declaration of Omar M. Carrasco, dated June 12, 2008, ¶ 5), it has cited no authority for the proposition that Chilean law prohibits the discovery at issue in this matter. Moreover, the rationale for the centralized administration of bankruptcy proceedings, namely, promoting the equal treatment of creditors, is not even remotely offended by the discovery that I ordered.

Given the clear requirements of my April 18, 2008 Order and ATI Chile's failure to establish any valid excuse for its intentional disobedience, there can be no question that the elements of contempt have been satisfied as to it.

The application to hold Nunez and Alfaro in contempt stands on a different footing because neither is a party to this

action and there is a substantial issue as to the Court's jurisdiction over them. There is no evidence and no reason to believe that Nunez and Alfaro are citizens of the United States. There is no evidence that their allegedly contemptuous activities occurred in the United States. There is no evidence and no reason to believe that they have any contacts whatsoever with the United States. In addition, since it is a fundamental principle of law that a corporation is a separate entity from its officers, directors and shareholders, the Court's jurisdiction over ATI Chile cannot confer jurisdiction over Nunez and Alfaro.

My own research demonstrates that the Court lacks personal jurisdiction over Nunez and Alfaro and cannot, therefore, hold them in contempt, regardless of their role in ATI Chile's failure to comply with my April 18, 2008. Because they are not parties to this action, the Court does not have jurisdiction over Nunez and Alfaro unless and until they are served with process in the same manner in which a party is served with a summons and complaint.

> [W]hen it is sought to charge a person with contempt who was not a party to the original action and thus not already within the jurisdiction of the court, that party must be served with process as in any other civil action. Process can be served only within the state in which the court is sitting, except when service beyond the state is authorized by Rule 4.

11A Charles A. Wright, Arthur R. Miller & Mary K. Kane, <u>Federal Practice & Procedure</u> § 2960 at 377 (2d ed. 1995). In this case,

plaintiff has not served Nunez and Alfaro in a manner authorized for the service of a summons and complaint, and, the Court, therefore, lacks jurisdiction to hold them in contempt.[1]

C. Proposed Remedy

If Your Honor agrees that ATI Chile is guilty of contempt, I respectfully recommend that Your Honor enter an Order directing that ATI Chile comply with my April 18, 2008 Order within ten (10) days. I further recommend that if ATI Chile fails to comply with my April 18, 2008 Order by the end of that ten-day period, that a further Order be issued (1) holding ATI Chile in civil contempt for failing to comply with my Order dated April 18, 2008, (2) assessing a fine against ATI Chile in the amount of $250 per day for each day, after the expiration of the ten-day period described above, that ATI Chile continues to disobey my April 18, 2008 Order, and (3) awarding Comverse the attorney's fees it has incurred in making this motion.

"The imposition of civil contempt sanctions may serve dual purposes: to secure future compliance with court orders and to compensate the party that has been wronged." Paramedics Electromedicina Comercial, Ltda. v. GE Med. Sys. Info. Tech.,

---

[1] In the interest of completeness, proper service of process may not be sufficient to establish the court's jurisdiction. See generally Reebok Int'l Ltd. v. McLaughlin, 49 F.3d 1387, 1391 (9th Cir. 1995).

Inc., supra, 369 F.3d at 657; see also International Union, United Mine Workers of America v. Bagwell, 512 U.S. 821, 829 (1994) ("A contempt fine accordingly is considered civil and remedial if it either 'coerce[s] the defendant into compliance with the court's order, [or] . . . compensate[s] the complainant for losses sustained.'"), quoting United States v. United Mine Workers, 330 U.S. 258, 303-04 (1947). Accord F.T.C. v. Verity Int'l, Ltd., 443 F.3d 48, 70 (2d Cir.), cert. denied, 127 S.Ct. 1868 (2007); Manhattan Indus., Inc. v. Sweater Bee by Banff, Ltd., 885 F.2d 1, 5 (2d Cir. 1989); Perfect Fit Indus., Inc. v. Acme Quilting Co., 673 F.2d 53, 56-57 (2d Cir. 1982). I respectfully submit that the remedies I have proposed are directed at directly meeting these twin goals. Moreover, the remedy I propose permits ATI Chile to avoid any sanction whatsoever if it timely complies with my April 18, 2008 Order.

IV. Conclusion

Accordingly, I certify the facts set forth above and that ATI Chile has failed to comply with my April 18, 2008 Order

in any respect. I further respectfully submit that Your Honor issue the Order detailed in Section III(C) above.

Dated: New York, New York
       July 9, 2008

                                    Respectfully submitted,


                                    _____
                                    HENRY PITMAN
                                    United States Magistrate Judge

Copies transmitted to:

Neil E. McDonell, Esq.
Brooke E. Pietrzak, Esq
Eric Epstein, Esq.
Dorsey & Whitney LLP
250 Park Avenue
New York, New York  10177

Howard Graff, Esq.
Deborah A. Skakel, Esq.
Lindsay A. Bush, Esq.
Dickstein Shapiro LLP
1177 Avenue of the Americas
New York, New York  10036