USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2|24|09

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

COMVERSE, INC.,

            Plaintiff,

 - against -

AMERICAN TELECOMMUNICATIONS,
INC. CHILE S.A., AMERICAN
TELECOMMUNICATION, INC. BOLIVIA
S.A., AMERICAN
TELECOMMUNICATION DO BRASIL
LTDA., AMERICAN
TELECOMMUNICATION INC. ECUADOR
ATIECUADOR S.A., and AMERICAN
TELECOMMUNICATION PERU S.A.,

           Defendants.

**OPINION AND ORDER**

07 Civ. 11121(PKL)(HBP)

**APPEARANCES**

Dickstein Shapiro LLP
Howard Graff
Deborah A. Skakel
Lindsay A. Bush
1177 Avenue of the Americas
New York, New York 10036
**Attorneys for Comverse, Inc.,**

Dorsey & Whitney LLP
Neil E. McDonell
Brooke E. Pietrzak
Eric Epstein
250 Park Avenue
New York, New York 10177
**Attorneys for American Telecommunication, Inc., Chile S.A.** [1]

---

[1] After submitting opposition papers on behalf of American Telecommunication,
Inc., Chile S.A. ("ATI Chile") with respect to this motion for contempt,
Dorsey & Whitney LLP's motion to withdraw as counsel was granted by Chief
Magistrate Judge Henry B. Pitman. (Docket No. 44.)  To date, there is no
indication that ATI Chile has retained new counsel.

**LEISURE, District Judge:**

Plaintiff, Comverse, Inc. ("Comverse"), seeks an order of this Court holding defendant American Telecommunication, Inc. Chile S.A. ("ATI Chile") in civil contempt for failing to comply with the order of Chief Magistrate Judge Henry B. Pitman issued on April 18, 2008. Specifically, in response to a motion to compel, Judge Pitman directed ATI Chile to complete its responses to post-judgment Information Subpoenas and to pay plaintiff $5,000 towards attorneys' fees incurred in making the motion to compel. (Docket No. 36.) On July 10, 2008, Judge Pitman issued a Certification of Facts, Conclusions of Law and Proposed Remedy (the "Certification of Facts") in support of a finding that ATI Chile is in civil contempt for failing to comply with the April 18, 2008 Order. (Docket No. 45.)

For the following reasons, this Court agrees with Judge Pitman's report, and plaintiff's motion to hold ATI Chile in civil contempt is GRANTED. If ATI Chile fails to comply with the April 18, 2008 Order within thirty (30) days from the date of this decision, ATI Chile will be assessed a fine of $250 per day for each day that ATI Chile fails to fully respond to the Information Subpoenas, and ATI Chile will be responsible for the attorneys' fees Comverse incurred in bringing the instant motion.

## BACKGROUND

Comverse filed this action on December 7, 2007 to confirm the final arbitration award rendered by a duly convened arbitral tribunal of the International Centre for Dispute Resolution of the American Arbitration Association. (Pet. ¶ 1.)  The final arbitration award resolved the breach of contract disputes between Comverse and defendants, including ATI Chile. (Id. ¶¶ 16-18, 23.)  Pursuant to the final arbitration award, Comverse was awarded $5,884,799.60 against ATI Chile, (id. ¶ 24), and ATI Chile was awarded $4,562,193.77 on its counterclaims against Comverse. (Id. ¶ 25.)  After crediting ATI Chile for the award due on the counterclaims, this Court entered judgment in favor of Comverse against ATI Chile in the amount $1,342,312.47.[2]

While trying to satisfy the judgment and locate ATI Chile's assets, Comverse served Information Subpoenas on ATI Chile. Although ATI Chile responded, it excluded certain financial information from the responses.  By order to show cause, Comverse sought to compel ATI Chile to respond in full to the Information Subpoenas served upon ATI Chile and its related companies. (Docket No. 22.)  This Court referred the motion to compel to Judge Pitman, (Docket No. 32), who, after hearing argument from both sides, issued an Order on April 18, 2008

---

[2] Only ATI Chile appeared in this action.  This Court issued default judgments against the remaining defendants on February 4, 2008. (Docket No. 20.)

2

directing ATI Chile to provide complete answers to five

identified questions and to remit $5,000 to Comverse for a

portion of the fees incurred in bringing the motion. (Docket

No. 36.)

Comverse alleges that ATI Chile has ignored Judge Pitman's

April 18, 2008 Order, and brings the instant motion for a civil

contempt order against ATI Chile.  Comverse asks this Court to

sanction ATI Chile by (1) directing that ATI Chile pay the Clerk

of Court a fine of $250 per day for each day that ATI Chile

remains in violation of the April 18, 2008 Order, (2) directing

that warrants be issued for the arrest of Luis Nunez and Rafael

Alfaro[3] until such time as ATI Chile complies with the April 18,

2008 Order, and (3) granting Comverse its attorneys' fees and

costs incurred in connection with the instant motion. (Mot. 14.)

This Court referred Comverse's motion to Judge Pitman to

determine whether there are sufficient facts that support

finding ATI Chile in contempt for disregarding his previous

order. (Docket No. 38.)  Upon review, Judge Pitman found that

"[i]t is clear that ATI Chile has made a conscious decision to

ignore this Order." (Certification of Facts 5.)  Judge Pitman

found compelling support for a contempt finding in the

declaration of ATI Chile's attorney, which was submitted in

---

[3] Luis Alberto Nunez is the Chief Executive Officer of ATI Chile and Rafael
Alfaro is the Chairman of the Board of ATI Chile. (Mot. 4.)

3

support of counsel's motion to withdraw.  Specifically, Judge

Pitman relies on counsel's statement that "[o]n May 8, 2008,

. . . ATI Chile informed [us] that it no longer intended to

comply fully with the [April 18, 2008] Order." (Certification of

Facts 5 (citing Decl. of Brooke E. Pietrzak, Esq., dated May 14,

2008 ("Pietrzak Decl."), ¶ 12.))  Judge Pitman noted that there

is "little doubt that Messrs. Nunez and Alfaro are responsible

for ATI Chile's refusal to comply with the April 18, 2008

Order." (Certification of Facts 5.)  However, Judge Pitman found

that because the Court does not have personal jurisdiction over

Messrs. Nunez and Alfaro, the Court lacks jurisdiction to hold

them in contempt. (Certification of Facts 10.)

        Judge Pitman recommended that the Court hold ATI Chile, but

not Messrs. Nunez and Alfaro, in civil contempt, and proposed

that if ATI Chile fails to comply with the April 18, 2008 Order

within 10 days of this Court's order, ATI Chile shall be

assessed a fine in the amount of $250 per day for each day that

ATI Chile continues to disobey the April 18, 2008 Order, after

the expiration of the ten-day period, and award Comverse the

attorneys' fees incurred in making this motion. (Certification

of Facts 10.)

## DISCUSSION

### I. Review of Magistrate Judge's Certification of Facts

Judge Pitman's Certification of Facts was issued pursuant to 28 U.S.C. § 636(e)(6). Pursuant to that statute, unless the parties have consented to a magistrate judge's exercise of plenary jurisdiction over the matter, the magistrate judge's role in reviewing a motion for civil contempt is to certify facts constituting civil contempt to the district judge. 28 U.S.C. § 636(e)(6)(A), (e)(6)(B)(iii). The district court must then make an independent determination as to whether the facts certified constitute contempt and, if so, what sanctions are appropriate. See 28 U.S.C. § 636(e)(6).

Here, the parties did not consent to having Judge Pitman exercise jurisdiction over the entirety of this case, and thus this Court reviews the facts certified to determine whether the conduct constitutes contempt and to fashion an appropriate remedy. See, e.g., JSC Foreign Econ. Ass'n Technostroyexport v. Int'l Dev. and Trade Servs., Inc., No. 03 Civ. 5562, 2006 U.S. Dist. LEXIS 24829, at *3-*4 (S.D.N.Y. Apr. 28, 2006)(concurring with magistrate judge's conclusion of civil contempt after a thorough review of the record). This Court limits it review to Judge Pitman's conclusion that ATI Chile should be found in civil contempt, as the Magistrate Judge did not certify facts finding Messrs. Nunez and Alvaro in contempt of this Court. See,

5

e.g., Esso Exploration and Prod. Chad, Inc. v. Taylors Int'l

Servs. Ltd., No. 06 Civ. 4401, 2008 U.S. Dist. LEXIS 4401,

at *8 (S.D.N.Y. Dec. 4, 2008) (explaining that a motion for

contempt must be denied where the magistrate judge does not

certify any facts to the district court concerning the conduct);

Nova Biomedical Corp. v. i-STAT Corp., 182 F.R.D. 419, 424

(S.D.N.Y. 1998) (denying motion for contempt where magistrate

judge did not certify any of alleged contemnor's behavior to the

district court for determination of contempt and defendant did

not move to reconsider or appeal the magistrate's denial of an

order of contempt).[4]

## II. Civil Contempt

A party may be held in civil contempt for failure to comply

with a court order if (1) the order the contemnor failed to

comply with is clear and unambiguous, (2) the proof of

noncompliance is clear and convincing, and (3) the contemnor has

not diligently attempted to comply with the order in a

---

[4] Judge Pitman reported that Messrs. Nunez and Alfaro refused to comply with
the April 18, 2008 Order, but did not recommend finding those individuals in
civil contempt. As such, this Court believes that Judge Pitman's decision is
final as to that issue. Notwithstanding that determination, the Court agrees
with Judge Pitman that the Court does not appear to have personal
jurisdiction over Messrs. Nunez and Alfaro, as there is no evidence before
this Court that these non-parties were properly served pursuant to Federal
Rule of Civil Procedure 4. (Certification of Facts 9 (citing 11A Charles A.
Wright, Arthur R. Miller & Mary K. Kane, Federal Practice & Procedure § 2690
at 377 (2d ed. 1995)("[w]hen it is sought to charge a person with contempt
who was not a party to the original action and thus not already within the
jurisdiction of the court, that party must be served with process as in any
other civil action."))). Without personal jurisdiction over Messrs. Nunez and
Alfaro, this Court cannot hold them in contempt. See New York State NOW v.
Terry, 961 F.2d 390, 400 (2d Cir. 1992)(reversing contempt judgments against
non-parties for lack of personal jurisdiction).

reasonable manner. Paramedics Electromedicina Comercial, LTDA., v. GE Med. Sys. Info. Tech., Inc., 369 F.3d 645, 655 (2d Cir. 2004); King v. Allied Vision, Ltd., 65 F.3d 1051, 1058 (2d Cir. 1995); A.V. By Versace, Inc. v. Gianni Versace S.P.A., 446 F. Supp. 2d 252, 257 (S.D.N.Y. 2006) (Leisure, J.).

Here, the first prong of the test is satisfied, as Judge Pitman's April 18, 2008 Order sets forth clear and unambiguous directions to respond to specific inquiries within the Information Subpoenas and to compensate Comverse for a portion of the attorneys' fees incurred in making the motion to compel. Because these specific directives "leave[] no uncertainty in the minds of those to whom it is addressed," the April 18, 2008 Order is clear and unambiguous. King, 65 F.3d at 1058.

The evidence also "clearly and convincingly" demonstrates that ATI Chile failed to comply with the April 18, 2008 Order. Paramedics, 369 F.3d at 655. As Judge Pitman concluded, based on ATI Chile's attorney's sworn declaration, it is evident that ATI Chile was made aware of Judge Pitman's Order, and failed to comply with any aspect of the Order. (Certification of Facts 5; Pietrzak Decl. ¶ 12.)

The third factor in assessing civil contempt - whether the contemnor reasonably tried to comply with the order - also supports finding ATI Chile in civil contempt for failing to

comply with Judge Pitman's Order. See Paramedics, 369 F.3d at
655.  The April 18, 2008 Order includes both a monetary and a
non-monetary component.  The fact that ATI Chile did not provide
the responses to the Information Subpoenas as Judge Pitman
ordered, which would not impact the entity's financial
situation, demonstrates that ATI Chile has not made even the
slightest attempt to comply with the April 18, 2008 Order.

     Rather than arguing that Comverse cannot establish the
elements of civil contempt, ATI Chile limits its opposition to
its contention that its bankruptcy proceedings have made it
impossible for ATI Chile to comply with the April 18, 2008
Order.  "[A] party's complete inability, due to poverty or
insolvency, to comply with an order to pay court-imposed
monetary sanctions is a defense to a charge of civil contempt."
Huber v. Marine Midland Bank, 51 F.3d 5, 10 (2d Cir. 1995); see
also Badgley v. Santacocre, 800 F.2d 33, 36-37 (2d Cir.
1986)(explaining that contempt can be excused where it is
factually impossible to comply with an order requiring the
payment of money because of insolvency).  The alleged contemnor
bears the burden of producing evidence that "clearly, plainly,
and unmistakably" demonstrates his inability to comply. Huber,
51 F.3d at 10.

     The Court has reviewed all of the information ATI Chile
proffers in support of its argument that it was unable to comply

8

with the April 18, 2008 Order, namely its letters to the Court
dated May 19 and May 21, 2008 and the Declaration of Omar
Morales Carrasco dated June 12, 2008 ("Carrasco Decl."). (See
Opp'n 3, 8.) In its May 19, 2008 letter, ATI Chile's counsel
informed the Court that ATI Chile filed for bankruptcy on May
16, 2008. Counsel enclosed a copy of the bankruptcy filing, but
failed to include an English translation of this submission.
Thereafter, by letter dated May 21, 2008, ATI Chile's New York
counsel notified the Court that ATI Chile submitted the required
materials to the 19th Civil Court of Santiago to allow its
bankruptcy case to proceed. To educate the Court about Chilean
bankruptcy proceedings, ATI Chile offers Mr. Carrasco's
declaration, which explains that once an entity files for
bankruptcy a trustee (a "Sindico") is appointed and acts as the
receiver throughout the bankruptcy. (Carasco Decl. ¶ 2.) If the
debtor has money available for distribution, the Sindico
distributes that money. (Id. ¶ 4.) Creditors asserting claims
against the bankrupt entity based on contract or tort claims, or
penalties imposed on the bankrupt entity by a domestic or a
foreign court, are last in priority for distribution of funds.
(Id.) The Chilean court determines the date when the debtor
became insolvent (the "date of default"), and any payments made
thereafter are revocable. (Id. ¶ 6.) Moreover, a debtor could
be found guilty of "negligent bankruptcy" for making any

9

payments after the date of default. (Id.) A creditor seeking information about a bankrupt entity in Chile is required to request that information from the Sindico. (Id. ¶ 5.)

After reviewing this information, the Court is not persuaded that it was impossible for ATI Chile to comply with Judge Pitman's Order. ATI Chile offers no evidence that demonstrates its inability to produce the required information in response to the Information Subpoenas, even if its financial situation made satisfying the monetary sanction difficult. In particular, ATI Chile has not shown that Chilean bankruptcy law prohibits the discovery ordered by Judge Pitman, nor did ATI Chile provide any explanation as to why it was unable to produce the requested information prior to its bankruptcy filing. While ATI Chile contends that a debtor can be guilty of negligent bankruptcy for making payments during the insolvency period (see Carrasco Decl. ¶ 6), ATI Chile does not argue, nor does it seem plausible, that producing the requested information would result in a negligent bankruptcy charge. As such, the Court agrees with Judge Pitman's conclusion that "no showing has been made that even remotely justifies its failure to answer the discovery requests as directed in that Order." (Certification of Facts 8.)

As to the portion of the April 18, 2008 Order that requires ATI Chile to pay $5,000 towards Comverse's attorneys' fees, ATI Chile did not persuade this Court that it was unable to satisfy

10

this monetary award. See, e.g., A.V. By Versace, 446 F. Supp. 2d
at 258-59 (rejecting contemnor's argument that he was unable to
satisfy the previous judgments and sanctions where contemnor
failed to produce sufficient documentation that demonstrates he
could not afford to pay). ATI Chile has provided no evidence as
to why it was unable to pay the $5,000 prior to its filing of
bankruptcy. Nor did ATI Chile explain why it did not seek
relief from that Order as soon as it thought it could not
comply.

ATI Chile was not automatically excused from the April 18,
2008 Order by initiating bankruptcy proceedings. In fact, this
Court is not required to defer to the Chilean bankruptcy
proceedings, as ATI Chile has not sought to have the Chilean
bankruptcy recognized by the courts of the United States. See 11
U.S.C. §§ 1515-24; In re Basis Yield Alpha Fund (Master), 381
B.R. 37, 46 (S.D.N.Y. 2008)(explaining that the requirements for
recognition of a foreign bankruptcy pursuant to Chapter 15 are
"quite rigid" and the petitioner must satisfy each of the three
requirements set forth in Chapter 15 of the Bankruptcy Code).
Further, even if the Chilean court's orders conflict with the
April 18, 2008 Order, of which is there is no evidence, ATI
Chile would not be excused from its obligations to this Court.
Paramedics, 369 F.3d at 656 ("persons subject to an injunctive
order issued by a court with jurisdiction are expected to obey

that decree until it is modified or reversed, even if they have proper grounds to object to the order.")(internal citations omitted); Telenor Mobile Commc'ns AS v. Storm LLC, No. 07 Civ. 6929, 2008 U.S. Dist. LEXIS 94561, at *61 (S.D.N.Y. Nov. 19, 2008) (Lynch, J.)(explaining that "a foreign court order prohibiting compliance with this Court's order does not make compliance impossible"). Thus, ATI Chile has not satisfied its burden of demonstrating to this Court that its current insolvency excuses its contempt.

Because ATI Chile failed to comply with the clear and unambiguous requirements set forth in Judge Pitman's April 18, 2008 Order, and because ATI Chile has failed to convince this Court that its bankruptcy proceedings have made it impossible to comply with that Order, this Court holds ATI Chile in civil contempt.

## III. Appropriate Sanctions

Having found ATI Chile in civil contempt, the Court must now determine an appropriate sanction to impose upon ATI Chile. Civil contempt sanctions can be coercive (to secure future compliance with court orders), or compensatory (to compensate the party that has been wronged), but not purely punitive. See Paramedics, 369 F.3d at 657. In determining an appropriate coercive contempt sanction, the court has "broad discretion to design a remedy that will bring about compliance." Id. (quoting

12

Perfect Fit Indus. V. Acme Quilting Co., 673 F.2d 53, 57 (2d
Cir. 1982)).  Before imposing a coercive remedy, the Court must
consider "(1) the character and magnitude of the harm threatened
by the continued contumacy; (2) the probable effectiveness of
bringing about compliance; and (3) the contemnor's financial
resources and the consequent seriousness of the burden of the
sanction upon him." Dole Fresh Fruit Co. v. United Banana Co.,
Inc., 821 F.2d 106, 110 (2d Cir. 1987).

ATI Chile failed to adequately respond to the Information
Subpoenas, forcing Comverse to bring a motion to compel
responses.  Even after ATI Chile was ordered to respond, they
continued to neglect their obligations under the subpoenas and
the April 18, 2008 Order.  To date, there is no indication that
ATI Chile intends to provide Comverse with the subpoenaed
information.  ATI Chile's continuous refusal to respond to the
Information Subpoenas is inexcusable, and this behavior must be
stopped.  If ATI Chile fails to comply with the April 18, 2008
Order for more than thirty (30) days after the date of this
decision, the Court will impose a daily fine of $250 per day for
each day that ATI Chile refuses to produce the required
information.  The Court believes that such a fine will encourage
ATI Chile to take the necessary steps to gather and produce that
information, including complying with any requirements imposed
upon ATI Chile by the Chilean bankruptcy court. See, e.g.,

Telenor, 2008 U.S. Dist. LEXIS 94561, at *77 (ordering an initial contempt sanction of $100,000 per day in an effort to compel compliance with court orders); Diamant v. GMS Diamonds Corp., No. 04 Civ. 2636, 2004 U.S. Dist. LEXIS 23866, at *5 (S.D.N.Y. Nov. 23, 2004)(imposing a fine of $1000 per day, to be paid to the Court, for every day that contemnor fails to comply with post-default judgment subpoena).

The Court, however, is cognizant of ATI Chile's financial constraints because of the bankruptcy proceedings.  As such, while the Court will not excuse ATI Chile from paying the $5,000 towards Comverse's attorneys' fees, this Court believes that ATI Chile should not be assessed a daily fine for its continuing failure to make that payment.  Rather, the $5,000 sanction should be treated as a claim against ATI Chile in its bankruptcy proceedings in Chile.

Finally, if, after thirty days from the date of this decision ATI Chile continues to disregard the April 18, 2008 Order, ATI Chile will be responsible for Comverse's attorneys' fees incurred in making the instant motion.  It is within the district court's discretion to award attorneys' fees and costs to a victim of contempt. Weitzman v. Stein, 98 F.3d 717, 719 (2d Cir. 1996).  ATI Chile failed to respond to the Information Subpoenas, failed to comply with the April 18, 2008 Order demanding production of that information, failed to seek

14

modification of the April 18, 2008 Order to the extent it could not comply with the Order, and failed to provide a reasonable explanation as to why it was impossible to comply with the April 18, 2008 Order.  This behavior must be considered willful contempt warranting an award of attorneys' fees. Id. at 719 (explaining that "while willfulness may not necessarily be a prerequisite to an award of fees and costs, a finding of willfulness strongly supports granting them"); Fendi Adele S.R.L. v. Burlington Coat Factory Warehouse Corp., No. 06 Civ. 0085, 2007 U.S. Dist. LEXIS 75812, at *12 (S.D.N.Y. Oct. 10, 2007)("A willful contempt is one where the contemnor had actual notice of the court's order, was able to comply with it, did not seek to have it modified, and did not make a good faith effort to comply." (internal citations omitted)).

## CONCLUSION

ATI Chile has thirty (30) days from the date of this Opinion and Order to comply with the terms of Judge Pitman's April 18, 2008 Order.  If ATI Chile fails to comply, this Court holds ATI Chile in civil contempt and (1) orders ATI Chile to pay the Clerk of the Court $250 per day for each day that ATI Chile continues to disobey the April 18, 2008 Order by failing to fully respond to the Information Subpoenas, and (2) holds ATI Chile responsible for paying $5,000 towards attorneys' fees associated with Comverse's motion to compel, and all attorneys'

fees associated with Comverse's motion for an order of civil contempt to be pursued as claims against ATI Chile in the Chilean bankruptcy.  If, however, ATI Chile complies with the April 18, 2008 Order within thirty days from the date of this Opinion and Order, ATI Chile can avoid the imposition of these sanctions.

**SO ORDERED.**
**New York, New York**

February __24__, 2009

_____
U.S.D.J.